**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KATELYN MARTIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, and RICHARD STEINHART, <br><br> Defendants. | Case No.: 3:23-cv-00915-SVN <br><br><br> **MOVANT TONYA HILLS'** <br> **OPPOSITION TO COMPETING** <br> **MOTIONS FOR LEAD PLAINTIFF** |

Adam M. Apton
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

Shannon L. Hopkins
Gregory Potrepka
LEVI & KORSINSKY, LLP
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel.: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

*Attorneys for Tonya Hills and*
*[Proposed] Lead Counsel for the Class*

Dated: September 19, 2023

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 3

    I.       The PSLRA Process.................................................................................................... 3

    II.      Ms. Hills is Presumptively the "Most Adequate Plaintiff"........................................ 4

        A.      Ms. Hills Possesses the 'Largest Financial Interest' Under Any Metric ................ 4

        B.      Ms. Hills Has Made the Requisite *Prima Facie* Showing of Typicality and Adequacy Under Rule 23......................................................................................... 5

        C.      No Proof Exists to Rebut the Presumption in Favor of Appointing Ms. Hills ....... 8

CONCLUSION...................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Albert Fadem Tr. v. Citigroup Inc.,*
    239 F. Supp. 2d 344 (S.D.N.Y. 2002) ..................................................................................... 6

*In re Alcatel Alsthom Secs. Litig.,*
    No. MDL 1263, 1999 U.S. Dist. LEXIS 24278 (E.D. Tex. June 7, 1999) ............................ 11

*Bray v. Frontier Communs. Corp.,*
    No. 3:17-cv-1617 (VAB), 2018 U.S. Dist. LEXIS 13993 (D. Conn. Jan. 18, 2018) .............. 5

*Burnham v. Qutoutiao Inc.,*
    No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020) ................ 7

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ........................................................................................... 4, 8

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d Cir. 2001) .................................................................................... 3, 7, 8, 9

*Chauhan v. Intercept Pharms.,*
    No. 21-cv-00036(LJL), 2021 U.S. Dist. LEXIS 13369 (S.D.N.Y. Jan. 25, 2021) ................. 12

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
    269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................... 6

*In re Cloudera, Inc. Sec. Litig.*,
    No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750 (N.D. Cal. Dec. 16, 2019) ........... 10

*Doherty v. Pivotal Software, Inc.,*
    Case No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8, 2019) ... 11

*In re Drexel Burnham Lambert Grp., Inc.,*
    960 F.2d 285 (2d Cir. 1992) ................................................................................................. 6

*Ellenburg v. JA Solar Holdings Co.,*
    262 F.R.D. 262 (S.D.N.Y. 2009) ......................................................................................... 12

*In re Facebook, Inc.,*
    288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................................. 3

*Faig v. Bioscrip, Inc.,*
    2013 U.S. Dist. LEXIS 178754 (S.D.N.Y. Dec. 19, 2013) ..................................................... 5

*Flora v. Hain Celestial Grp., Inc.*,
    No.16-cv-4581 (ADS)(SIL) 2017 U.S. Dist. LEXIS 85517 (E.D.N.Y. June 5, 2017) ........... 10

*Foley v. Transocean Ltd.,*
　　272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................ 6

*Francisco v. Abengoa, S.A.*,
　　15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ....................... 10

*Freudenberg v. E\*Trade Fin. Corp.*,
　　No. 07 Civ. 8538,  2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008) ........................ 12

*Galmi v. Teva Pharm. Indus.*,
　　302 F. Supp. 3d 485 (D. Conn. 2017) ............................................................. 1, 4, 13

*In re Groupon Sec. Litig.*,
　　No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012) ........................... 10

*Hall v. Medicis Pharm. Corp.*,
　　No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093 (D. Ariz. Mar. 10, 2009) ........ 11

*In re HEXO Corp. Sec. Litig.,*
　　No. 19-cv-10965, 2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Sept. 11, 2020) ....................... 11

*In re Initial Public Offering Sec. Litig.,*
　　 227 F.R.D. 65 (S.D.N.Y. 2004), ........................................................................... 12

*Jiehua Huang v. Airmedia Grp., Inc.,*
　　No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083 (S.D.N.Y. Nov. 10, 2015) .......... 9

*Kaplan v. Gelfond*,
　　240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................. 1

*Kasilingam v. Tilray, Inc.*
　　1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885 (S.D.N.Y. Aug. 6, 2020) .................. 8

*Labul v. XPO Logistics, Inc.*,
　　No. 3:18-CV-2062 (VLB), 2019 U.S. Dist. LEXIS 56080 (D. Conn. Apr. 2, 2019) ........... 2, 4

*Lavin v. Virgin Galactic Holdings*,
　　No. 21-CV-3070 (ARR) (TAM), 2021 U.S. Dist. LEXIS 226069 (E.D.N.Y. Sep. 17, 2021) 13

*Lax* v. *First Merchants Acceptance Corp.*,
　　No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................. 4

*Levy v. Gutierrez,* Civil No. 14-cv-00443-JL, 2015 U.S. Dist. LEXIS 197270 (D. New
　　Hampshire May 20, 2015) ..................................................................................... 10

*Lopes v. Fitbit, Inc.*,
　　No. 18-cv-06665-JST, 2019 U.S. Dist. LEXIS 70274 (N.D. Cal. Apr. 25, 2019) ................. 10

*Marquez v. Bright Health Grp., Inc.,*
22-CV-101 (AMD) (RLM), 2022 U.S. Dist. LEXIS 81274 (E.D.N.Y. Apr. 26, 2022) ......... 10

*Mohanty v. Bigband Networks, Inc.,*
No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 14, 2008) .................... 11

*In re Molycorp, Inc. Sec. Litig.,*
No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191 (D. Colo. May 29, 2012) ........ 13

*Montoya v. Mamma.com, Inc.,*
No. 05 Civ. 2313, 2005 U.S. Dist. LEXIS 10224 (S.D.N.Y. May 31, 2005) ......................... 12

*In re Olsten Corp. Securities Litig.,*
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................... 4

*Omdahl v. Farfetch Ltd.,*
No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020) .............. 9

*Pearlstein v. Blackberry Ltd.,*
2021 U.S. Dist. LEXIS 14888 (S.D.N.Y. Jan. 26, 2021) ...................................................... 11

*Perez v. Hexo Corp.,*
No. 19-cv-10965 (NRB), 2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Feb. 25, 2020) .............. 11

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,*
229 F.R.D. 395 (S.D.N.Y. 2004) ...................................................................................... 9, 13

*Prefontaine v. Research in Motion Ltd.,*
No. 11-cv-4068, 2012 U.S. Dist. LEXIS 4238 (S.D.N.Y. Jan. 5, 2012) ............................... 12

*Rabin v. John Doe Mkt. Makers,*
254 F. Supp. 3d 754 (E.D. Pa. 2015) ................................................................................... 9

*Reitan v. China Mobile Games & Ent. Group, Ltd.,*
68 F. Supp. 3d 390 (S.D.N.Y. 2014) .................................................................................... 7

*Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Synchrony Fin.,*
No. 3:18-CV-1818 (VAB), 2019 U.S. Dist. LEXIS 179318 (D. Conn. Feb. 5, 2019) ......... 5, 6

*Robison v. Digit. Turbine, Inc.,*
No. 1:22-cv-00550-DAE, 2022 U.S. Dist. LEXIS 230068 (W.D. Tex. Dec. 19, 2022) ........ 10

*Sklar v. Amarin Corp. PLC,*
No. 13-cv-06663 (FLW), 2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014) ................ 11

*Sofran v. LaBranche & Co., Inc.,*
220 F.R.D. 398 (S.D.N.Y. 2004) .................................................................................. 3, 5, 8

*In re Star Gas Sec. Litig.,*
  No. 3:04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827 (D. Conn. Apr. 8, 2005) ...................... 6

*Stoopler v. Direxion Shares ETF Tr.,*
  No. 09-cv-8011, 2010 U.S. Dist. LEXIS 82296, at *13-14 (S.D.N.Y. Aug. 12, 2010)  ........ 13

*In re Telxon Corp. Sec. Litig.,*
  67 F. Supp. 2d 803 (N.D. Ohio 1999).................................................................................. 10

*In re Virtus Inv. Partners, Inc.,*
  No. 15cv1249, 2017 U.S. Dist. LEXIS 73554 (S.D.N.Y. May 15, 2017)............................. 12

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.,*
  No. CIV A 07-177 FLW, 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 7, 2007)..................... 9

*Weston v. Docusign, Inc.*,
  No. 22-cv-00824-WHO, 2022 U.S. Dist. LEXIS 80351 (N.D. Cal. Apr. 18, 2022).............. 11

*Wilson v. LSB Indus.*,
  2018 U.S. Dist. LEXIS 138832 (S.D.N.Y. Aug. 13, 2018) ..................................................... 11

*In re Zynga, Inc. Secs. Litig.,*
  No. C 12-04007 JSW, 2013 U.S. Dist. LEXIS 9314 (N.D. Cal. Jan. 22, 2013)..................... 11

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... *passim*

**PRELIMINARY STATEMENT**

The Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, movant Tonya Hills should be appointed as the lead plaintiff. She not only possesses the largest financial interest in the outcome of the action, but her background as an attorney and sophisticated investor will benefit the class and ensure that she takes every effort possible to maximize the recovery she will ultimately obtain for herself and other damaged BioXcel Therapeutics shareholders.

The PSLRA's process for appointing a lead plaintiff is straightforward. The statute says that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Ms. Hills has, by far, the largest financial interest in the action under the following four factors: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . . ; (3) the net funds expended during the class period . . . ; and (4) the approximate losses suffered." *Galmi v. Teva Pharm. Indus.*, 302 F. Supp. 3d 485, 497 (D. Conn. 2017) (internal quotations omitted). The fourth factor is considered "the most important factor and is often dispositive." *Id*.

As demonstrated in the table below, pursuant to these factors (referred to as the *Olsten/Lax* factors), Ms. Hills has, by far, the largest financial interest under all four factors:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Tonya Hills | 106,732 | 42,878 | $897,012.29 | $540,922.65 |
| Oklahoma Law Enforcement Retirement System | 6,185 | 6,185 | $198,093.00 | $ 158,360.00 |
| Robert Fraser | 9,995 | 6,495 | $133,217.10 | $73,054.53 |
| Richard Fraser | 740 | 740 | $20,128.00 | $13,852.80 |

Ms. Hills has also made a preliminary showing of typicality and adequacy under Federal Rule of Civil Procedure 23(a). *Labul v. XPO Logistics, Inc.*, No. 3:18-CV-2062 (VLB), 2019 U.S. Dist. LEXIS 56080, at *15 (D. Conn. Apr. 2, 2019) Ms. Hills is typical of the other class members insofar as she acquired BioXcel Therapeutics stock during the class period on the open market (*i.e.*, the NASDAQ) just like all other class members. Her background also makes her eminently qualified to oversee this litigation as the lead plaintiff. She holds bachelor's and master's degrees in psychology from Auburn University and a Juris Doctor from Stetson Law School. *See* Decl. of Tonya Hills, ¶2.[1] In addition, she is an experienced investor in both securities and real estate. *Id*. at ¶2. She retained her attorneys at Levi & Korsinsky, LLP only after speaking with one of the firm's partners and researching its past representations. *Id*. at ¶3. Ms. Hills has already taken, and will continue to take, her responsibilities as a lead plaintiff seriously, as evidenced by the competitive fee agreement she negotiated for the benefit of the class. *Id*. at ¶6.

The competing movants at this point are limited to a pension fund from Oklahoma and two individuals that may or may not be related (based upon them having the same last name). In addition to these movants all having much smaller financial interests in the litigation, they cannot point to any proof undermining Ms. Hills' adequacy to serve as the lead plaintiff. Courts from around the country have squarely held that a shareholder's status as an individual as opposed to an entity (like a pension fund) is insufficient to rebut the "presumption" of "most adequate plaintiff." Similarly, the fact that Ms. Hills bought and sold stock at different points in the Class Period does not disqualify her from serving as the lead plaintiff, especially considering the significant number of shares she held at all relevant times and was consistently a "long" investor in BioXcel Therapeutics based on the due diligence she conducted before investing. *See id*. at ¶5.

---

[1] The Declaration of Tonya Hills dated September 13, 2023, is filed herewith.

## ARGUMENT

### I.    The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 36-41 (S.D.N.Y. 2012). "Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *Sofran v. LaBranche & Co., Inc.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Importantly, "[o]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job. We . . . stress that ***the inquiry is not a relative one***." *In re Cendant Corp. Litig.,* 264 F.3d 201, 268 (3d Cir. 2001)

(emphasis added); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**II.     Ms. Hills is Presumptively the "Most Adequate Plaintiff."**

> **A.     Ms. Hills Possesses the 'Largest Financial Interest' Under Any Metric.**

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Ms. Hills is entitled to that presumption because, relative to the other movants, Ms. Hills' losses are far greater. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "[c]ourts within the Second Circuit generally rely on the factors known as the *Lax/Olsten* factors….Those factors include: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period…(3) the net funds expended during the class period…and (4) the approximate losses suffered.'"" *Galmi,* 302 F. Supp. 3d at 497 (internal quotations and citations omitted); *see also In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax* v. *First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at \*17 (N.D. Ill. Aug. 6, 1997).

Of the four factors, the fourth factor, the "approximate loss suffered", is considered the "most important". *Labul,* 2019 U.S. Dist. LEXIS 56080, at \*13 In this instance, that movant is Ms. Hills. Ms. Hills has a significantly larger financial interest under ***all four*** *Olsten*/*Lax* factors, including the most important fourth factor, "approximate loss suffered," as illustrated below:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Tonya Hills | 106,732 | 42,878 | $897,012.29 | $540,922.65 |
| Oklahoma Law Enforcement Retirement System | 6,185 | 6,185 | $198,093.00 | $ 158,360.00 |
| Robert Fraser | 9,995 | 6,495 | $133,217.10 | $73,054.53 |
| Richard Fraser | 740 | 740 | $20,128.00 | $13,852.80 |

*See* ECF Nos. 23-5; 29-1 at p. 7; 30-2; 32-4[2] *see also Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Synchrony Fin.,* No. 3:18-CV-1818 (VAB), 2019 U.S. Dist. LEXIS 179318, at **19-20 (D. Conn. Feb. 5, 2019) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").

**B.      Ms. Hills Has Made the Requisite *Prima Facie* Showing of Typicality and Adequacy Under Rule 23.**

Once the movant with the largest financial interest has been established, the Court must assess whether that movant has made a *prima facie* showing of Rule 23. *Sofran*, 220 F.R.D. at 402. "No 'searching inquiry' of whether a lead plaintiff satisfies the requirements of Rule 23, however, is required at this stage under the PSLRA." *Bray v. Frontier Communs. Corp.,* No. 3:17-cv-1617 (VAB), 2018 U.S. Dist. LEXIS 13993, at *31 (D. Conn. Jan. 18, 2018); *Faig v. Bioscrip, Inc.,* 2013 U.S. Dist. LEXIS 178754, at *8 (S.D.N.Y. Dec. 19, 2013) ("'[A]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'").

The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the

---

[2] The first three *Lax/Olsten* factors for Mr. Robert Fraser were calculated using chart he provided in his opening motion ECF No. 32-4. Gross shares were calculated by adding together the "Quantity" of shares purchased for both accounts. Net shares retained were calculated by deducting the "Quantity" of shares sold during the Class Period from the gross shares purchased. Net funds expended were calculated by adding the "Cost" of the shares purchased together, and then deducting the "Proceeds" from sales that occurred during the Class Period.

defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.,* 960 F.2d 285, 291 (2d Cir. 1992). Ms. Hills' claims are typical of those of other Class members because, like other Class members, she acquired BioXcel Therapeutics securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Ms. Hills' claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Star Gas Sec. Litig.,* No. 3:04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827, at *20 (D. Conn. Apr. 8, 2005); *Albert Fadem Tr. v. Citigroup Inc.,* 239 F. Supp. 2d 344, 347-48 (S.D.N.Y. 2002) ("Pompano's claims are typical of the class because its claims and injuries allegedly arise from the same course of conduct as that from which claims of the other class members arise. Pompano's members purchased Citigroup securities on the open market during the class period; at prices alleged to have been artificially inflated by the materially false and misleading statements issued by Defendants; and suffered damages thereby.").

In addition to meeting the "typicality" requirements under Rule 23, Ms. Hills also makes the necessary *prima facie* showing of "adequacy." To satisfy the adequacy requirement at this stage of the proceedings, Ms. Hills must make a preliminary showing that "(1) [her choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [she] has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Synchrony Fin.*, 2019 U.S. Dist. LEXIS 179318, at *19 (citing *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011)). Ms. Hills has shown that her choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* ECF. No. 30-4 (Levi & Korsinsky firm resume). This will ensure the vigorous and adequate prosecution of the Class's claims. *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In

6

addition, Ms. Hills has no conflicts with other Class Members. ECF No. 28 at 8; *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Moreover, there is no evidence of any antagonism between Ms. Hill's interests and those of the Class and she has a significant and compelling interest in prosecuting the Action based on the large financial losses she has suffered as a result of the wrongful conduct alleged in the Action. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020).

Ms. Hills is more than qualified to serve as lead plaintiff. As described in her opening motion, and in the declaration filed herewith, Ms. Hills, a resident of Tampa, Florida, possesses a bachelor's and master's degrees in psychology from Auburn University, as well as a Juris Doctor from Stetson Law School. Decl. of Tonya Hills at ¶2. Ms. Hills is also an experienced investor, as she has a personal real estate portfolio and also serves as President of Spencer Farms, Inc., which is a land development company. *Id.* Ms. Hills has experience hiring and overseeing attorneys primarily related to her real estate investments, and will not face issues with overseeing her chosen counsel in this action. *Id.* Ms. Hills is the ideal candidate to be appointed lead plaintiff. *See Cendant*, 264 F.3d at 266-67 ("the goal of the Reform Act's lead plaintiff provision is to locate *a person* or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class" and "actively supervise the conduct of the litigation" of class actions alleging securities fraud) (emphasis added).

Furthermore, Ms. Hills has already taken steps to protect the class and maximize its recovery in this lawsuit. As described in her declaration, Ms. Hills successfully negotiated a competitive retainer agreement with her counsel at Levi & Korsinsky, LLP that limits attorneys' fees in accordance with the progress of the Action. Depending on how far along the case is at time of settlement (or judgment), Ms. Hills' attorneys' fees will be limited to either 15% (if resolved

7

prior to Defendants answering the complaint), 25% (if the case resolves prior to the completion of discovery), or 30% (if the case resolves after discovery during, for example, trial). Decl. of Tonya Hills at ¶6. Ms. Hills' retainer agreement with counsel exemplifies her commitment to protecting the interests of the class and her ability to serve as lead plaintiff in this Action. *See Cendant,* 264 F.3d at 265 ("[O]ne of the best ways for a court to ensure that it will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel").

## C.    No Proof Exists to Rebut the Presumption in Favor of Appointing Ms. Hills

Ms. Hills is entitled to the presumption of the "most adequate plaintiff" by way of possessing the largest financial interest and otherwise satisfying the typicality and adequacy requirements of Rule 23. Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Kasilingam v. Tilray, Inc.,* 1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885, at *5-6 (S.D.N.Y. Aug. 6, 2020); *Sofran,* 220 F.R.D. at 402 (citing *In re Cavanaugh*, 306 F.3d at 732)); *Cendant*, 264 F.3d at 267. Importantly, "the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant,* 264 F.3d at 268; *see also Cavanaugh*, 306 F.3d at 730-32.

This presumption may be rebutted only upon ***proof*** by a class member that it "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Omdahl v. Farfetch Ltd.,* No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y.

8

June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). Here, no proof exists that Ms. Hills would be inadequate or subject to unique defenses.

The fact that Ms. Hills is not an "institutional investor" (*e.g.*, pension fund) does not constitute "proof" of inadequacy. *Rabin v. John Doe Mkt. Makers,* 254 F. Supp. 3d 754, 760-61 (E.D. Pa. 2015) (rejecting argument that an institutional investor should be appointed as Lead Plaintiff because the PSLRA favors intuitional investors over individuals); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.,* No. CIV A 07-177 FLW, 2007 U.S. Dist. LEXIS 66258, at *38-39, n. 15 (D.N.J. Sept. 7, 2007) ("Centurion contends that because it is the only institutional investor, which Centurion argues is favored by the PSLRA, it should be appointed as the Lead Plaintiff. The suggestion that Centurion is entitled to some preferential treatment as an institutional investor is misplaced. The predicate of PSLRA's aim to encourage institutional investors to seek a more active role in securities class actions is explicit in the body of the statute-namely, that investors with the largest financial interest are the presumptively most adequate plaintiff.").

While the PSLRA sought to eliminate lawyer-driven litigation, the statute does not afford institutions a preference over other movants with greater financial losses, particularly where the shareholder is engaged and active in the litigation, as is the case here. *See Cendant*, 264 F.3d at 268. In fact, courts throughout the country routinely reject the premise that institutional investors

9

should have preferential treatment over shareholders with larger financial interests. *See Robison v. Digit. Turbine, Inc.,* No. 1:22-cv-00550-DAE, 2022 U.S. Dist. LEXIS 230068, at *22 (W.D. Tex. Dec. 19, 2022) ("The Court likewise disagrees with the [institutional investor]…that they should get to leap-frog over [individual movants] in the race for lead plaintiff merely because they are institutional investors….[N]either the statutory language of the PSLRA nor Fifth Circuit case law supports such a position. The PSLRA explicitly lists the factors the Court should consider here: timely notice, largest financial interest, and satisfaction of Rule 23. Notably absent is any blanket consideration of the type of entity who suffered the financial loss") (internal citations removed); *Marquez v. Bright Health Grp., Inc.,* 22-CV-101 (AMD) (RLM), 2022 U.S. Dist. LEXIS 81274, at *26 (E.D.N.Y. Apr. 26, 2022) ("Nor does OPPRS' status as an institutional investor . . . overcome the presumption of adequacy accorded to [the individual movant] as the plaintiff[] [with] the largest financial interest in this case.") (quoting *Francisco v. Abengoa, S.A.*, 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *16 (S.D.N.Y. May 24, 2016)); *In re Telxon Corp. Sec. Litig.,* 67 F. Supp. 2d 803, 821-22 (N.D. Ohio 1999) ("The institutional investor is not presumptively the most adequate plaintiff solely by virtue of its status as an institutional investor. . . . If that were the case, Congress would have simply provided that *institutional investors* are presumptively the most adequate plaintiffs, regardless of the size of financial loss, and saved the Court from the need to engage in the very analysis it undertakes here.").[3]

---

[3] *See also In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750 (N.D. Cal. Dec. 16, 2019) ) (appointing individual as lead plaintiff instead of institution); *Lopes v. Fitbit, Inc.*, No. 18-cv-06665-JST, 2019 U.S. Dist. LEXIS 70274, at *5 (N.D. Cal. Apr. 25, 2019) (same); *Flora v. Hain Celestial Grp., Inc.*, Nos.16-cv-4581 (ADS)(SIL) 2017 U.S. Dist. LEXIS 85517 (E.D.N.Y. June 5, 2017) (same); *Levy v. Gutierrez,* Civil No. 14-cv-00443-JL, 2015 U.S. Dist. LEXIS 197270 (D. New Hampshire May 20, 2015) (same); *In re Groupon Sec. Litig.*, No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899, at *16 (N.D. Ill. Aug. 28, 2012) ("[T]o the extent that the Pension Trust argues that its status as the lone institutional investor creates a presumption in its favor, that argument is rejected"); *Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS,

Further, Ms. Hills' trading activity does not provide a basis to challenge her typicality. Courts routinely appoint shareholders who purchase and sell stock throughout the Class Period. *See Weston v. Docusign, Inc.*, No. 22-cv-00824-WHO, 2022 U.S. Dist. LEXIS 80351, at *15 (N.D. Cal. Apr. 18, 2022) (rejecting argument that "in-and-out" trades rendered movant inadequate or subject to unique defense); *Pearlstein v. Blackberry Ltd.,* 2021 U.S. Dist. LEXIS 14888, at *29 (S.D.N.Y. Jan. 26, 2021) (rejecting "in-and-out" argument where movant held shares through corrective disclosure); *Wilson v. LSB Indus.*, 2018 U.S. Dist. LEXIS 138832, at *16-18 (S.D.N.Y. Aug. 13, 2018) (holding movant who "continually traded LSB stock throughout the Class Period" not subject to unique defense based on intra-class period trading because, in part, he held "net positive position").[4] Put simply, "selling shares during the class period does not disqualify a class

---

2009 U.S. Dist. LEXIS 24093, at *18-*19 (D. Ariz. Mar. 10, 2009) (("[T]he Ninth Circuit has made clear that the plain language of the PSLRA does not permit the Court to favor Steamfitters over another plaintiff with a greater financial stake merely because Steamfitters is an institutional investor."); *Mohanty v. Bigband Networks, Inc.,* No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764, at *6 (N.D. Cal. Feb. 14, 2008) (""[A] plaintiff's mere status as an institutional investor does not provide any presumption that the institutional plaintiff is a more adequate lead plaintiff than an individual investor with a larger financial interest."); *In re Alcatel Alsthom Secs. Litig.,* No. MDL 1263, 1999 U.S. Dist. LEXIS 24278 at *17, n.10 (E.D. Tex. June 7, 1999) (discussing that giving institutional investors preferential treatment "would violate the plain language of the statute").

[4] *See also Perez v. Hexo Corp.,* No. 19-cv-10965 (NRB), 2020 U.S. Dist. LEXIS 32381, at *9-*10 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.,* No. 19-cv-10965, 2020 U.S. Dist. LEXIS 32381, (S.D.N.Y. Sept. 11, 2020) (whether presumptive lead plaintiff was a day trader was immaterial given "prevailing view in this Circuit that 'day and momentum traders have the same incentives to prove defendants' liability as all other class members, and their presence in a securities class does not create intraclass conflicts'"); *Doherty v. Pivotal Software, Inc.,* Case No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360, *20 n. 6 (N.D. Cal. Nov. 8, 2019) ("courts in the Ninth Circuit have held that being a day trader is not necessarily disqualifying"); *Sklar v. Amarin Corp. PLC,* No. 13-cv-06663 (FLW), 2014 U.S. Dist. LEXIS 103051, *30 (D.N.J. July 29, 2014) ("most other courts" have held that allegations of day trading are not sufficient to rebut a *prima facie* showing of adequacy and rejecting the argument that because the movant was a "day trader" with numerous transactions on the same trading day that he was not adequate); *In re Zynga, Inc. Secs. Litig.,* No. C 12-04007 JSW, 2013 U.S. Dist. LEXIS 9314, at *6 (N.D. Cal. Jan. 22, 2013) ("the Court finds that whether [movant] is a day

member from being appointed lead plaintiff." *Ellenburg v. JA Solar Holdings Co.,* 262 F.R.D. 262, 268 (S.D.N.Y. 2009) (*citing Freudenberg v. E\*Trade Fin. Corp*., No. 07 Civ. 8538,  2008 U.S. Dist. LEXIS 62767, at \*20-21 (S.D.N.Y. July 16, 2008) *and Montoya v. Mamma.com, Inc.,* No. 05 Civ. 2313, 2005 U.S. Dist. LEXIS 10224, at \*6 (S.D.N.Y. May 31, 2005)); *see also In re Virtus Inv. Partners, Inc.,* No. 15cv1249, 2017 U.S. Dist. LEXIS 73554, at \*7 (S.D.N.Y. May 15, 2017) ("buying and selling shares throughout the class period is 'not atypical in a class that contains . . . numerous sophisticated investors.'") (citation omitted).

At all relevant times, Ms. Hills was a "long" investor in BioXcel Therapeutics. Prior to investing, she conducted due diligence in the company and then stayed apprised of all developments. *See* Decl. of Tonya Hills at ¶5. She maintained a significant position in BioXcel Therapeutics during the Class Period; indeed, Ms. Hills amassed over 42,000 shares beginning in May 2023 and held those shares through the end of the Class Period. *See* ECF Nos. 30-1; 30-2. A "day trader" is an individual who buys and sells stock without regard to the fundamentals of the particular company. That is not what Ms. Hills did. Instead, she performed extensive research into BioXcel Therapeutics and invested long term. *See* Decl. of Tonya Hills at ¶5. While she bought and sold BioXcel Therapeutics during the Class Period, this does not disqualify her as a "day-trader" or otherwise subject to a unique defense simply because she traded in the stock during the Class Period. *See Chauhan v. Intercept Pharms.,* No. 21-cv-00036(LJL), 2021 U.S. Dist. LEXIS

---

trader is inconsequential to his request to be appointed lead plaintiff"); *Prefontaine v. Research in Motion Ltd.,* No. 11-cv-4068, 2012 U.S. Dist. LEXIS 4238, at \*13 (S.D.N.Y. Jan. 5, 2012) ("Although District 9 points to case law outside this Circuit in which day traders were prohibited from serving as lead plaintiffs because they may not have relied on the integrity of the market in making trades, and were thus potentially subject to a unique defense, the prevailing view in this Circuit is that 'day and momentum traders have the same incentives to prove defendants' liability as all other class members, and their presence in a securities class does not create intra-class conflicts.'") (*citing In re Initial Public Offering Sec. Litig.,* 227 F.R.D. 65, 108 (S.D.N.Y. 2004), *rev'd on other grounds* 471 F.3d 24 (2d Cir. 2005)).

13369, at \*20 (S.D.N.Y. Jan. 25, 2021) (declining to disqualify presumptive lead plaintiff who bought and sold during class period "absent evidence that [he] did not rely on the integrity of the market price"); *In re Molycorp, Inc. Sec. Litig.,* No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, \*10 (D. Colo. May 29, 2012) (rejecting speculation that a movant "is atypical or inadequate based upon his frequent trading activity"); *Stoopler v. Direxion Shares ETF Tr.,* No. 09-cv-8011, 2010 U.S. Dist. LEXIS 82296, at \*13-14 (S.D.N.Y. Aug. 12, 2010), *as corrected* (Aug. 16, 2010) (declining to disqualify presumptive lead plaintiff despite his admission that he engaged in day trading early in the class period because even if any unique defense based on his day trading were applicable, it would not apply in the later part of the class period).

"Without more of a showing regarding *why* [Ms. Hills] would be inadequate as a lead plaintiff…the Court cannot conclude that there is sufficient proof that [Ms. Hills] is subject to a unique defense." *Lavin v. Virgin Galactic Holdings*, No. 21-CV-3070 (ARR) (TAM), 2021 U.S. Dist. LEXIS 226069, at \*21-22 (E.D.N.Y. Sep. 17, 2021) (citing *Pirelli,* 229 F.R.D. at 415 ("In light of . . . the lack of any specific showing as to why transactions by day-traders or in-and-out traders should be disregarded or discounted in an execution price fraud case such as this, [the] allegation does not suffice to establish that [movant] is subject to a unique defense here.")). For example, unlike the movant who was disqualified in *Galmi*, it was not his trading activity that rendered him inadequate but instead that he was in fact "controlled by counsel". *Galmi*, 302 F. Supp. at 504 n. 10. The appointment of Ms. Hills as lead plaintiff ***would not*** "unnecessarily complicate and/or stall the litigation", as there is no "evidence that [she] may be subject to the unique defense that [she] did not actually rely on the company's alleged misstatements." *Id.*

## CONCLUSION

Ms. Hills possesses the "largest financial interest" in the litigation. She has also made a

*prima facie* showing of her typicality and adequacy under Rule 23. Pursuant to the PSLRA, Ms. Hills is entitled to the statutory presumption of "most adequate plaintiff" to serve as lead plaintiff. The other movants cannot produce any "proof" capable of rebutting that presumption. Accordingly, for the reasons stated herein, Ms. Hills respectfully requests that the Court grant her motion and enter an Order: (1) appointing her as Lead Plaintiff; (2) approving her selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: September 19, 2023                    Respectfully Submitted,

                                             **LEVI & KORSINSKY, LLP**

                                             */s/ Shannon L. Hopkins*
                                             Shannon L. Hopkins
                                             1111 Summer Street, Suite 403
                                             Stamford, CT 06905
                                             Tel: (203) 992-4523
                                             Fax: (212) 363-7171
                                             Email: shopkins@zlk.com

                                             *Attorneys for Tonya Hills and [Proposed] Lead*
                                             *Counsel for the Class*

14

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 5, 2023, I electronically filed the foregoing document

with the Clerk of the Court CM/ECF.


/s/ Shannon L. Hopkins
Shannon L. Hopkins