**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, AND ROBERT RISINGER,<br><br>    Defendants. | Civil Action No.: 3:23-cv-00915-SVN |

**PLAINTIFFS' MOTION TO STRIKE EXTRINSIC EVIDENCE ATTACHED**
**TO AND REFERENCED IN DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Rule 201 of the Federal Rules of Evidence, and the Court's inherent authority, Co-Lead Plaintiffs Tonya Hills and Oklahoma Law Enforcement Retirement System (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully move the Court for an order: (1) striking Exhibits 7 and 12 (Dkt Nos. 106-10; 106-15) attached to the Declaration of Meryn C. N. Grant (Dkt. No. 106-3) in support of Defendants'[1] Motion to Dismiss (Dkt. No. 106); and (2) striking all references to, and assertions and arguments based on, these exhibits from Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt. No. 106-1) ("MTD").

**I. INTRODUCTION**

Pursuant to the Private Securities Litigation Reform Act of 1995, Defendants had two options following the filing of the Amended Class Action Complaint for Violation of the Federal

---

[1] "Defendants" are BioXcel Therapeutics, Inc. ("BioXcel"), Vimal Mehta, Richard Steinhart, and Robert Risinger.

1

Securities Laws (Dkt. No. 90) ("Complaint"): (i) file an answer and engage in discovery; or (ii) move to dismiss the Complaint, invoking the automatic stay of discovery. *See* 15 U.S.C. §78u-4(b)(3)(B). Defendants chose the latter. At the same time, however, they also introduced into the record numerous extraneous documents and arguments premised on contentions of disputed fact. While some of these documents are subject to judicial notice and the doctrine of incorporation by reference, others are improper for consideration at the pleading stage under the Federal Rules of Civil Procedure. Defendants' conduct here is precisely what several courts throughout the country have identified as a "concerning pattern in securities cases like this one: exploiting [judicial notice and incorporation by reference] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *accord Doe v. Princeton Univ.*, 30 F.4th 335, 343 & n.8 (3d Cir. 2022); *In re Under Armour Sec. Litig.*, 409 F. Supp. 3d 446, 455-56 (D. Md. 2019).

Defendants' Exhibits 7 and 12 (the "Disputed Exhibits") are at issue and should be stricken from the record. Exhibit 7 contains a webpage and information purportedly from the U.S. Food and Drug Administration's website and Exhibit 12 is an excerpt from a quarterly report filed by BioXcel more than three months after the Class Period (Dec. 7, 2022 - Aug. 11, 2023) ended. These Disputed Exhibits are neither referenced in nor integral to the allegations set forth in the Complaint. Moreover, Defendants ask the Court to accept the contents of these exhibits as true to contradict Plaintiffs' well-pled factual allegations and support their counter-narrative of events. This is not allowed at the pleading stage where a complaint's factual allegations must be taken as true and correct, and all inferences are construed in plaintiff's favor. *See Ganino v. Citizens Utilities Co.,* 228 F.3d 154, 161 (2d Cir. 2000). As such, the Court should strike all improper assertions and arguments based on the Disputed Exhibits or any others from Defendants' MTD.

## II.    EXTRANEOUS MATERIALS CANNOT BE CONSIDERED WHEN RULING ON A RULE 12(B)(6) MOTION, UNLESS THEY MEET THE EXCEPTIONS OF JUDICIAL NOTICE OR INCORPORATION BY REFERENCE

A Rule 12(b)(6) motion to dismiss for failure to state a claim is designed "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." *Ont. Teachers' Pension Plan Bd. v. Teva Pharm. Indus.*, 432 F. Supp. 3d 131, 151 (D. Conn. 2019). Thus, in considering a Rule 12(b)(6) motion, "court[s] normally may not look beyond the four corners of the complaint." *Mayo v. Fed. Gov't*, 558 F. App'x 55, 56 (2d Cir. 2014). Only "[i]n certain circumstances" may the court "consider documents other than the complaint," including those "attached to the complaint or incorporated in it by reference." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Importantly, "[l]imited quotation from or reference to documents . . . is not enough to incorporate those documents, wholesale, into the complaint." *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004). Similarly, "if not attached or incorporated by reference," the court may take judicial notice of "a document upon which the complaint *solely* relies, and which is *integral to the complaint*" and "public records that are integral to a fraud complaint." *Roth*, 489 F.3d at 509 (emphasis in original). That said, "courts may only take judicial notice of facts . . . 'not subject to reasonable dispute.'" *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998) (quoting Fed. R. Evid. 201(b)).

Furthermore, the court's consideration of extrinsic evidence is limited "only to determine *what* the documents stated" and "*not for the truth of the matters asserted*." *Roth*, 489 F.3d at 509-10 (emphasis in original); *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (finding reversible error, "not only did the district court consider external material in its ruling, it relied on those materials to make a finding of fact that *controverted* the plaintiff's own factual assertions set out in its complaint.") (emphasis in original). These narrow exceptions, therefore, do not grant Defendants "license to ignore the distinction between motions to dismiss

and motions for summary judgment." *U.S. v. Webster,* 162 F.3d 308, 347 (5th Cir. 1998); *see also*

*In re Interest Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 481 (S.D.N.Y. 2017) (finding

defendants' request for judicial notice an improper attempt to "stack[] facts extracted from

secondary sources to construct an alternative narrative, at odds with the [complaint's] well-pled

allegations."); *Khoja,* 899 F.3d at 999 ("If defendants are permitted to present their own version

of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true

– it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently

'plausible' claim for relief.").

While Plaintiffs take no position regarding most of the exhibits submitted, any attempts by

Defendants to urge a particular interpretation of the content of those documents that contradicts

well-pled factual assertions set forth in the Complaint, should be disregarded. *See e.g.*, *In re IRS*,

261 F. Supp. 3d at 481 ("[O]n a motion to dismiss, defendants may not use plaintiffs' sources as

an archive from which to build what amounts to a factual rebuttal."); *Fair v. Esserman*, 2015 WL

7451154, at *4 (D. Conn. Nov. 23, 2015) ("Resolving a pre-discovery dispositive motion by taking

notice of potentially disputed facts contained in [agency] documents would not be proper.").[2]

Additionally, as explained below, the Disputed Exhibits should be stricken from the record

because neither of the narrow exceptions—incorporation by reference or judicial notice—apply

and the assertions and arguments made in the MTD based on those documents are precisely the

type of improper uses of extrinsic documents disapproved of by several courts across the country.

*See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 154 (2d Cir. 2002) (vacating dismissal for

---

[2] *See also Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *Zak v. Chelsea Therapeutics, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("[W]hen a court considers relevant facts from the public record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiffs."); *In re Network Equip. Techs., Inc., Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991) ("While defendants['] arguments on the facts may ultimately prevail upon a motion for summary judgment or at trial, they do not create a basis for dismissing plaintiffs' complaint.").

improper consideration of extraneous materials, stressing the district court must "strictly enforce[]" Rule 12(d) conversion of a Rule 12(b)(6) motion to a Rule 56 motion whenever extra-pleading materials are considered); *see also Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC,* 286 F. Supp. 3d 634, 646 n.4 (S.D.N.Y. 2017) ("To consider [documents not subject to either exception] would 'permit the improper transformation of the Rule 12(b)(6) inquiry into a summary-judgment proceeding – one featuring a bespoke factual record, tailor-made to suit the needs of defendants.'" (quoting *Goel v. Bunge, Ltd.*, 820 F.3d. 554, 560 (2d Cir. 2016)).[3]

Moreover, Defendants failed to meaningfully argue how and why any of the proffered exhibits warrant consideration by the Court. They make no effort to explain which of their seventeen exhibits were attached to or incorporated by reference in the Complaint or which establish adjudicative facts subject to judicial notice; nor do they detail how each item of extrinsic evidence proffered is properly before the Court for the purpose in which they offer it. Instead, relegated to two footnotes in their MTD, Defendants suggest that the Court should consider certain generic categories of extrinsic evidence, without mentioning, alluding to, or describing any exhibits introduced into the record. *See* MTD at 9 n.3, 11 n.4. An undeveloped argument of this nature constitutes a waiver. *See e.g., City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir. 2006) (noting that insufficiently argued issues in briefs are generally considered waived); *In re Toor*, 2017 WL 1712511, at *2 (D. Conn. May 1, 2017) (declining to consider issue when there was no "argument on the topic[] in [the] opening brief"); *Maroney v. Woodstream Corp.*, 2023 WL 6318226, at *2 (S.D.N.Y. Sept. 28, 2023) (declining judicial notice because "it is not clear to

---

[3] *See also Khoja*, 899 F.3d at 1003 ("Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the [] motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts.").

the Court that the [agency letter notice] is a public record and Defendant provides no other reason for the consideration of the letter").

## III.     THE COURT SHOULD EXCLUDE THE DISPUTED EXHIBITS

**Exhibit 12** is purportedly "excerpts of BioXcel['s] Form 10-Q for the quarterly period ended September 30, 2023" (*i.e.*, more than three months after the Class Period). *See* Dkt. Nos. 106-3 at 2; 106-15. *First*, this document was not attached to or incorporated by reference in the Complaint, nor was it integral to the allegations set forth therein. *See Time Warner*, 282 F.3d at 153 ("a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough"). *Second*, while Plaintiffs' do not dispute that the Court may take judicial notice of SEC filings, judicial notice is reserved for "adjudicative fact[s]." Fed. R. Evid. 201(a). Defendants fail to recognize that Exhibit 12 falls *outside* the Class Period and presents facts that are irrelevant to the Court's resolution of the pending motion to dismiss. *See Gagnon v. Alkermes plc*, 368 F. Supp. 3d 750, 764 (S.D.N.Y. 2019) (declining judicial notice of defendants' Forms 4 filed with the SEC "for a control period of identical duration to the Class Period that immediately precede[d] the Class Period…[b]ecause the Forms 4 that Defendants attached [we]re unnecessary to this Court's decision"); *see e.g.*, *In re PTC Therapeutics, Inc. Sec. Litig.,* 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (declining to take judicial notice of post-class period defendant company's SEC filings because "their relevance to the issues here – e.g., what was known to PTC at the time it made the alleged misstatements – is quite low"); *see also Hall v. Johnson & Johnson*, 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (declining judicial notice of FDA website excerpts that "post-date[d] the Class Period" because it "has minimal relevance to the claims at issue").

*Lastly*, Defendants improperly rely on Exhibit 12 to undermine Plaintiffs' well-pled allegations of falsity and scienter, arguing that the post-class period conclusion of a third party's audit, purportedly validating the integrity and accuracy of the TRANQUILITY II trial data, negated the materiality of Defendants' Class Period misstatements and supported Defendants' counternarrative of a nonfraudulent inference. *See* MTD at 14, 20, 37. This is a blatant impermissible attempt to introduce evidence to discredit Plaintiffs' allegations. *Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.*, 448 F.3d 138, 155 (2d Cir. 2006) ("[A]rguments based on the moving parties' assertions of fact are inapt on a motion to dismiss."). Moreover, these post-Class Period findings do nothing to alleviate Defendants' Class Period liability. *See Alberici v. Recro Pharma, Inc.*, 2021 WL 798299, at \*8 (E.D. Pa. Mar. 1, 2021) ("Defendants focus on the approval as if Plaintiff's claims arise solely out of the FDA's approval or denial of the drug. This is incorrect…The FDA's actions in 2020 do not obviate Plaintiff's allegations regarding 2017 or 2018, nor do they render any allegedly false statements from that time true."); *see also Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 334 n.100 (E.D. Pa. 2020) (finding post-class period FDA approval "has no bearing on Plaintiffs' allegation that during the class period Defendants deceived investors."); *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 703, 710 (9th Cir. 2016) (finding that during the class period, defendants misled investors about the risks related to approval despite the drug's post-class period approval).

**Exhibit 7** is purportedly "the FDA Inspectional Observation Data Sets for fiscal years 2014 to 2023." *See* Dkt. Nos. 106-3 at 1; 106-10. *First*, like Exhibit 12, this document was not attached to or incorporate by refence in the Complaint, nor was it integral to the allegations set forth therein. *See Shash v. Biogen Inc.,* 627 F. Supp. 3d 84, 98 (D. Mass. 2022) (rejecting defendants' request for incorporation by reference of "the FDA's full 343-page joint briefing book prepared for the

Advisory Committee meeting" despite plaintiffs' attaching a related report to the complaint "and citing it—and other portions of the larger, unattached, 343-page joint Briefing Materials").

*Second*, judicial notice is typically taken when documents are "central to an evaluation of the claims made in this case." *In re Zyprexa Prod. Liab. Litig.,* 549 F. Supp. 2d 496, 501 (E.D.N.Y. 2008). As the proponents of the evidence, Defendants bear the burden of persuading the Court that the evidence being submitted may properly be considered for the purpose it is being offered. *See e.g.*, *In re Tyrone F. Conner Corp., Inc.,* 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992); *see also Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36 (1st Cir. 2005) (finding district court "amply justified" in refusing judicial notice where, *inter alia*, the party "made no attempt to specify what 'adjudicable facts' met the requirements of [Rule] 201"). Given Defendants' failure to identify which facts they are asking the Court to decide in the jury's stead, it is impossible to determine whether those facts are central to allegations in the Complaint. *See Clark v. Kitt*, 2014 WL 4054284, at *14 (S.D.N.Y. Aug. 15, 2014) (denying request to judicially notice database as it was tantamount to "asking th[e] Court to do counsel's legwork by sorting" through the database).

*Lastly*, Defendants' improper assertions and interpretations of data collected from this extrinsic evidence (*see* Mot. at 10-11, 27), should be excluded from the record. *U.S. v. Mitchell,* 365 F.3d 215, 252 n.30 (3d Cir. 2004) ("The distinction implied by Rule 201(b)'s use of 'fact' can be made clearer by the use of more polarized examples: Matters like 'February 7, 1977 was a Monday' (a fact) are suitable for judicial notice, while propositions like 'daily exercise reduces the likelihood of heart disease' (a scientific conclusion) are not."); *see also Wade v. Kay Jewelers, Inc.,* 2018 WL 4440532, at *3 (D. Conn. Sept. 17, 2018) (declining to consider a public document "to contravene a statement in the amended complaint"); *Tera Grp., Inc. v. Citigroup, Inc.,* 2019 WL 3457242, at *18 (S.D.N.Y. July 30, 2019) (declining to consider extrinsic documents on a

motion to dismiss to "resolve Defendants' competing interpretations of emails and other documents"); *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 288 (S.D.N.Y. 2013) (judicial notice is inappropriate where "the causal connection that defendants posit is plausibly subject to dispute").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Exhibits 7 and 12 (*i.e.*, the Disputed Exhibits) from the record and all improper arguments and assertions based on the extrinsic evidence submitted by Defendants in support of their Motion to Dismiss, including but not limited to those made in their MTD at 10-11 and 27 (referring to Exhibit 7) and MTD at 14, 20, and 37 (referring to Exhibit 12).

Dated: March 5, 2024                         Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/  Adam M. Apton*
Adam M. Apton (*pro hac vice*)
Devyn R. Glass (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
Email: dglass@zlk.com

**GRANT & EISENHOFER P.A.**
Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
Alexandra E. Forgione (*pro hac vice* forthcoming)
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com
Email: aforgione@gelaw.com

*Co-Lead Counsel for Plaintiffs and the Class*