**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER<br><br>Defendants. | Case No. 3:23-cv-00915-SVN<br><br>March 26, 2024 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO STRIKE EXTRINSIC EVIDENCE ATTACHED TO AND REFERENCED**
**<u>IN DEFENDANTS' MOTION TO DISMISS</u>**

**ORAL ARGUMENT REQUESTED**

## I.    INTRODUCTION

Plaintiffs' "Motion to Strike" does not attack any materials contained in a "pleading," and is therefore an inappropriate motion under Federal Rule of Civil Procedure 12(f).  It should be denied on this basis alone.  On the merits, Plaintiffs' Motion fares no better.  Plaintiffs rely on case law about the general rule against the Court considering facts outside a complaint, but ignore the specific law showing Courts regularly take judicial notice of the exact type of information at issue here—data from a government website and information in a publicly filed SEC disclosure—at the motion to dismiss stage.  In light of that reality, Plaintiffs resort to generalized arguments that the exhibits are "irrelevant," not "central" to Plaintiffs' claims, and raise factual disputes.  Mot. at 6–9.  These arguments are incorrect and unavailing.

Defendants respectfully request that the Court deny Plaintiffs' Motion.

## II.    BACKGROUND

On February 6, 2024, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Dkt. No. 106.  In support of the Motion to Dismiss, Defendants submitted a Declaration attaching 17 exhibits—SEC filings, information contained on FDA's website, and/or documents referenced in the Amended Complaint—and requested that the Court consider each of these exhibits under the incorporation by reference doctrine, the judicial notice doctrine, or both.  *See* Dkt. No. 106-3, Decl. of Meryn C.N. Grant at 1–2; Motion to Dismiss at 5 n.1, 9 n.3, and 11 n.4.

In response, on March 5, 2024, Plaintiffs filed an Opposition to Defendants' Motion to Dismiss, and the present Motion to Strike.  Dkt. Nos. 107, 108.  Plaintiffs request that the Court strike just two of Defendants' exhibits, while making a half-hearted attempt to argue that Defendants have "waiv[ed]" consideration of the other exhibits by not "describing" them or explaining why they "warrant consideration by the Court."  Mot. at 5.

1

**III.    THE COURT SHOULD DISREGARD PLAINTIFFS' MOTION TO "STRIKE" UNDER RULE 12(F).**

Plaintiffs' Motion does not identify any information contained in a "pleading," and is therefore an inappropriate motion under Rule 12(f).  *See* Fed. R. Civ. P. 12(f) ("The court may strike ***from a pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added)); Fed. R. Civ. P. 7(a) (defining "pleadings" to encompass various types of complaints, answers, and replies to answers).  While federal courts occasionally grant requests to "strike" exhibits offered in support of motions to dismiss, the correct procedural vehicle for challenging a request that the Court consider such documents at the pleading stage is an opposition to the request, not an independent motion to strike.  *See In re Liddle & Robinson, L.L.P*, 2020 WL 4194542, at *3 (S.D.N.Y. Jul. 21, 2020) ("[M]otions to strike under Rule 12(f) are only properly directed at pleadings."); *Ricci v. Destefano*, 2006 WL 2666081, at *1 (D. Conn. Sept. 15, 2006) ("[I]t is inappropriate to strike material contained in exhibits to motions.").

The Court can and should deny Plaintiffs' Motion based on this procedural deficiency alone.  However, as shown below, even if the Court construes Plaintiffs' Motion as a proper opposition to Defendants' request that the Court consider the exhibits filed in support of their Motion to Dismiss, it fares no better on the merits.

**IV.    THE COURT MAY CONSIDER BOTH OF THE CHALLENGED EXHIBITS UNDER THE DOCTRINE OF JUDICIAL NOTICE**

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts. Ltd.*, 551 U.S. 308, 322 (2007).  Judicial notice is appropriate for "a fact that is not subject to reasonable dispute . . . at any stage of the proceeding."  Fed. R. Evid.

2

201; *see Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499, 507 (S.D.N.Y. 2015) (judicial notice appropriate at the pleadings stage). This includes data posted on government websites and facts in SEC filings. *See* Motion to Dismiss at 5 n.1, 11 n.4 (citing cases).

Here, Plaintiffs challenge two exhibits submitted by Defendants: (1) Exhibit 7, which contains excerpts of the FDA Inspectional Observations Data Sets for fiscal years 2014 to 2023;[1] and (2) Exhibit 12, which contains excerpts of BioXcel's Form 10-Q for the quarterly period ended September 30, 2023. *See* Mot. at 1; Dkt. 106-10, 106-15. Plaintiffs do not dispute the legal authority cited in Defendants' motion to dismiss demonstrating that courts may take judicial notice of both documents. *See* Motion to Dismiss at 5 n.1, 11 n.4; Mot. at 6 (conceding that "the Court may take judicial notice of SEC filings"); *see also Rynasko v. N.Y. Univ.*, 63 F.4th 186, 191 n.4 (2d Cir. 2023) (endorsing the practice of taking judicial notice of documents from official government websites); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (permitting judicial notice "of the contents of relevant public disclosure documents required to be filed with the SEC"); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *4 (E.D.N.Y. Aug. 29, 2013) (taking judicial notice of "agency data made available to the public"). Nor do Plaintiffs assert that either document is inaccurate or inauthentic.

Instead, Plaintiffs contend that the Court should decline to take judicial notice of the publicly available FDA data in Exhibit 7 because Defendants have not shown that it is "central to an evaluation of the claims made in this case." Mot. at 8. In asserting this "centrality" requirement, Plaintiffs incorrectly conflate the doctrine of judicial notice with the distinct doctrine of incorporation by reference. *See Al Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 866

---

[1]    Accessible    at    https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/inspection-references/inspection-observations. Notably, Plaintiffs do not specifically challenge Exhibit 6, which is also taken from FDA's website.

(N.D. Cal. 2022) (explaining that "[t]he doctrine of incorporation by reference is distinct from judicial notice"; the former requires that the document be "central to the plaintiff's claim," while the latter has no such requirement (quotation omitted)).  However, even if Plaintiffs were correct that a judicially noticeable document must be "central" to an evaluation of the claims, Exhibit 7 would more than meet that requirement.  Plaintiffs' entire theory of liability is premised on their conclusory allegations that the Form 483 was so "serious" and "rare" that its observations undermined the TRANQUILITY II trial data and could not be addressed without incurring delay. *See, e.g.,* AC ¶¶ 7, 165, 174.  FDA's own publicly available data on the number of Form 483s and type of observations they tend to include aid the Court in evaluating that claim.  *See* Motion to Dismiss at 11.  While Plaintiffs further seek to "exclude[] from the record" Defendants' "interpretations" of the data, Mot. at 8, Defendants do not request that the Court take judicial notice of *arguments* in Defendants' brief; the Court is able to draw its own inferences from the facts presented.

Similarly, Plaintiffs contend that the Court should decline to take judicial notice of excerpts of the publicly filed Form 10-Q in Exhibit 12 because the filing "falls outside the Class Period" and is thus "irrelevant."  Mot. at 6.  However, Courts frequently take judicial notice of SEC filings, including filings made after the class period.[2]  *See* Motion to Dismiss at 20; *In re AppHarvest Sec. Litig.*, 2023 WL 4866233, at *18 (S.D.N.Y. July 31, 2023) ("[T]he Court may take judicial notice of [] exhibits [] that were filed with the SEC after the class period."); *cf. In re Philip Morris Int'l Inc. Sec. Litig.*, 89 F.4th 408, 422 (2d Cir. 2023) (holding that post-class

---

[2] The cases Plaintiffs cite on page six of their Motion to Strike stand for the unremarkable proposition that courts frequently decline to take judicial notice of documents when those documents would not affect the court's ruling.  To be sure, while Exhibits 7 & 12 are judicially noticeable, the Amended Complaint is inadequately pled whether or not the Court considers Defendants' exhibits.

period information could bear on the reasonableness of defendants' beliefs at the time they made the challenged statements).  Plaintiffs present no authority otherwise.

## V.  THE COURT MAY CONSIDER ALL OF DEFENDANTS' EXHIBITS UNDER THE INCORPORATION BY REFERENCE AND JUDICIAL NOTICE DOCTRINES

Plaintiffs acknowledge that they do not object to any other exhibits.  *See* Mot. at 4 ("Plaintiffs take no position regarding most of the exhibits submitted").  Notwithstanding this concession, Plaintiffs engage in a half-hearted attempt to exclude *all* of Defendant's exhibits on the basis that Defendants have "waiv[ed]" consideration of the exhibits by not "describing" the exhibits or explaining why they "warrant consideration by the Court."  *Id.* at 5.

Not so.  In addition to discussing the relevant content of each of their exhibits in their Motion to Dismiss, the declaration submitted by Defendants in support of that motion provides precisely the sort of individual descriptions Plaintiffs demand.  *See* Decl. of Meryn C.N. Grant, Dkt. 106-3, at 1–2.  A cursory review of these filings reveals that all of the exhibits are public SEC filings (Exs. 1–2, 4, 8–9, 12, and 15), information contained on FDA's website (Exs. 6 and 7), and/or documents explicitly quoted or paraphrased in Plaintiffs' own Amended Complaint to establish elements of their claims (Exs. 1, 3–6, 8–11, 13–17).  The Motion to Dismiss further contains specific (and unchallenged) legal support for the Court's consideration of each of the exhibits under the incorporation by reference and judicial notice doctrines.  *See* Motion to Dismiss at 5 n.1 (judicial notice of SEC filings); *id.* at 9 n.3 (incorporation by reference of documents quoted in a complaint); *id.* at 11 n.4 (judicial notice of government websites).  None of Plaintiffs' caselaw supports a determination of waiver under these circumstances.  *See City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir. 2006) (discussing the waiver of appellate arguments); *In re Toor*, 2017 WL 1712511, at *2 (D. Conn. May 1, 2017) (holding argument not raised *at all* in opening brief was waived); *Maroney v. Woodstream Corp.*, 2023 WL 6318226, at

5

*2 (S.D.N.Y. Sept. 28, 2023) (declining to consider arguments not raised by a party).  To the contrary, courts in this circuit and across the country regularly grant requests to consider documents raised in a similar manner.  *See, e.g., Gamm v. Sanderson Farms, Inc.*, 2018 WL 1319157, at *5 (S.D.N.Y. Jan. 19, 2018) (dismissing securities fraud complaint after taking judicial notice of news articles pursuant to Defendants' request in footnote in motion to dismiss), *aff'd,* 944 F.3d 455 (2d Cir. 2019); *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) (same for documents filed with the SEC), *aff'd*, 566 F. App'x 93 (2d Cir. 2014); *Yang v. Lei*, 2022 WL 3012173, at *1 (C.D. Cal. Jul. 5, 2022) (granting request for judicial notice contained in footnote to declaration); *Yeh Ho v. Yeh*, 2019 WL 9075949, at *1 n.1 (S.D. Fl. Oct. 1, 2019) (same for request in footnote to motion to dismiss); *Neer v. Pelino*, 2005 WL 8176906, at *1 n.2 (E.D. Pa. Sept. 23, 2005) (same, recognizing that this "spare[s] the time and expense of a formal motion for judicial notice").

## VI.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike and consider Defendants' exhibits in ruling on the Motion to Dismiss.

6

Dated:   March 26, 2024
        San Diego, California

Respectfully submitted,

LATHAM & WATKINS LLP

By:   /s/ Colleen C. Smith

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: (858) 523-5450
Email: colleen.smith@lw.com

Jessica Bengels [ct29396]
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: jessica.bengels@lw.com

Michele D. Johnson (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: (714) 540-1235
Fax: (714) 755-8290
Email: michele.johnson@lw.com

Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

Meryn C. N. Grant (*pro hac vice*)
355 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763
Email: meryn.grant@lw.com

*Attorneys for Defendants*

7