**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, AND ROBERT RISINGER,<br><br>        Defendants. | Civil Action No.: 3:23-cv-00915-SVN |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE EXTRINSIC EVIDENCE ATTACHED TO AND <u>REFERENCED IN DEFENDANTS' MOTION TO DISMISS</u>**

## I.    INTRODUCTION

Defendants' Opposition (Dkt. No. 113) ("Opp.") makes clear that their submission of, and reliance on, the Disputed Exhibits is a blatant attempt to improperly present a counter-narrative to the well-pled factual allegations of the Complaint – a tactic courts across the country have strongly criticized for years.[1] Moreover, the Disputed Exhibits do not contain adjudicative facts that were either relied upon or integral to the Complaint. Worse yet, Defendants failed to articulate the legal basis for which they believe the Court may consider each exhibit submitted nor have they identified the specific purpose for which each exhibit may properly be considered. Accordingly, the Court should strike the Disputed Exhibits and any improper references to, or reliance on, the exhibits attached to Defendants' Motion to Dismiss.

## II.    THE COURT MAINTAINS INHERENT AUTHORITY TO STRIKE ANY IMPROPER FILING FROM THE DOCKET.

This Court has inherent authority to strike the Disputed Exhibits, despite Defendants' argument that Rule 12(f) of the Federal Rules of Civil Procedure only allows a court to strike documents from a pleading. Opp. at 2; *See NRDC v. FDA*, 884 F. Supp. 2d 108, 115-16 & n.5 (S.D.N.Y. 2012) ("Contrary to [Defendants'] apparent position that Rule 12(f) of the Federal Rules of Civil Procedure grants a court its only power to strike documents from the record and that such documents are limited by the rule to 'pleadings', a court has 'inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.'") (quoting *In re Bear Stearns Cos., Inc., Sec., Derivative, and ERISA Litig.*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011)); *see also SEC v. Ahmed,* 2018 WL 11458925, at *3 (D. Conn. Mar. 29, 2018) ("borrow[ing] the 12(f) standard to determine whether to exercise its inherent discretion to

---

[1] Unless otherwise noted, capitalized terms herein have the meanings ascribed to them in Plaintiffs' Motion to Strike Extrinsic Evidence Attached to and Referenced in Defendants' Motion to Dismiss (Dkt. No. 107) ("MTS"); all emphasis in quotations is added; and all internal citations are omitted.

strike improper filings from the docket" concluding that "courts routinely entertain motions to strike pursuant to Rule 12(f) that do not apply literally to pleadings") (collecting cases). Indeed, courts in this Circuit have consistently utilized this inherent authority to assess a plaintiff's motion to strike materials attached to, and referenced in, a Rule 12(b)(6) motion for similar reasons presented here. *See Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 382-84 (S.D.N.Y. 2020), *aff'd*, 847 F. App'x 35 (2d Cir. 2021) (granting in part, plaintiff's independent motion to strike documents attached to a motion to dismiss the securities class action, finding that two disputed SEC filings and a company press release were not subject to judicial notice because "Plaintiff does not rely on them for his Complaint, nor are they integral to his Complaint"); *see also Bd. of Trustees of City of Ft. Lauderdale Gen. Employees' Ret. Sys. v. Mechel OAO*, 811 F. Supp. 2d 853, 865 (S.D.N.Y. 2011), *aff'd sub nom. Frederick v. Mechel OAO*, 475 F. App'x 353 (2d Cir. 2012) (granting in full, plaintiffs' motion to strike "documents and exhibits referenced or submitted by [defendant] in connection with [its] motion [to dismiss the securities class action]"); *Gagnon v. Alkermes plc*, 368 F. Supp. 3d 750, 764 (S.D.N.Y. 2019) (granting in part, plaintiff's motion to strike certain exhibits attached to defendants' motion to dismiss the securities class action, and pursuant to Rule 12(d), addressing the remainder of defendants' exhibits and those attached to plaintiff's opposition); *Bongiorno v. Baquet*, 2021 WL 4311169, at *13 (S.D.N.Y. Sept. 20, 2021) (granting in part, plaintiffs' independent motion to strike documents submitted with Rule 12(b)(6) motion); *Abraham v. Town of Huntington*, 2018 WL 2304779, at *3 (E.D.N.Y. May 21, 2018) (same); *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 286-89 (S.D.N.Y. 2013) (same in a securities class action); *Malin v. XL Cap. Ltd.*, 499 F. Supp. 2d 117, 134 (D. Conn. 2007), *aff'd*, 312 F. App'x 400 (2d Cir. 2009) (same in a securities class action).[2]

---

[2] Defendants' reliance on *In re Liddle & Robinson, L.L.P.*, 2020 WL 4194542 (S.D.N.Y. Jul. 21, 2020) and *Ricci v. Destefano*, 2006 WL 2666081 (D. Conn. Sept. 15, 2006), is inapposite here. Opp. at 2. *In re L&R* addressed a motion

Accordingly, the Court can and should strike the Disputed Exhibits and any improper references to, or reliance on, the exhibits in Defendants' Motion to Dismiss. Defendants have failed to meaningfully argue how and why any of these secondary materials warrant consideration under the circumstances and their attempt to extract facts therefrom to construct a counter-narrative to the Complaint's well-pled allegations runs afoul of the standard of review at the pleadings stage. *See* MTS at 3-5; § III, *infra*. Furthermore, Defendants do not dispute that the Court may grant Plaintiffs' MTS pursuant to Rule 12(d) and/or Federal Rule of Evidence 201—nor could they.[3] As such, Plaintiffs' MTS is far from "procedurally deficien[t]" as Defendants suggest (Opp. at 2), and as detailed below and in their opening brief, is well supported on the merits.

## III.    THE DISPUTED EXHIBITS ARE NOT INTEGRAL TO THE COMPLAINT AND ARE IMPROPERLY RELIED UPON FOR THEIR TRUTH.

In considering a Rule 12(b)(6) motion, "court[s] normally may not look beyond the four corners of the complaint." *Mayo v. Fed. Gov't*, 558 F. App'x 55, 56 (2d Cir. 2014). A complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint." *Id.*; *see*, *e.g.*, *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Recognizing the applicability of

---

to strike the response to a motion for permission to appeal an interlocutory order issued by a bankruptcy court arguing that "because the Bankruptcy Court appointed a trustee of L&R's estate, Foley Hoag [the law firm hired by L&R] no longer has standing to defend the appeal on L&R's behalf." 2020 WL 4194542, at *1. The court denied the motion concluding that "[it] need not decide whether Foley Hoag represents L&R because the positions it asserts are properly asserted in its own right." *Id.* In *Destefano*, the court denied defendant's motion to strike portions of plaintiffs' LR 56(a)(2) Statement, filed in tandem with their summary judgment motion, concluding that such motions directed at summary judgment briefings "are unnecessary and produce only redundant statements by the court that it has not relied on such inadmissible evidence in deciding the summary judgment motion." 2006 WL 2666081, at *3.

[3] Defendants concede that neither of the Disputed Exhibits may be considered under the "incorporation by reference" exception. Opp. at 2; *see also* MTS at 6-7.

this exception, the Second Circuit found that "where public records that are integral to a fraud complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records." *Roth*, 489 F. 3d. at 509; *see*, *e.g.*, *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). Judicial notice is reserved for "adjudicative facts"—*i.e.*, relevant facts—that are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b); *see also U.S. v. Bryant*, 402 F. App'x 543, 545 (2d Cir. 2010).

"A 'necessary prerequisite' for taking into account materials extraneous to the complaint is that the plaintiff *rely* on the terms and effect of the document in drafting the complaint; mere notice or possession is not enough." *Nicosia*, 834 F.3d at 231 (emphasis in original). "This principle is driven by a concern that a plaintiff may lack notice that the material will be considered to resolve factual matters." *Id.* "And even if a document is 'integral' to the complaint, … it must be clear that 'there exist no material disputed issues of fact regarding the relevance of the document.'" *U.S. ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). Indeed, "[b]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012). "In general district courts should be hesitant to utilize Rule 201 to 'fill in the blanks' for a case that rests on highly specific details." *Bryant*, 402 F. App'x at 545; *see also Roth*, 489 F.3d at 509 ("[Integral to the complaint] principle has its greatest applicability in cases alleging fraud.").

Instead of attempting to argue that either of the Disputed Exhibits are "integral to the Complaint", Defendants rely on a single, out of circuit, district court opinion to argue this principal

does not apply to documents properly subject to judicial notice and claim that consideration is proper based on their source alone. Opp. at 3-4.[4] Yet, as discussed above, long-standing Second Circuit authority demands that all extrinsic evidence considered at a motion to dismiss must first be deemed "integral to the Complaint." Thus, "even if the documents were properly the subject of judicial notice, judicial notice would not be appropriate because the plaintiffs did not rely on the documents in drafting the Complaint." *Concord Assocs., L.P. v. Ent. Properties Tr.*, 817 F.3d 46, 51 (2d Cir. 2016).[5] Moreover, Defendants' Opposition again fails to identify any "adjudicative fact" that is "beyond controversy" warranting judicial notice of the Disputed Exhibits.

As conceded, Defendants improperly rely on Exhibit 7 to directly contradict the Complaint's allegations that the FDA rarely, if ever, conducts pre-NDA onsite inspections of clinical trial sites unless prompted by concerns (¶¶7, 37, 100-03, 181) and following such an inspection of BioXcel's primary trial site for TRANQUILITY II, the FDA issued a Form 483 based on several severe trial protocol and GCP violations (¶¶8, 115-22). Opp. at 4; *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (rejecting at a motion to dismiss, "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint"); *e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 428 (S.D.N.Y. 2003) (same).[6] At the

---

[4] Contrary to Defendants' assertions, "the controlling standard is not whether it would be 'incongruous' not to consider similar types of documents as those cited in the Complaint [*see* Opp. at 3 n.1]. Instead, the Court must consider whether Plaintiffs have relied on any of these exhibits in drafting the Complaint." *Mechel OAO*, 811 F. Supp. 2d at 865. As discussed in detail below, "[b]ecause there is no indication that Plaintiffs relied on the challenged documents or that they are otherwise subject to judicial notice, the motion to strike [should be] granted." *Id.*

[5] *See also Wyndham Vacation Resorts, Inc. v. Wesley Fin. Grp., LLC*, 2022 WL 18144988, at *2 (M.D. Fla. Oct. 24, 2022) (denying defendants' motion to dismiss "insofar as it requests dismissal based on the [extrinsic evidence]" that "was not referenced in the Complaint in any way, and while it may be central to Defendant's asserted defense, it is not central to Plaintiff's claims"); *Chapman v. Fennec Pharms. Inc.,* 2021 WL 7209981, at *5 (M.D.N.C. Dec. 16, 2021), *report and recommendation adopted*, 2022 WL 613378 (M.D.N.C. Mar. 2, 2022) (rejecting defendants' assertion that the court should consider "documents not referenced in the Complaint that are subject to judicial notice due to their source" on the premise that because plaintiff "does not reference them in the Complaint … consideration of these documents is not necessary for the instant decision").

[6] *See also In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 472 n.27 (S.D.N.Y. 2019) ("[W]hen a defendant attempts to counter a plaintiff's Complaint with its own factual allegations and exhibits, such allegations and exhibits

5

very least, Defendants seek judicial notice of Exhibit 7 in the hopes that the Court will accept the facts therein as true and use them to discredit the allegations in the Complaint. *See* MTD at 11 (arguing that based on their assessment of the facts and representations contained in Exhibit 7, the compliance violations documented in the FDA's Form 483 "are the most common issues observed in Form 483s from similar inspections"). "This is not the stuff of which judicial notice is made." *Nw. Biotherapeutics, Inc. v. Canaccord Genuity LLC*, 2023 WL 9102400, at \*11-\*12 (S.D.N.Y. Dec. 29, 2023), *report and recommendation adopted sub nom.* 2024 WL 620648 (S.D.N.Y. Feb. 14, 2024) (rejecting defendants' request for judicial notice where plaintiff "vigorously disagrees with Defendants' interpretation of the data" and "to consider and analyze the [presented] Data to establish the truth of key factual assertions made in their motion to dismiss…is not the province of a court on a motion to dismiss"); *see*, *e.g.*, *Abdullahi v. Pfizer, Inc.*, 77 F. App'x 48, 52-53 (2d Cir. 2003) (finding it "inappropriate" to take judicial notice of a fact because "[t]he plaintiffs' understanding … conflicts with the interpretation that [defendant] wishes us to draw from the documents and this dispute is impossible for us to resolve based on the record before us").[7] Defendants present no authority otherwise.[8]

---

are inappropriate for consideration by the Court at the motion to dismiss stage.") (quoting *Reyes v. Cty. of Suffolk*, 995 F. Supp. 2d 215, 220 (E.D.N.Y. 2014)); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) ("The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits.") (emphasis in original).

[7] *See also SEC v. Ripple Labs, Inc.*, 2022 WL 748150, at \*3 n.3 (S.D.N.Y. Mar. 11, 2022) (declining judicial notice of public report where defendant disputed plaintiff's interpretation of its analysis and conclusions); *Oklahoma Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, 367 F. Supp. 3d 16, 29 (S.D.N.Y. 2019) ("inappropriate" to take judicial notice of slide decks that accompanied key calls made by defendant's CEO where "Plaintiffs represent that they disagree with Defendants' factual interpretation of [the slide decks]"); *Johnson v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) (refusing to notice documents that "would require credibility assessments and weighing of the evidence, which is not appropriate on a motion to dismiss").

[8] Defendants' reliance on *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at \*4 (E.D.N.Y. Aug. 29, 2013) is misplaced. Opp. at 3. Unlike here, the *Frito-Lay* plaintiffs did not raise any arguments as to whether the presented documents were properly the subject of judicial notice. *Id.* Moreover, while the *Frito-Lay* court "takes notice of each of these documents for the fact that they contain the statements that they contain and were publicly available" it declined to "draw from them the inferences and conclusions that defendants suggest in their motion to dismiss." *Id.*

Similarly, Defendants ignore Plaintiffs' assertions that they improperly rely on Exhibit 12 to undermine the Complaint's allegations of falsity and scienter. *See* MTS at 7; *see also* MTD at 14, 20, 37. Rather, Defendants merely reiterate their bare-boned argument that courts frequently take judicial notice of SEC filings. Opp. at 4. "But the information in [Exhibit 12] was not available to investors during the Class Period and the documents do not shed light on the commercial [viability of BXCL501] at the time the alleged misstatements were made. The defendants may not obtain dismissal of the complaint by legitimizing [BioXcel] in hindsight with information that was not available to the market at the time the alleged misstatements were made." *Leacock v. IonQ, Inc.*, 2023 WL 6308045, at \*9 (D. Md. Sept. 28, 2023); *see also Shash v. Biogen Inc.*, 627 F. Supp. 3d 84, 99 (D. Mass. 2022) (declining judicial notice of defendant's post-class period press releases concerning the FDA's ultimate approval of its drug product, "find[ing] no basis to consider them here" because "this new information … fall[s] outside the presumptive class period"); *cf. Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (finding "a district court may take judicial notice of the contents of *relevant* public disclosure documents required to be filed with the SEC" conditioning that "[t]his of course includes related documents that bear on the adequacy of the disclosure as well as documents actually alleged to contain inadequate or misleading statements").[9]

---

[9] Defendants' reliance on *In re AppHarvest Sec. Litig.*, 2023 WL 4866233 (S.D.N.Y. July 31, 2023) and *In re Philip Morris Int'l Inc. Sec. Litig.*, 89 F.4th 408 (2d Cir. 2023) is again misplaced. Opp. at 4. In *AppHarvest*, the court limited its consideration "only tak[ing] judicial notice that these [post-class period SEC filings] exist, not for the truth of their contents" and concluded that these documents "[we]re irrelevant to the Court's decision" because "no legal argument in Defendants' Motion to Dismiss relies on the [post-class period SEC filings], and Defendants merely cited th[em] to provide context for the Court regarding post-Class Period events, not for the truth of their contents." 2023 WL 4866233, at \*18. Here, Defendants undeniably rely on Exhibit 12 when asserting legal arguments in their MTD and for the truth of its contents. *See* Opp. at 4; *see also* MTS at 7. In *Philip Morris*, the Second Circuit affirmed that defendants' class period statements "about the proper interpretation of data" were "reasonable, and therefore not actionable" based on "the FDA's ultimate endorsement of Defendants' interpretation of the clinical-studies data" post-class period. 89 F.4th at 422. The facts are markedly different here. At no point in time has the FDA "endorsed" BioXcel's interpretation of TRANQUILITY II data. Indeed, Plaintiffs' allegations of wrongdoing stem from the FDA's early disapproval of the data collected. ¶¶8, 115-22. Defendants cannot rectify their Class Period statements with the post-Class Period conclusions of a third party. *See Philip Morris*, 89 F.4th at 422-23 ("It is immaterial that contrary views were held – and even published – by individuals and entities with no say over the regulatory process that [defendant's] 'future depended on.'").

Accordingly, the Disputed Exhibits are not integral to the Complaint, nor are they properly subject to judicial notice. Thus, pursuant to Rule 12(d), the Disputed Exhibits "may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are given a reasonable opportunity to present all the material that is pertinent to the motion." *Nicosia*, 834 F. 3d at 231; *see*, *e.g.*, *AECOM*, 19 F.4th at 106-07 ("A district court therefore errs when it considers affidavits and exhibits submitted by defendants or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.").

## IV.    DEFENDANTS' CURSORY REQUEST FOR CONSIDERATION OF EXTRINSIC EVIDENCE FAILS.

Rather than file a formal request for consideration—providing the precise legal basis for which each exhibit may be considered and identifying the specific purpose for which each exhibit is proper for consideration—Defendants labor throughout their Motion to Dismiss to introduce "evidence" and create a counter-narrative to the Complaint's well-pleaded allegations. Defendants' entire "argument" for consideration of government websites comprised one sentence in a footnote: "Courts routinely take judicial notice of facts contained on government websites, including FDA's website." MTD at 11 n.4. This sentence was followed by a single citation to case that does not involve disputed exhibits nor does not set forth the standard for judicial notice.[10]

---

[10] In *Rynasko v. N.Y. Univ.*, 63 F.4th 186 (2d Cir. 2023), the Second Circuit vacated the dismissal of a pandemic-related breach of contract case brought by an NYU student seeking partial reimbursement of her Spring 2020 tuition after the university transitioned completely to remote online-only learning and ordered students to refrain from going on campus. In the "background" section, the *Rynasko* court noticed "Executive Order No. 202.3" for the adjudicative fact that "[o]n March 7, Governor Cuomo declared a state of emergency." *Id.* at 191 & n.4 ("'When considering a motion made pursuant to Rule 12(b)(6)' we may take judicial notice of documents from official government websites, including 'Executive Orders ... as they are accessible on the State of New York's Website.'"). The *Rynasko* court, however, refused to accept defendant's attempt to use this document as support for their purported contract defenses raised for the first time on appeal. *Id.* at 201 ("To the extent NYU argues that its decision to suspend in-person operations during the Spring 2020 semester was reasonable, even necessary, under the unprecedented circumstances of the COVID-19 pandemic, New York law offers NYU a potentially appropriate shield: the defense of impossibility or impracticability."). Notably, district courts examining *Rynasko* have found that "[w]hile that defense may ultimately prove meritorious, it is [] not resolvable on a motion to dismiss." *Meng v. New Sch.*, 2023 WL 5162181, at *3 (S.D.N.Y. Aug. 11, 2023).

Likewise, Defendants' entire "argument" for consideration of SEC filings comprised one sentence in a footnote: "At the motion to dismiss stage, the Court may consider 'legally required public disclosure documents filed with the SEC.'" MTD at 5 n.1 (quoting *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013)).[11] Notably absent from their "arguments" is that "[Defendants] did not cite [Rule] 201, which governs judicial notice … or otherwise explain how [either of the noted exhibits (Exhibits 1 and 6), let alone any of the other exhibits,] satisfied the requirements of that rule. The court cannot analyze an argument that counsel fails to develop." *GTE Mobilnet of Cal. Ltd. P'ship v. City of Berkeley*, 2022 WL 562756, at *3 (N.D. Cal. Feb. 24, 2022).[12]

At bottom, Defendants' Opposition again fails to provide sufficient basis for consideration of each exhibit presented and relied on. Defendants point to the list of exhibit titles provided in the Declaration of Meryn C.N. Grant (Dkt. No. 106-3) as supportive of the "individual descriptions" required. Opp. at 5. Yet, Grant's Declaration does not specify under which limited exception (incorporation by reference or judicial notice) the Court may properly consider each exhibit, nor does it identify the adjudicative facts to be considered in each exhibit. Accordingly, Defendants' exhibits are not, and have never been, properly in the record for consideration at a motion to dismiss and must be stricken.

---

[11] In *Kleinman*, the court does *not* address the standard for judicial notice under Rule 201, rather it merely states the court may "consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." 706 F.3d at 152. Moreover, unlike here, there are no disputed exhibits, nor any arguments raised against judicial notice, in *Kleinman*.

[12] *See also Philpot v. Alternet Media, Inc.*, 2018 WL 6267876, at *5 (N.D. Cal. Nov. 30, 2018) (rejecting defendant's request for judicial notice "state[d] in a footnote in its motion to dismiss" on the basis that "[defendant] submits no formal request for judicial notice" and "does not explain what, if anything, the Court is supposed to infer from [the extrinsic evidence proffered]"); *White v. Mylan, Inc.*, 2012 WL 6951323, at *4 & n.5 (W.D. Okla. Dec. 28, 2012) (declining to consider at a motion to dismiss, defendant's request for judicial notice – "explained only in a footnote" – of materials available on the FDA's website, based on unrelated pleading deficiencies, but explaining that "[s]hould the case reach that point, the Court would expect Mylan to file a motion requesting such relief and to comply with the procedural requirements of Rule 201, rather than simply including the argument in a brief supporting a different motion.); *Couch v. Broward Cnty.*, 2012 WL 2007148, at *1-*2 (S.D. Fla. June 5, 2012) (judicial notice denied where request was procedurally deficient).

## V.    CONCLUSION

For the foregoing reasons and those set forth in their opening papers, Plaintiffs respectfully request that the Court grant their motion in its entirety.

Dated: April 9, 2024                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/  Adam M. Apton*
Adam M. Apton (*pro hac vice*)
Devyn R. Glass (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
Email: dglass@zlk.com

**GRANT & EISENHOFER P.A.**
Daniel L. Berger (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
Alexandra E. Forgione (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com
Email: aforgione@gelaw.com

*Co-Lead Counsel for Plaintiffs and the Class*