**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>          Defendants. | Civil Action No.: 3:23-cv-915-SVN |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Lead Plaintiffs Tonya Hills and Oklahoma Law Enforcement Retirement System ("Plaintiffs") respectfully submit as supplemental authority the Opinion of the United States District Court for the District of New Jersey filed June 30, 2025 in *Levon v. CorMedix Inc., et al.*, No. 2:21-cv-14020-JXN-CLW. In this Opinion, the Court denied the defendants' motion to dismiss Exchange Act claims arising from known but undisclosed FDA inspection violations relating to a drug in development. A copy of the Opinion is attached as Exhibit A.

In their Motion to Dismiss the Second Amended Class Action Complaint, Defendants argue that "'awareness of the Form 483 does not demonstrate recklessness.'" Dkt. No. 134-1, pp. 33-34 (quoting Ruling on Defendants' Motion to Dismiss, Dkt. No. 128, p. 41). Plaintiffs opposed this point by arguing *inter alia* that the Form 483, Meyer Response, and failure to receive an EIR established contemporaneous knowledge of materially adverse information, thereby raising a strong and compelling inference of scienter. Dkt. No. 135, pp. 30-31.

1

The *CorMedix* case supports Plaintiffs' argument on this point. In the Opinion, Judge Julien Xavier Neals held that the defendants' access to the "2018 internal audit . . . directly contradicted" the public statements at issue and therefore "fit[] squarely within the scienter framework articulated in *Avaya* and its progeny." Opinion at 18-20 (citing *Institutional Inv'rs Grp. v. Avaya Inc.*, 564 F,3d 242, 259-60 (3d Cir. 2009)). Judge Neals also held that the plaintiff's "core operations" allegations bolstered the inference of scienter because "DefenCath was central to CorMedix's business." *Id.* at 21-22. The 2018 internal audit from *CorMedix* and the Form 483 from the case at bar similarly contained materially adverse information that was then concealed from investors. Plaintiffs' allegations of scienter therefore should be considered at least as compelling as the plaintiff's allegations in *CorMedix*.

Dated: July 8, 2025

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/  Adam M. Apton
Adam M. Apton (*pro hac vice*)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Tonya Hills and Co-Lead*
*Counsel for the Class*

**GRANT & EISENHOFER P.A.**
Caitlin M. Moyna (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: cmoyna@gelaw.com

*Counsel for Oklahoma Law Enforcement*
*Retirement System and Co-Lead Counsel for the*
*Class*

2