**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER<br><br>Defendants. | Case No. 3:23-cv-00915-SVN<br><br>July 18, 2025 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants BioXcel Therapeutics, Inc., Vimal Mehta, Richard Steinhart, and Robert Risinger ("Defendants") respectfully submit this response to Plaintiffs' Notice of Supplemental Authority (ECF No. 152).

To the extent Plaintiffs' supplemental authority pertains to this case at all, it spotlights the deficiencies in Plaintiffs' scienter allegations.  Plaintiffs contend that *Levon v. CorMedix Inc.*, No. CV 21-14020 (D.N.J. June 30, 2025) supports their arguments that (1) "the Form 483, Meyer Response, and failure to receive an EIR established contemporaneous knowledge of materially adverse information" and therefore established scienter; and (2) "core operations" allegations bolster the inference of scienter.  ECF No. 152, at 1-2.  It does not.

*First*, the plaintiffs in *CorMedix* alleged that a particular internal audit CorMedix conducted at a third-party manufacturing site *directly contradicted* Defendants' public statements.

1

*See CorMedix* Op., ECF No. 152-1, at 16, 19-20. The plaintiffs alleged that the internal audit detailed the third-party manufacturer's deficiencies, regulatory noncompliance, and likeliness to fail an FDA inspection. *Id.* The *CorMedix* Court also found that plaintiffs sufficiently alleged, through two confidential witnesses (one who authored the report and the other who disseminated the report to an individual defendant and other senior staff), that defendants knew about the audit, took no meaningful corrective action in response, and nonetheless told investors that the manufacturing issues had been "resolved." *Id.*

Meanwhile, Plaintiffs here have not alleged any well-pled facts to establish that the Form 483, Meyer Response, and timing of the EIR somehow contradict or render misleading the Defendants' public statements (they do not). The Form 483, Meyer Response, and EIR timing simply say nothing about whether FDA would accept the TRANQUILITY II study data. They are different in kind from the "directly" contradictory audit in *CorMedix*. *CorMedix* Op., ECF 152-1 at 19.

Plaintiffs' latest allegations of malfeasance at Segal Trials in their proposed Third Amended Complaint do not alter the analysis. The *CorMedix* Court specifically held that the plaintiffs there provided well-pled facts to show the defendants' knowledge of problems at the third-party manufacturer. *Id.* at 19-20. Meanwhile, Plaintiffs here have not mustered a single fact to show that anyone at BioXcel knew of the alleged malfeasance at Segal Trials. *See* ECF No. 143, at 12-16 (Defs.' Opp. to Mot. to Amend). If *CorMedix* sets the bar (as Plaintiffs contend), then the differences between *CorMedix* and this case reveal that Plaintiffs' theory of scienter here does not clear it.

*Second*, Plaintiffs seek to leverage *CorMedix* for the point that the "core operations" allegations bolster the inference of scienter. ECF No. 152, at 2. There's nothing novel about the

proposition—it *can* bolster allegations of scienter in certain circumstances.  As *CorMedix* observes, the core operations doctrine can support a theory of scienter when "coupled with individualized allegations of knowledge or access to contradictory facts." ECF No. 152-1, at 21; *see also Point12 Diversified Fund, LP, et al. v. TMC The Metals Co., et al.*, 2025 WL 1920340, at *22 (E.D.N.Y. July 11, 2025) ("the core operations theory . . . is not independently sufficient to raise a strong inference of scienter") (internal quotation omitted).  There are no such individualized allegations of knowledge or access in this case.  *See* ECF No. 143, at 12-16; ECF No. 134 (Defs.' Mot. to Dismiss Second Am. Compl.), at 32-37.

Dated:   July 18, 2025          Respectfully submitted,
         New York, New York

                                LATHAM & WATKINS LLP

                                By:    /s/ *Colleen C. Smith*

                                       Colleen C. Smith (*pro hac vice*)
                                       12670 High Bluff Drive
                                       San Diego, CA 92130
                                       Tel: (858) 523-5400
                                       Fax: (858) 523-5450
                                       Email: colleen.smith@lw.com

                                       Jessica Bengels [ct29396]
                                       1271 Avenue of the Americas
                                       New York, NY 10020
                                       Tel: (212) 906-1200
                                       Fax: (212) 751-4864
                                       Email: jessica.bengels@lw.com

                                       Michele D. Johnson (*pro hac vice*)
                                       650 Town Center Drive, 20th Floor
                                       Costa Mesa, CA 92626
                                       Tel: (714) 540-1235
                                       Fax: (714) 755-8290
                                       Email: michele.johnson@lw.com

                                       Sarah Tomkowiak (*pro hac vice*)
                                       555 Eleventh Street, NW
                                       Suite 1000
                                       Washington, D.C. 20004
                                       Tel: (202) 637-2200
                                       Fax: (202) 637-2201

                                       Meryn C. N. Grant (*pro hac vice*)
                                       355 South Grand Avenue
                                       Los Angeles, CA 90071
                                       Tel: (213) 485-1234
                                       Fax: (213) 891-8763
                                       Email: meryn.grant@lw.com

                                       *Attorneys for Defendants*

4