**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-cv-00915-SVN |
| Plaintiffs, | October 6, 2025 |
| v. | |
| BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION FOR RECONSIDERATION**

## TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ........................................................................................1

II.    BACKGROUND .........................................................................................................3

III.   LEGAL STANDARD....................................................................................................5

IV.   ARGUMENT..............................................................................................................6

       A.     The PSLRA And Controlling Second Circuit Law Require Scienter To Be Pled With Particularity As To Each Individual Defendant

       B.     The Section 10(b) Claims Against Steinhart Should Be Dismissed Because The TAC Does Not Adequately Plead His Scienter

V.    CONCLUSION...........................................................................................................10

## TABLE OF AUTHORITIES

Page

### CASES

*Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*,
   28 F.4th 343 (2d Cir. 2022) ............................................................................................... 6

*C.D.T.S. v. UBS AG*,
   2013 WL 6576031 (S.D.N.Y. Dec. 13, 2013), *aff'd sub nom. Westchester Teamsters Pension Fund v. UBS AG*, 604 F. App'x 5 (2d Cir. 2015) .................................................................. 7, 9

*Cho v. Blackberry Ltd.*,
   991 F.3d 155 (2d Cir. 2021) ............................................................................................... 6

*City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*,
   450 F. Supp. 3d 379 (S.D.N.Y. 2020) ............................................................................... 9

*In re CRM Holdings, Ltd. Sec. Litig.*,
   2012 WL 1646888 (S.D.N.Y. May 10, 2012) ................................................................... 7

*Jackson v. Abernathy*,
   960 F.3d 94 (2d Cir. 2020) ............................................................................................. 7, 9

*Kalnit v. Eichler*,
   264 F.3d 131 (2d Cir. 2001) ........................................................................................... 6, 7

*Kasilingam v. Tilray, Inc.*,
   2023 WL 5352294 (S.D.N.Y. Aug. 21, 2023) ................................................................ 6, 8

*Novak v. Kasaks*,
   216 F.3d 300 (2d Cir. 2000) ............................................................................................... 6

*Shrader v. CSK Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) ................................................................................................. 6

### STATUTES

15 U.S.C. § 78u-4(b) ............................................................................................................ 7

15 U.S.C. § 78u-4(b)(2) ....................................................................................................... 7

Private Securities Litigation Reform Act ...................................................................... 2, 6, 7, 9

**RULES**

D. Conn. L. Civ. R. 7(c)1 ............................................................................................................. 6

## I.  PRELIMINARY STATEMENT

Defendants Vimal Mehta, Richard Steinhart, Robert Risinger (the "Individual Defendants"), and BioXcel Therapeutics, Inc., (together with the Individual Defendants, "Defendants") respectfully request partial reconsideration of the Court's Order dated September 29, 2025 ("Order," ECF No. 163) granting in part and denying in part Plaintiffs' motion for leave to file the Third Amended Complaint ("TAC").  Specifically, in holding that Plaintiffs adequately pled an inference of scienter for "Defendants," the Court overlooked controlling precedent that required the Court to conduct the scienter analysis on a defendant-by-defendant basis.  The Court did not address the lack of specific allegations regarding Steinhart's role as BioXcel's Chief Financial Officer ("CFO"), or the corresponding dearth of allegations regarding his involvement in and knowledge about the conduct of TRANQUILITY II.  Had it done so, it would have concluded (at a minimum) that the TAC does not plead scienter for Steinhart.

In filing this motion, Defendants do not concede (and in fact strongly disagree) that the TAC, unlike the previous complaints, pled the requisite strong inference of scienter based on particularized allegations for *any* Defendant.  Nor do Defendants concede that any particularized allegations show that the inference of fraud was more compelling than the non-culpable inference that the Defendants believed their statements were true when made, and made timely disclosures as they learned new events.  To the contrary, Defendants respectfully believe that the Order departs from the Court's well-reasoned scienter analysis in its July 11, 2024 order, which held that Plaintiffs did not adequately allege scienter as to any Defendant.  However, recognizing the high bar they must clear to obtain reconsideration and that the Court must accept as true the TAC allegations as pled, Defendants request only (at this stage of the case) that the Court reconsider its scienter holding with respect to Steinhart.

1

The TAC alleges that six statements, made between March 9 and June 8, 2023, were false or misleading in violation of Section 10(b) of the Securities Exchange Act of 1934 (the Exchange Act). Order at 14–24. Steinhart allegedly made only one of those, a statement in BioXcel's March 16, 2023 Form 10-K (signed by Steinhart and Mehta, BioXcel's Chief Executive Officer ("CEO")) stating that "[p]atient enrollment is complete for TRANQUILTY II." ¶ 262;[1] *see* Order at 14. The Court first held that Plaintiffs adequately alleged falsity as to three challenged statements, including the statement regarding enrollment signed by Steinhart (and Mehta). The Court then turned to analyzing whether the TAC's new allegations adequately pled scienter. Under the Private Securities Litigation Reform Act ("PSLRA") and controlling Second Circuit law, the Court was required to analyze whether Plaintiffs had pled with particularity facts giving rise to a strong inference that *each* Individual Defendant acted with scienter in making their respective challenged statements. Instead of conducting that individualized analysis, the Court only addressed the mental state of Mehta and Risinger, holding that "Plaintiffs' allegations demonstrate, for purposes of the pleading stage, that *Defendants* intended to deceive and defraud their investors." Order at 34 (emphasis added); *see also id.* at 24–34. But the TAC allegations on which the Court relied in reaching this holding do not specifically concern Steinhart, with one exception—Steinhart's 10b5-1 plan stock sales, which the Court held were not enough to establish scienter on their own. Order at 33. The Court thus held, in error, that the TAC pled scienter with respect to Steinhart, despite the lack of any pled circumstantial evidence that he acted recklessly.

Accordingly, Defendants respectfully ask that the Court reconsider its scienter holding for Steinhart, and dismiss Plaintiffs' Section 10(b) claim against him.

---

[1] Citations to "¶" or "¶¶" are to the TAC.

## II.    BACKGROUND

After the Court granted Defendants' motion to dismiss Plaintiffs' first amended complaint, ECF Nos. 106 & 128, Plaintiffs filed a second amended complaint, ECF No. 130.  Then, while Defendants' second motion to dismiss was pending, ECF No. 134, Plaintiffs sought leave to file the TAC, ECF No. 141.  Defendants opposed that further amendment as futile arguing, *inter alia*, that Plaintiffs had still failed to adequately plead a strong inference of scienter for any Individual Defendant or BioXcel.  ECF No. 143.

The TAC asserts claims under Sections 10(b) of the Exchange Act against all Defendants, and under Section 20(a) against Mehta (BioXcel's CEO), Steinhart (BioXcel's CFO), and Risinger (BioXcel's Chief Medical Officer).  ECF No. 164.  As for Steinhart, the TAC alleges he "wanted to know how long [BioXcel would] last, with or without investment," and he (or sometimes Mehta) signed off on "[e]ven the smallest amount of contracts" for BioXcel.  ¶¶ 37-38, 44.  The TAC also alleges that Steinhart's sale of 7,084 shares of BioXcel stock during the class period "support[s] a strong finding of scienter."  ¶¶ 345, 347.

On September 29, 2025, the Court denied Defendants' motion to dismiss the SAC as moot, and granted in part and denied in part Plaintiffs' motion to file the TAC.  As relevant to this motion, the Court found that Plaintiffs adequately pled falsity and scienter for three of the six challenged statements.  As the CFO, Steinhart is alleged to have signed BioXcel's March 16, 2023 Form 10-K containing one of those statements: "[p]atient enrollment is complete for TRANQUILITY II."  Order at 14–20, 30–34.  The Court held the "enrollment was complete" statements were misleading because "by March of 2023, Defendant Mehta, and by extension, BioXcel knew that there were possible issues with the enrollment at Dr. Meyer's site as identified by the Form 483, and that these issues could potentially result in exclusion of a significant number of patients from the study."  Order at 16.  The Court also held that it was "reasonable to infer that Defendants knew of the

3

potential enrollment issues at Dr. Meyer's site raised by CW8 and CW9, particularly as CW8 went as far as to report their concerns to the FDA," based upon the TAC's allegations regarding (i) Mehta's alleged "hands-on" involvement and knowledge of "pretty much everything" about the problems with TRANQUILITY II, (ii) Risinger's alleged admission that the Company knew of FDA's audit and was "'monitoring' Dr. Meyer's site 'even more closely,'" and (iii) allegations that the "Company's executives" thought engaging Segal Trials would result in a faster study and "senior management" was creating enrollment pressure for the study. Order at 16–18.

The Court held that all "Defendants" acted with scienter, without addressing Steinhart's role as CFO, or his knowledge of the Form 483's contents or meaning. Specifically, the Court first considered Plaintiffs' motive allegations, including their theory that Mehta and Steinhart "suspiciously timed the disclosure of the Form 483" so they would not "disrupt profits that they would earn from the planned stock sales associated with their 10b5-1 trading plans." Order at 28. Ultimately, the Court held that the timing of the Individual Defendants' stock sales, including Steinhart's sales on March 15 and May 15, 2023, "may" be suspicious, but that "any suspicion [was] overshadowed by the relatively small proportion of available holdings sold by these Defendants and the fact that both ended the class period with more holdings than they held at the start of the period." Order at 29. Thus, Plaintiffs' motive theory based on Mehta's and Steinhart's stock sales failed, standing alone, to create a strong inference of scienter. Order at 30.

The Court went on to hold that Plaintiffs had, however, sufficiently alleged circumstantial evidence to support a strong inference of scienter for all Defendants. Order at 31–34.[2] None of

---

[2] The Court considered the following allegations of scienter: "(1) Defendants' knowledge that Dr. Meyer was engaging in intentional protocol violations to meet enrollment requirements, ECF No. 142-1 ¶¶ 283–85; (2) Defendants' knowledge of the Form 483 letter and the Meyer Response, *id.* ¶¶ 286–98; (3) Defendants Mehta and Risinger's extensive experience with clinical trials, such

the allegations in the TAC or the Order, however, address Steinhart's knowledge of the Form 483 observations, Dr. Meyer's response, or the alleged enrollment issues with TRANQUILITY II. Nor does the TAC allege Steinhart's experience with clinical trials or involvement with the TRANQUILITY II trial. Nonetheless, the Court held that when viewed collectively, Plaintiffs' circumstantial evidence allegations were sufficient to plead that "Defendants" intended to defraud their investors. *See* Order at 34 ("Similarly, *although to a lesser degree*, Defendant Steinhart also benefitted from selling his stock at an artificially inflated price while the Company failed to disclose the Form 483 to shareholders, and participated in the June 29, 2023 shareholders' call.") (emphasis added).[3]

## III.   LEGAL STANDARD

Local Civil Rule 7(c)1 authorizes motions for reconsideration where the movant "can point to controlling decisions or data that the court overlooked" in the initial order. D. Conn. L. Civ. R. 7(c)1; *see Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (reconsideration warranted where the party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (citation omitted));

---

that they would have understood that the protocol violations would have invalidated the research data, *id.* ¶¶ 300–05; (4) the Company's heavy reliance on FDA approval for BXCL501 for continued funding, *id.* ¶¶ 309–11; and (5) Defendants Mehta and Risinger's hands-on involvement in the progress of BXCL501, *id.* ¶¶ 315–19. The Court also consider[ed] Plaintiffs' allegations regarding Defendant Mehta's and Defendant Steinhart's sale of stocks, as a scienter inquiry requires the Court to consider all alleged facts collectively." Order at 31.

[3] Although the Order notes Steinhart participated in the June 29, 2023 shareholders' call, Plaintiffs do not allege that Steinhart was motivated to delay the Form 483 disclosure until this call. *See* ¶¶ 343–48. Indeed, by Plaintiffs' own allegations, Steinhart's last planned stock sale before the June 29, 2023 shareholders' call was on May 15, 2023. ¶ 344. Nor do Plaintiffs allege that Steinhart, in his role as CFO, was aware of any protocol violations noted in the Form 483 or enrollment issues with TRANQUILITY II such that he would have a motive to delay disclosure of the Form 483.

*Shrader v. CSK Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration motions should identify "matters . . . that might reasonably be expected to alter the conclusion reached by the court"). Such relief is appropriate when, among other reasons, there exists "an oversight in the Court's scienter evaluation of Plaintiffs' Section 10(b)" claim—as here. *Kasilingam v. Tilray, Inc.*, 2023 WL 5352294, at *1–2 (S.D.N.Y. Aug. 21, 2023) (citation omitted) (granting reconsideration and finding that plaintiffs failed to adequately plead scienter based on stock sales made pursuant to 10b5-1 trading plans).

## IV.    ARGUMENT

### A.    The PSLRA And Controlling Second Circuit Law Require Scienter To Be Pled With Particularity As To Each Individual Defendant

To plead scienter, a plaintiff must allege (1) that each defendant had the "motive and opportunity to commit fraud," or (2) "strong circumstantial evidence of conscious misbehavior or recklessness." *Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 355 (2d Cir. 2022). And to raise an inference of conscious misbehavior or recklessness, a plaintiff must "*specifically* allege[ ] defendants' knowledge of facts or access to information contradicting their public statements." *Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000) (emphasis added). Where a plaintiff fails to adequately plead motive, they must "produce a stronger inference of recklessness" and "the strength of the circumstantial allegations must be correspondingly greater." *Kalnit v. Eichler*, 264 F.3d 131, 142–43 (2d Cir. 2001).

As Defendants argued in both their motion to dismiss the SAC and their opposition to Plaintiffs' motion for leave to file the TAC, the PSLRA requires plaintiffs to plead scienter with particularity as to each individual defendant. 15 U.S.C. § 78u-4(b)(2); *see* Defs.' Mem. Opp. Mot. to Amend, ECF No. 143, at 10 (arguing "the PSLRA requires Plaintiffs to 'state with particularity,' among other things, specific 'facts giving rise to a strong inference' that each defendant acted with

6

the required intent to defraud—*i.e.*, 'scienter,'" citing 15 U.S.C. § 78u-4(b)); Defs.' Mot. Dismiss SAC, ECF No. 134-1, at 14 (similar). Indeed, the Second Circuit and district courts within it have consistently held that to meet the PSLRA's particularity requirements, plaintiffs must "allege facts that adequately address the scienter element with respect to each of the Individual Defendants." *In re CRM Holdings, Ltd. Sec. Litig.*, 2012 WL 1646888, at *30 (S.D.N.Y. May 10, 2012); *see e.g.*, *Jackson v. Abernathy*, 960 F.3d 94, 99 (2d Cir. 2020) (holding plaintiffs did not adequately plead scienter "against any individual"); *C.D.T.S. v. UBS AG*, 2013 WL 6576031, at *6 (S.D.N.Y. Dec. 13, 2013), *aff'd sub nom. Westchester Teamsters Pension Fund v. UBS AG*, 604 F. App'x 5 (2d Cir. 2015) ("Scienter must be separately pled and individually supportable as to each defendant . . . .").

**B.    The Section 10(b) Claims Against Steinhart Should Be Dismissed Because The TAC Does Not Adequately Plead His Scienter**

As the Court held, the TAC's stock sale allegations, standing alone, failed to plead a strong inference of scienter for Steinhart (or for that matter, Mehta). Order at 27–30. The Court then turned to Plaintiffs' alleged circumstantial evidence of recklessness. Under Second Circuit law, because Plaintiffs failed to plead motive, the strength of that circumstantial evidence must have been "correspondingly greater" to support an inference of scienter. *Kalnit*, 264 F.3d at 142. The Court's Order, however, does not identify any well-pled circumstantial evidence that *Steinhart* acted recklessly with respect to the March 16, 2023 statement in BioXcel's Form 10-K that "[p]atient enrollment is complete for TRANQUILTY II." ¶ 262. Rather, the circumstantial evidence the Court considered in making its scienter determination related to (1) other Individual Defendants; or (2) "Defendants" or the "Company"—not Steinhart. *See* Order at 31–32. And the Court did not address the fact that as CFO, Steinhart did not have the same knowledge, experience, or role as the other Individual Defendants, and nothing in the TAC suggests otherwise.

7

*First*, the specific allegations underpinning the Court's scienter holding concern Individual Defendants other than Steinhart. *See* Order at 31–32 (citing ¶¶ 238, 287 (noting Risinger's statement in response to analyst question concerning FDA audit and site monitoring); ¶¶ 300–05 (describing Mehta's and Risinger's experience with clinical trials)).[4]   The same is true of the allegations the Court cross-referenced when observing "the information provided by the CWs supports an inference that Defendants were aware of the enrollment-related issues at Dr. Meyer's site."  Order at 33; *see id.* at 18 (citing allegations concerning Mehta and Risinger).  Simply put, "the [T]AC contains no allegations that [Steinhart] *himself* was or should have been on notice" about the alleged enrollment-related issues at Dr. Meyer's trial site.  *Kasilingam*, 2023 WL 5352294, at *6 (scienter as to individual defendant insufficient where there were no "particularized allegations of his knowledge").

*Second*, other allegations referenced in support of the Court's scienter holding concern Defendants generally or BioXcel, but not Steinhart specifically.  *See* Order at 31–32 (citing ¶¶ 290–91 (attributing knowledge of Dr. Meyer's compliance violations to BioXcel, and alleging BioXcel's duty to cooperate with FDA); ¶ 287 (alleging "*Defendants* admitted that they knew about the Form 483 Letter") (emphasis added); ¶ 296 (alleging "*Defendants* were aware of Dr. Meyer's response and the contents within it when it was provided to the FDA") (emphasis added); ¶¶ 162–63 (alleging trial sponsor's responsibilities with respect to clinical investigations); ¶ 289 (alleging trial sponsor's responsibilities to conduct audits of trial sites, and BioXcel's knowledge before or upon receiving the Form 483); ¶ 165 (alleging BioXcel's duty to monitor and audit trial

---

[4] The Court also considered "Defendants Mehta and Risinger's hands-on involvement in the progress of BXCL501," as well as allegations focused on Mehta and Risinger's familiarity with the clinical trial, the Form 483, and the Dr. Meyer's response.  Order at 31 (citing ¶¶ 283–98, 315–19).  These allegations, too, do not concern Steinhart.

sites), ¶¶ 57–67 (alleging CW8 reported issues at Dr. Meyer's site to FDA));[5] *see also* Order at 18 (noting CW allegations generally concerning "senior management" and "the Company's Executives"). But "[s]cienter must be separately pled and individually supportable as to each defendant; scienter is not amenable to group pleading." *C.D.T.S.*, 2013 WL 6576031, at *6; *City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 419 (S.D.N.Y. 2020) (holding that both Rule 9(b) and the PSLRA require plaintiffs to "plead circumstances providing a factual basis for scienter for each defendant"). Plaintiffs' allegations regarding "Defendants" are thus impermissible "group pleading" that cannot suffice to plead Steinhart's scienter. As to Plaintiffs' allegations regarding BioXcel, a corporation can only act with scienter if scienter can be imputed *from* individuals within the corporation (whose knowledge could be imputed to the corporate entity as a whole). *See* Defs. Mem. Opp. Mot. to Amend, ECF No. 143, at 22 n.11 (citing *Jackson*, 960 F.3d at 98 ("[T]he most straightforward way to raise a strong inference of corporate scienter is to impute it from an individual defendant who made the challenged misstatement.") (citation & quotation omitted)). The Court's imputation of "BioXcel's" alleged knowledge or duty to monitor *onto* individual defendants, like Steinhart, to support a holding that Steinhart acted with scienter, turns that principle on its head.

All that is left, then, of TAC allegations specific to Steinhart's mental state concern his stock sales. Order at 33–34. But the Court held that "Plaintiffs' allegations of motive an[d] opportunity"—including Steinhart's and Mehta's stock sales—"are insufficient, standing alone, to allege scienter." Order at 25; *see also id.* at 27 ("Plaintiffs' second theory of motive . . . is not

---

[5] The allegations the Court considered about the clinical trial, the Form 483, Dr. Meyer's response, and the Company's supposed dependence on FDA's approval of BXCL501 also concern either the Company or Defendants, generally, and not Steinhart specifically. *See* Order at 31 (citing ¶¶ 283–98, 309–11).

sufficient alone to create a strong inference of scienter."); *id.* at 28 ("Plaintiffs' motive and opportunity allegations turn on their theory . . . [that is] not supported by the alleged facts."). Steinhart's stock sales only supported an inference of scienter when viewed collectively with the other circumstantial evidence pled by Plaintiffs, *id.* at 34—allegations which, as described above, do not specifically point to Steinhart.

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for reconsideration and dismiss Plaintiffs' Section 10(b) claim against Steinhart.

Dated: October 6, 2025
Washington, D.C.

Respectfully submitted,

LATHAM & WATKINS LLP

By:    /s/ *Sarah Tomkowiak*
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: sarah.tomkowiak@lw.com

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: (858) 523-5450
Email: colleen.smith@lw.com

Jessica Bengels [ct29396]
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: jessica.bengels@lw.com

Michele D. Johnson (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: (714) 540-1235
Fax: (714) 755-8290
Email: michele.johnson@lw.com

Meryn C. N. Grant (*pro hac vice*)
355 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763
Email: meryn.grant@lw.com

*Attorneys for Defendants*

11