**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiffs,<br><br>        v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>             Defendants. | Case No. 3:23-cv-00915-SVN<br><br>October 21, 2025 |

**REPLY IN SUPPORT OF DEFENDANTS'
<u>MOTION FOR RECONSIDERATION</u>**

Plaintiffs' Opposition does not meaningfully engage with the core defect in their pleadings identified in Defendants' Motion: the absence of particularized allegations supporting a strong inference of scienter for BioXcel's CFO, Richard Steinhart.

Plaintiffs acknowledge that reconsideration is appropriate if the Court overlooked controlling law or data but argue that Defendants do not point to any such law or data.  Opp. at 2–3.  Not so.  As explained in Defendants' Motion (and which Plaintiffs do not dispute), the PSLRA and Second Circuit case law require Plaintiffs to plead particularized allegations of scienter on a defendant-by-defendant basis.  Mot. at 6–7; *see, e.g.*, *C.D.T.S. v. UBS AG*, 2013 WL 6576031, at *6 (S.D.N.Y. Dec. 13, 2013) ("Scienter must be separately pled and individually supportable as to each defendant; scienter is not amenable to group pleading"), *aff'd sub nom. Westchester Teamsters Pension Fund v. UBS AG*, 604 F. App'x 5 (2d Cir. 2015).  Defendants showed that if the Court had conducted the requisite individualized analysis, it would have concluded that the TAC failed to plead scienter for Steinhart, because the TAC's scienter allegations concern "Defendants generally or BioXcel, but not Steinhart specifically."  Mot. at 8.  The Opposition only underscores this conclusion, as Plaintiffs fail to identify a single allegation in the TAC about Steinhart's (i) contemporaneous knowledge of the FDA Form 483, Dr. Meyer's response, or alleged protocol violations, or (ii) clinical oversight responsibilities comparable to Mehta (the CEO) or Risinger (the CMO).

Instead, Plaintiffs primarily point to their allegation that during the Q&A portion of the Company's June 29, 2023 investor call, *Risinger* said that "[w]e were aware" of the FDA audit and "we have been monitoring that site even more closely," and argue that "we" necessarily includes Steinhart because he was present for the Q&A session that day.  Opp. at 4.  That is not an "allegation" that the Court must accept as true—it is Plaintiffs' retroactive, speculative inference

(that appears nowhere in the TAC or any of their earlier briefs). The PSLRA requires particularized facts, not attorney attribution by pronoun.

Plaintiffs' conclusory argument that "Lead Plaintiffs alleged that Steinhart knew about the Form 483 and Dr. Meyer's response" likewise fails. Opp. at 4. All Plaintiffs muster in support is a citation to TAC paragraphs 287–88 and 296–98, none of which mention Steinhart specifically, as opposed to "Defendants" generally.

Next, Plaintiffs attempt to revive their scienter allegations concerning BioXcel's "need for financing," arguing that BioXcel's need for cash "would have focused Steinhart's attention on" the progress of Tranquility II and the protocol violations. Opp. at 5 (citing no allegations in the TAC). Setting aside Plaintiffs' embellishment of their pleading, the Court has already rejected the need-for-cash theory for purposes of motive for the remaining challenged statements. *See* Order, ECF No. 163 at 27 ("Plaintiffs fail to allege how the motive to receive the next tranche of funding from Oaktree and QIA actually could have incentivized the statements at issue . . . ."). And the allegations the Court cited when considering the supposed "need for financing," Order, ECF No. 163 at 31 citing TAC paragraphs 309–11, concern BioXcel generally, not Steinhart.

Finally, Plaintiffs observe that if the Court dismisses the Section 10(b) claim against Steinhart, he will remain in the case as a Section 20(a) defendant, and thus there is no "practical or legal benefit" to granting reconsideration. Opp. at 1, 5–6. But Plaintiffs' opinion regarding the "benefit" from dismissing their Section 10(b) claim against Steinhart is irrelevant. Section 10(b) and Section 20(a) are distinct causes of action, and Exchange Act plaintiffs typically assert both against executives in kitchen-sink complaints. The existence of a Section 20(a) claim (with a different pleading standard) does not relieve Plaintiffs of their burden to plead their Section 10(b)

claim as to each defendant.  Nor do Plaintiffs cite any case law standing for the proposition that reconsideration is improper absent a perceived "practical" impact on the litigation.

The Court should grant Defendants' motion and dismiss the Section 10(b) claim against Steinhart.  *See, e.g.*, *Kasilingham v. Tilray Inc.*, 2023 WL 5352294, at \*1–2 (S.D.N.Y. Aug. 21, 2023) (granting reconsideration where there existed a clear "oversight in the Court's scienter evaluation of Plaintiffs' Section 10(b)" claim).

Dated: October 21, 2025                    Respectfully submitted,


                                           LATHAM & WATKINS LLP

                                   By:     /s/ *Sarah Tomkowiak*
                                           Sarah Tomkowiak (*pro hac vice*)
                                           555 Eleventh Street, NW
                                           Suite 1000
                                           Washington, D.C. 20004
                                           Tel: (202) 637-2200
                                           Fax: (202) 637-2201
                                           Email: sarah.tomkowiak@lw.com

                                           Colleen C. Smith (*pro hac vice*)
                                           12670 High Bluff Drive
                                           San Diego, CA 92130
                                           Tel: (858) 523-5400
                                           Fax: (858) 523-5450
                                           Email: colleen.smith@lw.com

                                           Jessica Bengels [ct29396]
                                           1271 Avenue of the Americas
                                           New York, NY 10020
                                           Tel: (212) 906-1200
                                           Fax: (212) 751-4864
                                           Email: jessica.bengels@lw.com

                                           Michele D. Johnson (*pro hac vice*)
                                           650 Town Center Drive, 20th Floor
                                           Costa Mesa, CA 92626
                                           Tel: (714) 540-1235
                                           Fax: (714) 755-8290
                                           Email: michele.johnson@lw.com

                                           Meryn C. N. Grant (*pro hac vice*)
                                           355 South Grand Avenue
                                           Los Angeles, CA 90071
                                           Tel: (213) 485-1234
                                           Fax: (213) 891-8763
                                           Email: meryn.grant@lw.com


                                           *Attorneys for Defendants*