Adam M. Apton, Esq.
LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Co-Lead Plaintiffs*
*and Lead Counsel for the Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>Defendants. | Civil Action No.: 3:23-cv-915<br><br>The Honorable Sarala V. Nagala<br><br>**STIPULATION OF SETTLEMENT** |

This Stipulation of Settlement, dated February 27, 2026 (the "Stipulation"), is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is made and entered into by and among: (i) Lead Plaintiffs Tonya Hills ("Hills") and the Oklahoma Law Enforcement Retirement System ("OLERS") (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class (defined below); and (ii) BioXcel Therapeutics, Inc. ("BioXcel" or the "Company"), Vimal Mehta, Richard Steinhart, and Robert Risinger (collectively, "Defendants," and together with Plaintiffs, the "Parties"), by and through their

- 1 -

respective counsel in the above-captioned consolidated class action pending in the United States District Court for the District of Connecticut.  The Stipulation is intended to fully, finally, and forever compromise, resolve, discharge, settle, and dismiss with prejudice the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1 below.

## I.      THE LITIGATION

The Litigation is pending before the Honorable Sarala V. Nagala in the United States District Court for the District of Connecticut (the "Court").  The initial complaint in this action was filed on July 7, 2023, styled *Martin v. BioXcel Therapeutics, Inc., et. al.,* No. 3:23-cv-00915 (D. Conn.), ECF No. 1.

On September 5, 2023, counsel for Tonya Hill and OLERS filed a joint motion to appoint Co-Lead Plaintiffs and Co-Lead Counsel. ECF No. 78.  On October 4, 2023, the Court appointed Tonya Hills and Oklahoma Law Enforcement Retirement System ("OLERS") as Co-Lead Plaintiffs and approved their selections of Levi & Korsinsky, LLP and Grant & Eisenhofer P.A. as Co-Lead Counsel ("Lead Counsel" or "Class Counsel"). ECF No. 79.

On December 5, 2023, Plaintiffs filed their Amended Complaint. ECF No. 90.  On February 6, 2024, Defendants moved to dismiss Plaintiffs' Amended Complaint.  ECF No. 106. On July 11, 2024, the Court granted Defendants' motion to dismiss and provided Plaintiffs with leave to amend.  ECF No. 128.

On August 1, 2024, Plaintiffs filed the Second Amended Complaint. ECF No. 130.  On September 6, 2024, Defendants moved to dismiss the Second Amended Complaint. ECF No. 134. On February 24, 2025, while Defendants' motion to dismiss was pending, Plaintiffs moved for leave to file the Third Amended Complaint ("TAC"). ECF No. 141.

On April 9, 2025, the Parties jointly filed a motion to stay pending the resolution of private mediation. ECF No. 145.  The Court granted the motion the same day. ECF No. 146.  On May 12, 2025, the Parties participated in a full-day mediation session before an experienced mediator, David Murphy, familiar with securities class actions. At that time, the mediation was not successful.  Consequently, on May 23, 2025, the Parties filed a joint motion to lift the stay, which the Court granted on May 27, 2025. ECF No. 149.

On September 29, 2025, following oral argument, the Court denied Defendants' motion to dismiss the SAC and granted Plaintiffs' motion for leave to file the TAC in part. ECF No. 163. On September 29, 2025, Plaintiffs timely filed the operative complaint, *i.e.*, the TAC. ECF No. 164.

On October 6, 2025, Defendants filed a motion for reconsideration of the Court's order granting Plaintiffs' motion to amend. ECF No. 167.  On October 28, 2025, Defendants answered the TAC. ECF No. 173.  On December 17, 2025, the Court denied Defendants' motion for reconsideration. ECF No. 179.

On January 23, 2026, after several months of negotiations following the May 12, 2025 mediation and throughout the course of the proceedings described above, the Parties reached a tentative agreement to settle the Litigation for a cash payment of $9,750,000. This Stipulation contains the terms and conditions of the Parties' agreement.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Settling Defendants have denied and continue to deny that they have violated any laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law.  The Settling Defendants have denied and continue to deny that anyone suffered monetary harm as a result of any conduct by the Settling Defendants.  The Settling Defendants have denied and continue to deny specifically each, every, and all of the claims and contentions of

wrongful conduct by the Settling Defendants alleged in the Litigation, along with all charges of wrongdoing or liability against them arising out of any of the conduct alleged, or that could have been alleged, in the Litigation.  Settling Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

## III.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

The Settling Plaintiffs believe that the claims asserted in the Litigation have merit and that evidence could be obtained through discovery to support their claims.  The Settling Plaintiffs and their counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and any appeals.  The Settling Plaintiffs and their counsel also have taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  The Settling Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the claims asserted in the Litigation.  The Settling Plaintiffs and their counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, the Settling Plaintiffs and their counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Settlement Class and is fair, reasonable, and adequate.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Settling Parties.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Plaintiffs (for themselves and the Settlement Class Members), on the one hand, and the Settling Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure,

in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be settled, compromised, and dismissed with prejudice, without costs, except as stated herein, as to all Settling Parties, and releases extended as set forth in this Stipulation, upon and subject to the terms and conditions of this Stipulation, as follows:

## 1. Definitions

As used in this Stipulation the following terms have the meanings specified below. In the event of any inconsistency between any definitions set forth below and any definition set forth in any other document related to the settlement set forth in this Stipulation, the definitions set forth below shall control.

1.1    "Authorized Claimant" means any Settlement Class Member who submits a timely and valid Proof of Claim and Release Form and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

1.3    "Claims Administrator" means the firm retained by the Settling Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement Fund.

1.4    "Class Period" means the period from March 9, 2023 through June 28, 2023, both dates inclusive.

1.5    "Defendants" or "Settling Defendants" means BioXcel, Vimal Mehta, Richard Steinhart, and Robert Risinger.

1.6    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.

1.7    "Escrow Account" means the interest-bearing account controlled by the Escrow Agent into which the Settlement Amount is deposited by or on behalf of the Settling Defendants in accordance with the schedule specified in ¶ 3.1.

1.8    "Escrow Agent" means Esquire Bank.

1.9     "Final" means, with respect to any order of the Court, including, without limitation, the Final Order or Judgment, that such order represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order becomes Final when either: (a) no appeal has been filed and the time has passed for any notice of appeal to be timely filed; or (b) an appeal has been filed and either (i) the court of appeals has affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has affirmed the underlying judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving any petition for a writ of certiorari, or other writ that may be filed in connection with approval or disapproval of this settlement.  Any appeal or other proceeding pertaining to any order concerning the issue of attorneys' fees and expenses, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or preclude the Final Order or Judgment from becoming Final.

1.10    "Final Order" or "Judgment" means the Order Approving the Settlement and Order of Dismissal with Prejudice, substantially in the form attached hereto as Exhibit B.

1.11 "Immediate Family" means any immediate family members as that term is defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii).

1.12 "Lead Counsel" means the law firms of Levi & Korsinsky, LLP and Grant & Eisenhofer P.A.

1.13 "Litigation" means the action *Hills et al. v. BioXcel Therapeutics, Inc., et al.,* No. 3:23-CV-915 (D. Conn.).

1.14 "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court, which shall consist of the Settlement Fund less: (i) any Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other Court-approved fees or expenses.

1.15 "Officer" means any officer as that term is defined in the Securities Exchange Act of 1934 Rule 16a-1(f).

1.16 "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business, legal or other entity and their spouses, heirs, predecessors, successors, representatives, or assignees, and any other entity on behalf of whom the person has a legal right to make or release a claim.

1.17 "Plaintiffs" or "Settling Plaintiffs" means Tonya Hills and Oklahoma Law Enforcement Retirement System, individually and on behalf of the Settlement Class.

1.18    "Plaintiffs' Counsel" means any attorney or firm who has appeared in the Litigation on behalf of Plaintiffs, including Levi & Korsinsky, LLP and Grant & Eisenhofer P.A.

1.19    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and neither Settling Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.20    "Proof of Claim and Release Form" means the form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2, that a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.21    "Related Parties" means each Settling Defendant and each Settling Defendants' respective past, present or future parents, subsidiaries, joint ventures and joint venturers, divisions and affiliates, and their respective present and former employees, consultants, contractors, members, partnerships and partners, managers, principals, officers, directors, controlling shareholders, attorneys, advisors, financial advisors, investment banks, underwriters, accountants, auditors, and insurers and reinsurers; any entity in which a Settling Defendant has a controlling interest; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.22    "Released Claims" means all Released Settling Defendants' Claims and Released Plaintiffs' Claims.

1.23    "Released Settling Defendants' Claims" means all claims (including "Unknown Claims"), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses,

obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants in the Action. The foregoing release does not include claims relating to the enforcement of the settlement ("Excluded Settling Defendants' Claims")

1.24    "Released Plaintiffs' Claims" means all claims (including "Unknown Claims"), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that Plaintiffs or any other member of the Class: (i) (A) asserted in any of the complaints filed in the Litigation; or (B) could have asserted in the Litigation (or in any other action or in any other forum) that arise out of, are based upon, are related to any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Litigation, or that otherwise would have been barred by res judicata

had the Litigation been fully litigated to a final judgment and (ii) that relate to the (A) the purchase or sale of BioXcel securities between March 9, 2023 through June 28, 2023, both dates inclusive; and (B) all claims alleged or that could have been alleged in the Litigation, including but not limited to any acts or omissions relating to disclosures, public filings, registration statements, press releases, presentations, or other statements made by the Settling Defendants. The foregoing release does not include claims relating to the enforcement of the Settlement ("Excluded Plaintiffs' Claims").

1.25    "Released Persons" means each and all of the Settling Defendants and their Related Parties.

1.26    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.27    "Settlement Amount" means Nine Million Seven Hundred Fifty Thousand Dollars ($9,750,000.00) and no cents.

1.28    "Settlement Class" or "Class" consists of: All Persons that purchased or otherwise acquired BioXcel publicly traded securities during the Class Period, and were damaged thereby. Excluded from the Settlement Class are: (i) the Settling Defendants and their Related Parties; (ii) the officers, directors, and affiliates of BioXcel, at all relevant times; (iii) any entity in which the Settling Defendants have or had a controlling interest; (iv) Immediate Family members of any excluded person; and (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity (collectively the "Excluded Persons"). For the avoidance of doubt, the Class does not include any other Persons who validly and timely opted out of the Class (the "Opt Outs") (the Excluded Persons and the Opt Outs are collectively known as "Excluded Entities").

1.29    "Settlement Class Member" or "Member of the Class" means a Person who falls within the definition of the Settlement Class as set forth in ¶ 1.28 above.

1.30    "Settling Defendants' Releasees" means the Settling Defendants, as well as each of Settling Defendants' direct and indirect subsidiaries, parents (including holding companies), affiliates, associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, investment funds (including funds and account managed or advised by a Settling Defendant or an affiliate thereof), joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors, members, partners, and limited partners of any other of the foregoing entities, in their capacities as such, as well as each of the Settling Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, successors, and assigns, as well as any trust of which any of the Settling Defendants is the settlor or which is for the benefit of any of the Settling Defendants and/or members of his family, and any other entity in which any of the Settling Defendants has a controlling interest or which is related to or affiliated with any of the Settling Defendants.

1.31    "Settling Plaintiffs' Releasees" means the Plaintiffs, Class Counsel, and each and every Class Member, as well as each of their current and former parents, affiliates, and subsidiaries, and their respective principals, officers, directors, employees, consultants, representatives, parents, attorneys, agents, predecessors, and partners, in their capacities as such, and the spouses, members of the immediate families, representatives, and heirs of any Settling Plaintiffs' Releasee who is an individual, as well as any trust of which any Settling Plaintiffs' Releasee is the settlor or which is for the benefit of any of their immediate family members in their capacities as such, as well as the heirs, successors and assigns of any of the foregoing.

1.32    "Settlement Fund" means the Settlement Amount plus all interest and income earned thereon after being transferred to the Escrow Account.

1.33    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.34    "Settling Defendants" means, collectively BioXcel, Vimal Mehta, Richard Steinhart, and Robert Risinger.

1.35    "Settling Parties" means, collectively, the Settling Defendants and the Settling Plaintiffs, on behalf of themselves and the Settlement Class.

1.36    "Unknown Claims" means any and all Released Claims which Settling Plaintiffs, Plaintiffs' Counsel, any Settlement Class Members, Settling Defendants, or Settling Defendants' counsel do not know or suspect to exist in his, her, its, or their favor as of the Effective Date which, if known by him, her, it, or them might have affected his, her, its, or their decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Settling Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by or under California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settling Plaintiffs acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now knows or believes to be true with respect to the subject

matter of the Released Claims.  Nevertheless, the Settling Plaintiffs shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Stipulation.

2.    **CAFA Notice**

2.1    Defendants will bear the costs and responsibility of serving notice of the settlement upon the "Appropriate State Official" and "Appropriate Federal Official," as those terms are defined by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(a), and shall do so no later than 10 calendar days after the Stipulation of Settlement is filed with the Court.

3.    **The Settlement**

a.    **The Settlement Fund**

3.1    No later than (1) twenty-five (25) calendar days following the signing of an order by the Court preliminarily approving the settlement and (2) receipt of accurate payment instructions, information necessary to effectuate a transfer of funds (including the bank's street address and a contact at the bank for verification purposes), or the sending of a check (including a valid street address) and a W-9 for the Settlement Fund, whichever comes later, the Settling Defendants shall cause the Settlement Amount to be deposited into the Escrow Account by their insurers.

3.2    Other than the obligation of the Settling Defendants to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶ 3.1 herein, the Settling Defendants shall have no obligation to make any other payment into the Settlement Fund or to any Plaintiff or Class Member pursuant to this Stipulation, and shall have no responsibility, obligation, or liability with respect to the Escrow Account or the monies maintained in the Escrow Account or the administration of the Settlement, including, without limitation, any responsibility or liability related to any fees, taxes, investment decisions, maintenance, supervision or distribution of any portion of the Settlement Amount.

3.3    Without further approval of the Court, the Settlement Fund may be used by Lead Counsel for reasonable costs and expenses (in an amount not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00)) actually incurred in connection with providing notice of the Settlement to the Class, locating Settlement Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release Forms, administering the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").

### b.    The Escrow Agent

3.4    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in this Stipulation; (b) by an order of the Court; or (c) with the prior written agreement of Defendants' counsel.

3.5    The Settlement Fund shall be used as provided in ¶ 6.5 below.

3.6    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Persons shall have no responsibility

for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.7    Except as provided herein or pursuant to orders of the Court, the entire Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

### c.    Taxes

3.8    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1 and the Settling Parties agree not to take any position for tax purposes inconsistent therewith.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or

- 15 -

advisable to carry out the provisions of this ¶ 3.8, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).

(c)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this Section 3 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Section 3) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund,

shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Escrow Account without prior approval of the Settling Defendants, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 3.

### d.    Refund Upon Termination of Settlement

3.9    In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, then any portion of the Settlement Fund that has been deposited into the Escrow Account by the Settling Defendants shall be returned, at the direction of Settling Defendants' counsel, to the persons who deposited the Settlement Amount into the Escrow Account within twenty-one (21) calendar days, except sums actually paid from the Settlement Fund for the reasonable costs of Notice and Administration Expenses.

### 4.    Preliminary Approval Order and Settlement Hearing

4.1    Absent agreement of the Settling Parties, within ten (10) calendar days after execution of this Stipulation, Lead Counsel shall move for entry of an order (the "Preliminary

Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and approval for publication of a settlement notice (the "Notice") and summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto, and the mailing of a postcard notice (the "Postcard Notice"), substantially in the form of Exhibit A-4 attached hereto.

4.2     Notice shall be provided in accordance with Rule 23, based on direction from the Court.  The cost of providing Notice to Settlement Class Members in the manner set forth above shall be paid out of the Settlement Fund, and the Claims Administrator shall administer dissemination of the Notice, under the direction of Lead Counsel.  Provided the Settling Defendants comply with their obligations under this Stipulation, Settlement Class Members shall have no recourse as to the Settling Defendants or counsel for the Settling Defendants with respect to any claims they may have that arise from any failure of the notice process.

4.3     Lead Counsel will be responsible for developing a Plan of Allocation to be approved by the Court.

4.4     BioXcel shall provide to Lead Counsel or the Claims Administrator certain transfer records reflecting ownership or acquisition of BioXcel securities within fifteen (15) business days of the date of entry of the Preliminary Approval Order.  It shall be solely Lead Counsel' responsibility to disseminate the Notice, Postcard Notice, and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.

4.5     Lead Counsel shall request that, after notice is given and not earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §

1715 *et seq.* ("CAFA") as set forth in Section 2 above, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.

4.6    At the Settlement Hearing, the Settling Parties shall jointly request entry of the Final Order, in the form attached hereto as Exhibit B:

(a)    finally approving the Settlement as fair, reasonable and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing consummation pursuant to its terms;

(b)    directing that the Litigation be dismissed without costs and expenses, except as set forth in this Stipulation, and with prejudice, and releasing the Released Claims;

(c)    permanently barring and enjoining the institution and prosecution, by the Settling Plaintiffs and/or the Settlement Class Members, of any other action against the Released Persons in any court asserting the Released Claims;

(d)    reserving jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation, and enforcement of this Stipulation;

(e)    finding that the Litigation was prosecuted and defended on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 11 of the Federal Rules of Civil Procedure;

(f)    finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delaying and directing entry of a final judgment; and

(g)    containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

**5.      Releases**

5.1      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Litigation as against Settling Defendants; and (b) the Releases provided for herein.

5.2      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Settling Defendants and Settling Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against the Settling Defendants and the Settling Defendants' Releasees.  This Release shall not apply to the Excluded Plaintiffs' Claims.

5.3      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Settling Defendants, on behalf of each of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Settling Defendants' Claims against Plaintiffs and Settling Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Settling Defendants' Claims against any of the Plaintiffs and the Settling Plaintiffs' Releasees.  This Release shall not apply to any of the Excluded Settling Defendants' Claims.

5.4     The terms of 15 U.S.C. § 78u-4(f)(7) apply to this Settlement, including that each Settling Defendant will be discharged from all claims for contribution brought by other persons, and the Judgment shall so provide.  The Judgment will include a bar order constituting the final discharge of all obligations to any Plaintiff and any Settlement Class Member of each of the Settling Defendants arising out of the Litigation and will bar all future claims for contribution arising out of the Litigation by any person against any Settling Defendant.  Nothing provided pursuant to this ¶ 5.4 is intended to vitiate or otherwise affect any contractual indemnification or contribution rights and obligations between or among the Settling Defendants.

5.5     Notwithstanding ¶¶ 5.2, 5.3, and 5.4 above, nothing in the Judgment, or the Alternate Judgment, if applicable, will bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.

6.2     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation.  None of the Settling Defendants, nor their Related Parties, shall have any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any Person or entity, including, but not limited to, the Settling Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing.  The

Settling Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

6.3    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Proof of Claim and Release Form online at a website maintained for the purpose of providing information to the Settlement Class; and (b) have the Summary Notice and Postcard Notice published and mailed, respectively, in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

6.4    The finality of the Court's Final Order approving the Stipulation shall not be conditioned on any ruling by the Court concerning the Plan of Allocation.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Stipulation or affect or delay the Effective Date or the effectiveness or finality of the Final Order and the release of the Released Claims. The Settling Defendants shall not object in any way to the Plan of Allocation or any other plan of allocation in this Litigation.

6.5    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Plaintiffs' Counsel and reimbursement of Plaintiffs' expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)    to pay any Plaintiffs' Award subject to the approval of the Court; and

(e)    after the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

6.6    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

6.7    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release Form, postmarked or submitted electronically by the date specified in the Preliminary Approval Order, or such other time as may be set by the Court (the "Bar Date"), substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release Form.

6.8    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release Form within such period shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action claim, or other proceeding of any kind against the Released Persons concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall

have any claim against Plaintiffs, their counsel, the Released Persons, the Claims Administrator or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

6.9    Each Proof of Claim and Release Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to ¶ 6.12 below.

6.10    Other than in the event of the termination of the Settlement pursuant to ¶ 3.9 or as provided in ¶¶ 8.2 and 8.5, the Settling Defendants shall not have a reversionary interest in the Net Settlement Fund.  The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Any such Plan of Allocation is not part of this Stipulation.  No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the Effective Date.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion.  These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is too small to distribute in an economically feasible manner, in which case Class Counsel will make a proposal to the Court as to how to disperse of the remaining balance.

6.11    The Settling Defendants and their Related Parties shall have no responsibility for or liability whatsoever with respect to the selection of the Claims Administrator, the administration of the Settlement, the investment or distribution of the Settlement Fund or Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or

withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Counsel, Plaintiffs, or any Class Members in connection with the foregoing.

6.12    No person or entity shall have any claim against Lead Counsel, Plaintiffs, the Settling Defendants, the Claims Administrator, or any other agent designated by Lead Counsel or the Settling Defendants and/or their respective counsel, arising from distributions to Class Members, the Plan of Allocation approved by the Court, or any order of the Court.  Neither Lead Counsel, Plaintiffs, nor the Settling Defendants, or their respective counsel, shall have any liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.  This provision does not include any claim by any party for breach of this Stipulation.

6.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.  The time to appeal from approval of the settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been approved.

6.14    All Persons who fall within the definition of Settlement Class Members (who do not exclude themselves) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release Form or any similar document, any distribution from the Settlement Fund or Net Settlement Fund.

### 7.    Lead Counsel's Attorneys' Fees and Expenses

7.1    Lead Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

7.2    Lead Plaintiffs may submit an application or applications to the Court (the "Plaintiffs' Award Application") for awards for their time and expenses in representing the Class. Any such amounts awarded to Plaintiffs, as approved by the Court (the "Plaintiffs' Award"), shall be payable solely out of the Settlement Fund.

7.3    Any fees and expenses, as awarded by the Court (the "Fee and Expense Award"), shall be paid to Lead Counsel solely out of the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any appeal or potential for appeal thereof.  Lead Counsel may thereafter allocate, subject to the conditions below, the attorneys' fees among Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

7.4     In the event that the Effective Date does not occur, or the Judgment or the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including their partners and/or shareholders, and such other Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from the Settling Defendants' counsel or from a court of appropriate jurisdiction, refund to the Escrow Account all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination.  Any refunds required pursuant to this paragraph shall be the several obligation of each firm receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Lead Counsel, as a condition of receiving such fees and/or expenses on its behalf, agree that each firm is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

7.5     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award or Plaintiffs' Award to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this

Stipulation and the Settlement of the Litigation set forth therein (including the releases contained herein).

7.6    The Settling Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, the payment of any Fee and Expense Award to any Lead Counsel, or with respect to the allocation among Lead Counsel and/or any other Person who may assert a claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**8.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

(b)    the Court has entered the Preliminary Approval Order;

(c)    the Settlement Amount has been deposited into the Escrow Account;

(d)    no party has exercised its option to terminate the Stipulation pursuant to ¶¶ 8.2 or 8.4 hereof;

(e)    The Court has approved the Settlement described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(f)    The Court has entered the Final Order, *inter alia*, dismissing with prejudice the Litigation, as to the Settling Defendants;

(g)    The Final Order has become Final, as defined in ¶ 1.9 hereof; and

(h)     Notwithstanding the foregoing, in the event that BioXcel files for bankruptcy protection or an insolvency proceeding is otherwise commenced against BioXcel prior to the Final Order, the Settlement will be contingent on the Bankruptcy Court's approval of a Bankruptcy Rule 9019 Motion approving the Settlement and the Bankruptcy Court's approval of a Motion To Modify the Automatic Stay to authorize the payment of the Settlement Amount and defense expenses by one or more insurance companies providing insurance coverage to Defendants.

8.2     Class Plaintiffs, through Lead Counsel, and the Settling Defendants, through the Settling Defendants' counsel, shall, in the discretion of each, have the right to terminate the Settlement set forth in this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Settlement Parties within thirty (30) days of the date on which any of the following should happen: (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Stipulation or any material part of it; (iii) the Court enters an order declining to enter the Final Order in any material respect; or (iv) the Final Order is modified or reversed by a court of appeal or any higher court in any material respect. Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application, Plaintiffs' Award Application, and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of this Stipulation or Settlement.

8.3     This is not a claims-made settlement; there will be no reversion. If the Stipulation is finally approved and a Judgment has become Final, the Settling Defendants shall have no ability to get back any of the Settlement Amount.

8.4     BioXcel shall have the right to terminate the Settlement and render it null and void in the event that Settlement Class Members who purchased or otherwise acquired more than a certain percentage of BioXcel securities subject to this Settlement exclude themselves from the Settlement Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between the Settling Plaintiffs and the Settling Defendants, by and through their counsel.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Settling Parties concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

8.5     Except as otherwise provided herein, in the event that the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with its terms, the Settling Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action. In such event:

(a)     within ten (10) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest) and all payments disbursed, less reasonable expenses which have been properly disbursed pursuant to Section 3 hereof or are determined to be properly chargeable to the Settlement Fund, up to the amount provided in ¶ 3.3, shall be refunded, reimbursed, and repaid by the Escrow Agent to BioXcel or BioXcel's paying insurers pursuant to written instructions by

Defendants' counsel.  If such amounts are not timely paid by the Escrow Agent, then interest shall accrue at the rate of 5% per annum, until such amounts are paid;

(b)    the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' counsel;

(c)    the Settling Parties shall be restored to their respective positions in the Litigation as of January 23, 2026;

(d)    the terms and provisions of the Stipulation, with the exception of ¶¶ 3.9, 7.4, 8.2, and 9.1, and any other paragraph that expressly survives termination of the Settlement, shall have no further force and effect with respect to the Settling Parties, and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Litigation or in any other proceeding for any purpose (other than to enforce the terms remaining in effect); and

(e)    any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of Plaintiffs' counsel shall constitute grounds for cancellation or termination of the Stipulation.

**9.      No Admission of Wrongdoing**

9.1      Neither this Stipulation (whether or not consummated), including the exhibits hereto and any Plan of Allocation that may be approved by the Court, the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this

Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by the Settling Defendants or in any way referred to for any other reason as against the Settling Defendants, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs that any of their claims are without merit, that the Settling Defendants had meritorious defenses, or that damages recoverable under the TAC would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Settling Plaintiffs' Releasees or Settling Defendants' Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Settling Parties,

Settling Plaintiffs' Releasees, and Settling Defendants' Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**10.    Miscellaneous Provisions**

10.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation expeditiously.

10.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation and the Released Claims, or which could have been asserted with respect to the Litigation based on the same factual predicate.  The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense. The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 with respect to the institution, prosecution, defense, and resolution of the Litigation. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

10.3    The Settling Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, including through discussions mediated by David Murphy, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were

fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

10.4    Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Settling Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation, pursuant to the terms of such agreements.

10.6    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.7    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest or by order of the Court.

10.8    DISCLAIMER OF RELIANCE. The Settling Parties expressly acknowledge and agree that there are no representations, agreements, arrangements or understandings, oral or

written, concerning the subject matter hereof between and among the Settling Parties which are not fully expressed or incorporated by reference herein.  Each of the Settling Parties further expressly acknowledges and agrees that it has not relied on, or been induced by, any representation, warranty, statement, estimate, communication, or information, of any nature whatsoever, whether written or oral, by any other Settling Party (or any agent or representative of any Settling Party), except as expressly set forth in this Stipulation.  Each of the Settling Parties expressly disclaims reliance upon any communication or information, whether written or oral, between or among the Settling Parties at any time prior to and during the negotiation and execution of this Stipulation. Except as otherwise provided herein, each Settling Party shall bear its own costs.

10.9    This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

10.10   Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

10.11   Lead Counsel, on behalf of the Settlement Class, represents that it is expressly authorized by the Settling Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

10.12   Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.13   This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or in .pdf form via e-mail shall be deemed originals.

10.14   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

### *If to Settling Plaintiffs or to Lead Counsel:*

LEVI & KORSINSKY, LLP
Attn: Adam M. Apton
33 Whitehall Street, 27th Floor
New York, New York 10004
Telephone: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

GRANT & EISENHOFER P.A
Attn: Abe Alexander
485 Lexington Avenue

New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: aalexander@gelaw.com

***If to Settling Defendants' or Defendants' Counsel:***

LATHAM & WATKINS LLP
Attn: Colleen C. Smith
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: (858) 523-5450
Email: colleen.smith@lw.com

10.15   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties, including any corporation or other entity into or with which any party merges, consolidates, or reorganizes.

10.16   The Standing Protective Order, entered July 7, 2023 (ECF No. 7), by its terms survives this Settlement, and the Settling Parties remain subject to their rights and obligations thereunder.

10.17   The Court shall retain exclusive jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

10.18   No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

10.19   Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

10.20   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Connecticut, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of Connecticut without giving effect to its choice-of-law principles.

10.21   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.22   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated February 27, 2026.

[*Signatures on following pages*]

**LEVI & KORSINSKY, LLP**

Adam M. Apton
33 Whitehall Street, 27th Floor
New York, New York 10004
Telephone: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com

*Counsel for Co-Lead Plaintiff Tonya Hills and*
*Co-Lead Counsel for the Class*


**GRANT & EISENHOFER P.A**

Abe Alexander
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: aalexander@gelaw.com

*Counsel for Co-Lead Plaintiff OLERS and*
*Co-Lead Counsel for the Class*


**LATHAM & WATKINS LLP**

Colleen C. Smith
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: (858) 523-5450
Email: colleen.smith@lw.com

*Counsel for Defendants*

- 39 -

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>            Defendants. | Civil Action No.: 3:23-cv-915<br><br>The Honorable Sarala V. Nagala<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT** |

**WHEREAS**, a class action is pending before the Court entitled *Hills v. BioXcel Therapeutics, Inc., et. al.,* No. 3:23-CV-915 (D. Conn.);

**WHEREAS**, (a) Lead Plaintiffs Tonya Hills ("Hills") and the Oklahoma Law Enforcement Retirement System ("OLERS") (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class (defined below); and (b) defendants BioXcel Therapeutics, Inc. ("BioXcel" or the "Company"), Vimal Mehta, Richard Steinhart, and Robert Risinger (collectively, "Defendants," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Litigation with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated February 27, 2026 (the "Stipulation") subject to the approval of this Court (the "Settlement");

**WHEREAS**, the Court having reviewed and considered Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), all papers submitted in support thereof, and the proposed Settlement as set forth in the Stipulation, which, together with the

exhibits annexed thereto, sets forth the terms and conditions of the proposed Settlement of the above-captioned Litigation, including dismissing of the Litigation with prejudice as to Defendants upon the terms and conditions set forth therein, a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Litigation; and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including Settlement Class Members.

3.      The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate as to all Settlement Class Members, pending a final settlement and fairness hearing (the "Settlement Hearing").  The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to any of the Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

4.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Court hereby certifies a Settlement Class, defined as: All Persons that purchased or otherwise acquired BioXcel publicly traded securities during the Class Period, and were damaged thereby. Excluded from the Settlement Class are: (i) the Settling

2

Defendants and their Related Parties; (ii) the officers, directors, and affiliates of BioXcel, at all relevant times; (iii) any entity in which Settling Defendants have or had controlling interest; (iv) Immediate Family members of any excluded person; and (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity. Also excluded from the Settlement Class are those Persons who validly and timely request exclusion.

5.      With respect to the Settlement Class, this Court finds solely for purposes of effectuating this settlement that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7.      The Court approves the appointment of Strategic Claims Solutions as the Claims

Administrator to supervise and administer the notice procedure and the processing of claims.

8.    The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that includes any Released Claims against the Settling Parties.

9.    The Court hereby approves, as to form and content, the proposed Notice and Postcard Notice, substantially in the forms annexed hereto as Exhibits A-1 and A-4, and directs that as soon as practicable after entry of this Order, but no later than fourteen (14) days after entry of this Order granting preliminary approval, that the Settlement Administrator publish the Notice on a website to be maintained by the Claims Administrator and provide the Postcard Notice to each known Settlement Class Member via first class U.S. mail, postage pre-paid. BioXcel shall cooperate in the identification of Settlement Class Members by producing reasonably available information from its shareholder transfer records or transfer agent.  The Claims Administrator shall file with the Court proof of mailing of the Notice seven (7) days prior to the Settlement Hearing.

10.    Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired BioXcel securities for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Postcard Notice to all beneficial owners of BioXcel securities purchased or otherwise acquired during the Class Period; or (b) send a list of the name, addresses and email addresses of such beneficial owners to the Claims Administrator; or (c) request a link to the location of the Notice and Proof of Claim and Release Form and email the link to Settlement Class Members. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name, address and email address provided to the Claims Administrator; or up to $0.03 per Postcard Notice mailed, plus

4

postage at the rate used by the Claims Administrator; or up to $0.03 per email sent. The Claims Administrator or nominees shall provide notice to each Settlement Class Member no later than sixty (60) days prior to the Settlement Hearing.

11.    As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

12.    The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

13.    The Court hereby approves, as to form and content, the proposed form Summary Notice, substantially in the form annexed hereto as Exhibit A-3, and directs that, within twenty-one (21) days after entry of this Order granting preliminary approval, the Claims Administrator shall cause such Summary Notice to be published on a national business newswire.  The Claims Administrator shall file with the Court proof of publication of the Summary Notice seven (7) days prior to the Settlement Hearing.

14.    The Court approves the proposed Proof of Claim and Release Form substantially in the form of Exhibit A-2 hereto.

15.    The Court orders that the Notices, Proof of Claim and Release Form, Stipulation of Settlement and all papers submitted in support thereof be posted to a website to be maintained by the Claims Administrator.

16.     This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

(a)     Constitute the best practicable notice to Settlement Class Members under the circumstances of this Litigation;

(b)     Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Litigation, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)     Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)     Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

17.     Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release Form in accordance with the instructions contained in the Notice.  Unless the Court orders otherwise, all Proof of Claim and Release Forms must be

6

submitted no later than one hundred twenty (120) days after entry of this Order.

18.    Any Settlement Class Member who does not submit a Proof of Claim and Release Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by the Court.  Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

19.    Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than twenty-eight (28) days prior to the Settlement Hearing.  Any Request for Exclusion that does not supply the information required by this Paragraph 19 shall be rejected, and any such Settlement Class Member shall be bound by the Stipulation and any Final Judgment entered in connection therewith.

20.    All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until seven (7) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim and Release Form prior to the Settlement Hearing (the "Bar Date").

21.    Unless otherwise ordered by the Court, the Court stays all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the

Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Related Parties.

22. The Settlement Hearing shall take place before the undersigned, United States District Judge Sarala V. Nagala, in Courtroom 1 at the United States District Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut 06103, on _____, at ____:__.m., to determine:

(a) Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b) Whether the Litigation should be dismissed on the merits and with prejudice as to the Defendants;

(c) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Litigation;

(d) Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

(e) Whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class; and

(f) Such other matters as the Court may deem necessary or appropriate.

23. The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the Parties and without further notice to the Settlement Class Members.

24. Class Counsel and/or Defendants' counsel shall submit papers in support of the

8

Settlement, Plan of Allocation, Plaintiffs' Award and Fee and Expense Award no later than thirty-five (35) days prior to the Settlement Hearing.

25.    Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing; provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty-eight (28) days before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention. Such Settlement Class Member shall also provide documentation sufficient to establish the BioXcel securities purchased, acquired and sold from March 9, 2023 through June 28, 2023, both dates inclusive (including the number of shares, dates, and prices). Failure to provide such information and documentation shall be grounds to void the objection.

26.    All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed fourteen (14) days prior to the Settlement Hearing.

27.    Defendants shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

28.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Class Counsel should be approved.

9

29.     All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.  Upon payment of the Settlement Amount to the Escrow Account by Defendants or on their behalf, the contents of the Settlement Fund held by Esquire Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.  There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved.

30.     If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Settlement Class Member submits a Proof of Claim and Release Form.  Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Litigation.

31.     Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Class Members from BioXcel's shareholder transfer records, in no event shall Defendants have any responsibility for the administration of the

Settlement, and Defendants shall not have any obligation or liability to Plaintiffs in connection with such administration.

32.    No Person shall have any claim against the Settling Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Settling Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

33.    Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and Defendants have represented that they entered into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

34.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

35.    The Settling Parties, and each of their counsel may file the Stipulation and/or the Final Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction of any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

36.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and

11

in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

37.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth above, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.

**SO ORDERED** in the District of Connecticut on _____, 2026.

<br>

THE HON. SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

12

**EXHIBIT A-1**

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>Defendants. | Civil Action No.: 3:23-cv-915<br><br>The Honorable Sarala V. Nagala<br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED BIOXCEL THERAPEUTICS, INC. SECURITIES FROM MARCH 9, 2023 THROUGH JUNE 28, 2023, INCLUSIVE.**

_**A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.**_

**Notice of Proposed Settlement:** This Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Connecticut ("Court").[1] Please be advised that the Court-appointed Class Representatives Tonya Hills ("Hills") and the Oklahoma Law Enforcement Retirement System ("OLERS" and together with Hills, "Class Representatives") have reached a proposed settlement of the above-captioned securities class action for **$9,750,000** in cash ("Settlement") with defendants BioXcel Therapeutics, Inc. ("BioXcel" or the "Company"), Vimal Mehta, Richard Steinhart, and Robert Risinger (collectively, "Defendants").  If approved by the Court, the Settlement will resolve all claims in the Litigation, including Class Representatives' claims that Defendants allegedly violated the federal securities laws by making materially false or misleading statements and omissions during the Class Period.  The history of the Litigation and the claims being released by the Settlement are detailed below.

---

[1] All capitalized terms not define in this Notice have the meanings provided in the Stipulation of Settlement, filed with the Court on February 27, 2026 ("Stipulation").  The Stipulation can be viewed at www.BioXcelSecuritiesSettlement.com.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE PROCEEDS OF THE SETTLEMENTS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2026.**

**Shares and Time Period:** BioXcel Therapeutics, Inc. ("BioXcel" or the "Company") common stock (CUSIP: 09075P204) purchased between March 9, 2023 through June 28, 2023, both dates inclusive (the "Class Period").

**Settlement Fund:** $9,750,000.00 in cash. Your recovery will depend on the amount of shares purchased and the timing of your purchases and any sales. Depending on the number of eligible shares that participate in the Settlement and when those shares were purchased and sold, Class Representatives estimate the average cash recovery per share of common stock will be approximately $1.52 per share (assuming claims representing shares are filed) before deduction of court-approved fees and expenses.

**Reasons for Settlement:** Class Representatives' principal reason for entering into the Settlement is the substantial certain cash benefit for the Settlement Class and the avoidance of the costs and risks associated with continued litigation, including the danger of no recovery for Class Members. Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

2

**If the Class Action Had Not Settled:**  Continuing with the case could have resulted in dismissal or loss at trial.  The two sides do not agree on the amount of money that could have been won if Class Representatives prevailed at trial. The parties also disagree about: (1) the method for determining whether the price of BioXcel common stock was artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various statements and/or omissions alleged by Class Representatives were materially false or misleading; (4) whether Defendants knew or were recklessly unaware of the alleged misconducts; and (5) whether the statements and/or omissions alleged were material, false, misleading, or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:**  Class Representatives are represented by Lead Counsel. Lead Counsel have not received any payment for their work investigating the facts, conducting this litigation or negotiating the settlement on behalf of Class Representatives and the Settlement Class. Court-appointed Lead Counsel will ask the Court for an award of attorneys' fees equal to or less than $2,437,500 which amounts to 25% of the Settlement Fund and reimbursement of out-of-pocket litigation expenses not to exceed $225,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.42.

**Deadlines:**

Submit Claim: _____, 2026
Request Exclusion: _____, 2026
File Objection: _____, 2026

**Court Hearing on Fairness of Settlement:** _____, 2026 at __:__ _.m.

**More Information:** www.BioXcelSecuritiesSettlement.com or

3

**Claims Administrator:**
*Hills et al. v. BioXcel Therapeutics, Inc., et al.*
[INSERT]
[INSERT]
[INSERT]
Toll-free:
Fax:
Email:

**Lead Counsel:**
Adam M. Apton, Esq.
LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, New York 10004
aapton@zlk.com

Abe Alexander
GRANT & EISENHOFER P.A
485 Lexington Avenue
New York, NY 10017
aalexander@gelaw.com

## <u>YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION SETTLEMENT</u>:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment |

These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

The Court in charge of this case must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

4

## BASIC INFORMATION

1.      **Why Did I Get This Notice Package?**

You or someone in your family may have purchased BioXcel securities between March 9, 2023 through June 28, 2023, both dates inclusive.

The Court ordered that this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Connecticut, and the case is known as *Hills et al. v. BioXcel Therapeutics, Inc., et al.,* Case No. 3:23-CV-915. The person who sued is called the Plaintiff or Plaintiffs, and the company and individuals sued are called Defendants. Defendants have agreed to settle the claims made in this case.

2.      **What is this Lawsuit About?**

Plaintiffs filed this lawsuit alleging that Defendants acted with scienter when making false and/or materially misleading statements concerning the TRANQUILITY II clinical trial and Defendants' compliance with applicable clinical trial protocols and FDA regulations. Plaintiffs allege that false and materially misleading statements induced shareholders to purchase BioXcel securities at artificially inflated prices. Plaintiffs further allege that when the truth concerning the development of the TRANQUILITY II clinical trial was revealed, the value of BioXcel's common

5

stock declined and, as a result, Plaintiffs and other members of the Settlement Class suffered substantial damages. Defendants have denied, and continue to deny, each and all of the claims and allegations of wrongdoing made by Plaintiffs in this lawsuit and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law.

### 3.      Why Is This a Class Action?

In a class action, one or more people or entities called class representatives sue on behalf of people who have similar claims.  Here, all these people are called a Class or Class Members. One court resolves the issues for all the Class Members, except for those who exclude themselves from the Class.

### 4.      Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the costs of litigation and eligible Settlement Class Members who make valid claims will get compensation. Plaintiffs and their attorneys believe the settlement is best for all Settlement Class Members.

<strong><u>WHO IS IN THE SETTLEMENT</u></strong>

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

### 5.      How Do I Know if I Am a Part of the Settlement?

The Settlement Class includes: All Persons that purchased or otherwise acquired BioXcel publicly traded securities during the Class Period, and were damaged thereby.

### 6.      What Are the Exceptions to Being Included?

You are not a Settlement Class Member if you are:

- One of the Defendants or their Related Parties;

6

- An officer, director, or affiliate of BioXcel;

- Any entity in which Defendants have or had controlling interest;

- An Immediate Family member of any excluded person; or

- The legal representative, heir, successor, or assign of any excluded person or entity.

### 7.    I'm Still Not Sure If I Am Included in the Class Action

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at [INSERT], or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8.    What Does the Settlement Provide?

Defendants have agreed to pay a total of **$9,750,000.00** in cash. The Settlement Fund will be divided among all eligible Settlement Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund").

### 9.    How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on several things, including, how many Settlement Class Members submit timely and valid Proof of Claim forms, the total recognized losses represented by the valid Proof of Claim forms that Settlement Class Members send in, the total number of shares of BioXcel common stock or securities you purchased, how much you paid, when you purchased, and if you sold your shares and for how much. By following the instructions

in the following Plan of Allocation, you can calculate what is called your Recognized Loss (defined below).

The Plan of Allocation for this Settlement is as follows:

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

2.      A Recognized Loss will be calculated for each share of BioXcel common purchased or otherwise acquired during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the BioXcel common stock was purchased or otherwise acquired during the Class Period, and in what amounts, and whether such stock was sold (or otherwise disposed of), and if sold, when it was sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

3.      The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of BioXcel common stock was artificially inflated throughout the Class Period. The computation of the estimated alleged artificial inflation in the price of BioXcel common stock during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

4.      The U.S. federal securities laws allow investors to recover losses caused by disclosures which corrected the Defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of BioXcel common stock. In this Litigation, Plaintiffs allege that Defendants made false statements and/or omitted material facts during the Class Period, which had the purported effect of artificially inflating the price of BioXcel common stock. Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of BioXcel common stock on June 29, 2023 (the "Corrective Disclosure Date"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, BioXcel common stock must have been purchased or acquired during the Class Period and held during the Corrective Disclosure Date.

5.      In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in BioXcel common stock executed outside

8

of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

6.     A Recognized Loss will be calculated as set forth below for each purchase of BioXcel common stock during the Class Period, that is listed in the Proof of Claim and Release Form and for which adequate documentation is provided.

**Recognized Loss Calculation – Common Stock**

7.     For each share of BioXcel common stock purchased, the Recognized Loss per share shall be calculated as follows:

- For each BioXcel share purchased between March 9, 2023 through June 28, 2023, both dates inclusive, and held at the end of trading on June 28, 2023, the Recognized Loss is the number of shares you held multiplied by $11.28, which represents the decline in BioXcel's stock price that occurred following the TRANQUILITY II trial disclosure on June 29, 2023.

- For each BioXcel share purchased on or after March 9, 2023 but sold prior to June 29, 2023 (*i.e.*, the Corrective Disclosure Date), the Recognized Loss for that share is $0.00.

**<u>INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS</u>**

8.     The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

9.     A purchase or sale of BioXcel common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

10.     Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired BioXcel common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

11.     Notwithstanding any of the above, receipt of BioXcel common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of BioXcel common stock. Only purchases of common stock shall be eligible for distribution.

12.     The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against like BioXcel securities held as of the close of trading on June 28, 2023 (*i.e.*, the last trading day before the Class Period begins) and then against the purchases of like BioXcel securities during the Class Period. If a Claimant has a net gain based on all purchases and sales, then the Claimant will not have a Recognized Loss.

13.     The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in BioXcel common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

14.     Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

15.     Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form will not share in the Settlement proceeds.  The Stipulation and the Judgment dismissing this Litigation will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim and Release Form.

16.     Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Recognized Loss.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

17.     Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Plaintiffs and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

18.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

10

**<u>HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM</u>**

**10.    How Will I Get a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member and you must send in a Proof of Claim and Release Form, a copy of which is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2026 to the Claims Administrator at the address listed above or submit the electronic version by 11:59 p.m. EDT on _____, 2026 at www.BioXcelSecuritiesSettlement.com.

**11.    When Will I Get My Payment?**

The Court will hold a hearing on _____, 2026 at _____ _.m., to decide whether to approve the settlement.  If Judge Sarala V. Nagala approves the class action settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years.  Everyone who sends in a claim form will be informed of the determination with respect to their claim.  Please be patient.

**12.    What Am I Giving Up to Get a Payment or Stay in the Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same legal issues in this case.  It also means that all of the Court's Order will apply to you and legally bind you and you will release your claims in this case against the Defendants.  The terms of the release are included in the claim form that is enclosed.

**<u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>**

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue any of the Defendants on your own about the same legal issues in this case, then

11

you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**13.    How Do I Get Out of the Settlement Class?**

To exclude yourself form the Settlement Class, you must send a letter by mail stating that you want to be excluded from the Settlement *Hills et. al v. BioXcel Therapeutics, Inc., et. al.,* No. 3:23-CV-915 (D. Conn.).  You must include your name, address, telephone number, signature, and your transactions in BioXcel securities from March 9, 2023 through June 28, 2023, both dates inclusive. You must include the dates, quantities, and prices associated with your transactions. You must mail your exclusion request postmarked no later than _____, 2026 to:

> *Hills et al. v. BioXcel Therapeutics, Inc., et al.*
> c/o [INSERT]
> [INSERT]
> [INSERT]

If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.

**14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by the class action settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember the exclusion deadline is _____, 2026.

**15.    If I Exclude Myself, Can I Get Money from This Settlement?**

12

No.  If you exclude yourself, do not send in a claim form.  But, you may sue, continue to sue, or be part of a different lawsuit against any of the Defendants.  You should consult with a lawyer concerning your rights prior to excluding yourself from the Settlement.

**THE LAWYERS REPRESENTING YOU**

**16.    Do I Have a Lawyer in This Case?**

The Court appointed the law firms of Levi & Korsinsky, LLP and Grant & Eisenhofer P.A to represent you and other Settlement Class Members. These lawyers are called Lead Counsel or Class Counsel.  You will not be charged for the services of these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How Will the Lawyers Be Paid?**

Plaintiffs' Counsel will ask the Court for attorneys' fees of up to 25% of the Settlement Fund ($2,437,500) and for reimbursement of their out-of-pocket litigation expenses up to $225,000 that were advanced in connection with the Litigation, plus interest.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for the risk in undertaking this representation on a wholly contingent basis.  To date, Lead Counsel has not been paid for their services for conducting this Litigation on behalf of the Plaintiffs and Settlement Class nor for their substantial out-of-pocket expenses.  The fees requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

13

Lead Counsel will also request an award in an amount not to exceed a total of $15,000 for Co-Lead Plaintiff Hills and $15,000 for Co-Lead Plaintiff Oklahoma Law Enforcement Retirement System ("OLERS") and potentially other plaintiff representatives as reimbursement for their time and expenses serving as the representative plaintiffs during this Litigation. All amounts, including expenses incurred by the Claims Administrator for disseminating notice of this settlement, will be requested before distribution of the Net Settlement Fund to Settlement Class Members.  Again, such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 18.    How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter to the Court saying that you object to the settlement in *Hills et al. v. BioXcel Therapeutics, Inc., et al.,* No. 3:23-CV-915 (D. Conn.).  Be sure to include your name, address, telephone number, the reasons you object to the Settlement, and your transactions in BioXcel securities from March 9, 2023 through June 28, 2023, both dates inclusive. You must include the dates, quantities, and prices associated with your transactions. Any objection to the settlement must be filed with the Court no later than _____, 2026.

### 19.    What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object *only if* you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

14

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

**20.     When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _____ _.m., on _____, 2026, in Courtroom 1 at the United States District Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut 06103.  At this hearing the Court will consider whether the settlement of the Litigation is fair, reasonable, and adequate.  If there are objections, the Court will consider them. Judge Sarala V. Nagala will listen to people who have asked to speak at the hearing.  The Court will also consider how much to pay to Lead Counsel and whether an award to the Plaintiffs is appropriate. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21.     Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer questions Judge Sarala V. Nagala may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**22.     May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Hills et al. v. BioXcel Therapeutics, Inc., et al.,* No. 3:23-CV-915 (D. Conn.). Be sure to include your name, address, telephone number, and your transactions in BioXcel securities from March 9, 2023 through June 28, 2023, both dates

15

inclusive. You must include the dates, quantities, and prices associated with your transactions. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

### 23.    What Happens if I Do Nothing At All?

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same legal issues in this Litigation.

## GETTING MORE INFORMATION

### 24.    Are There More Details About the Settlement?

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated February 27, 2026.  You can get a copy of the Stipulation or more information about the Settlement by visiting www.BioXcelSecuritiesSettlement.com.

You can also contact the Claims Administrator:

> *Hills et al. v. BioXcel Therapeutics, Inc., et al.*
> c/o [INSERT]
> [INSERT]
> [INSERT]
> toll-free:
> fax:
> email:

Or Lead Counsel:

> Levi & Korsinsky, LLP
> Attn: Adam M. Apton
> 33 Whitehall Street, 27th Floor
> New York, New York 10004
> Telephone: (212) 363-7500
> Email: aapton@zlk.com
>
> Grant & Eisenhofer P.A
> Attn: Abe Alexander
> 485 Lexington Avenue

16

New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: aalexander@gelaw.com

You can also obtain a copy from the Clerk's Office during regular business hours:

Clerk of Court
United States District Court for the District of Connecticut
450 Main Street
Suite A012
Hartford, CT 06103

**DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL REGARDING
THIS NOTICE**

**SPECIAL NOTICE TO NOMINEES**

If you hold shares of any BioXcel security, purchased from March 9, 2023 through June 28, 2023, both dates inclusive, then, within ten (10) days after you received this Notice, you must either: (1) send a copy of the Postcard Notice by first class mail to all such beneficial owners; or (2) provide a list of names, addresses and email addresses of such Persons to the Claims Administrator; or (3) send a link to the location of the Long Notice and Proof of Claim and email the link to Settlement Class Members:

*Hills et al. v. BioXcel Therapeutics, Inc., et al.*
c/o [INSERT]
[INSERT]
[INSERT]

If you choose to mail the Postcard Notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing or emailing yourself or elect to have the mailing performed for you, you may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name, address and email address provided to the Claims Administrator; or up to $0.03 per Postcard Notice mailed, plus postage at the rate used by the Claims Administrator; or up to $0.03 per email sent.

17

**DATED:** _____**, 2026**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

18

**EXHIBIT A-2**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>**Defendants.** | Civil Action No.: 3:23-cv-915<br><br>The Honorable Sarala V. Nagala<br><br>PROOF OF CLAIM AND RELEASE FORM |

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a member of the Settlement Class based on your claims in the action entitled *Hills et al. v. BioXcel Therapeutics, Inc., et al.,* No. 3:23-CV-915 (D. Conn.) (the "Litigation"), you must complete and, on pages _____ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.[1]

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.      YOU MUST SUBMIT AN ELECTRONIC VERSION OR MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE ON OR BEFORE

---

[1] Unless otherwise stated, all terms used in this Proof of Claim and Release shall have the same meanings as set forth in the Stipulation of Settlement, filed with the Court on February 27, 2026. The Stipulation can be viewed at www.BioXcelSecuritiesSettlement.com.

_____, ADDRESSED AS FOLLOWS:

> *Hills et al. v. BioXcel Therapeutics, Inc., et al.*
> c/o INSERT
> INSERT
> INSERT

4.      If you are a Class Member, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM unless you timely and validly request exclusion from the Settlement Class pursuant to the Notice.

## II.      CLAIMANT IDENTIFICATION

1.      If you purchased or acquired BioXcel Therapeutics, Inc. ("BioXcel") securities and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is a record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of BioXcel securities which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE BIOXCEL SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them; their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay

1

verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

1.    Use Part II of this form entitled "Schedule of Transactions in BioXcel Securities" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of BioXcel securities which took place at any time between March 9, 2023 through June 28, 2023, both dates inclusive, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.    List each transaction in the Class Period separately and in chronological order by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4.    Broker confirmations or other documentation of your transactions in BioXcel securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.    The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.

6.    NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format.  If you are a

2

Representative Filer, you must contact the Claims Administrator at ____@_____.net or visit their website at www.BioXcelSecuritiesSettlement.com to obtain the required file layout.  Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Proof of Claim and Release, as well as proof of authority to file (see Item 3 of the Claimant Identification), along with the electronic spreadsheet format.  No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

7.     NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release hosted at www.BioXcelSecuritiesSettlement.com.   If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at ____@_____.net or (866) _____. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release.

3

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

*Hills et al. v. BioXcel Therapeutics, Inc., et al.*

Case No. 3:23-CV-915

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than

_____, 2026

Please Type or Print

**PART I:    CLAIMANT IDENTIFICATION**

| | | |
|---|---|---|
| Beneficial Owner Name | | |
| Record Owner Name | | |
| Address | | |
| | | |
| City | State | Zip Code |
| Foreign Province | Foreign Country | |
| Telephone Number (Work) | Telephone Number (Home) | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

Claimant Account Type (check appropriate box):
- ☐  Individual (includes joint owner accounts)   ☐ Pension Plan        ☐ Trust
- ☐  Corporation                                   ☐ Estate
- ☐  IRA/401K                                      ☐ Other _____ (please specify)

4

**PART II:**     **SCHEDULE OF TRANSACTIONS IN COMMON STOCK**

A.      Number of shares of BioXcel common stock held at the close of trading on March 8, 2023: _____. The Cost Basis of these shares is: _____.

B.      Purchases of common stock prior to the close of trading on June 28, 2023:

| | Trade Date Mo. Day Year | Number of Shares Purchased | Price per Share | Total Purchase Price |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

C.      Sales of common stock prior to the close of trading on June 28, 2023, inclusive:

| | Trade Date Mo. Day Year | Number of Shares Sold | Price per Share | Total Sale Price |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

D.      Number of shares of BioXcel common stock held at the close of trading on June 28, 2023: _____

If you require additional space, attach extra schedules in the same format as above. Please attach extra schedules for option transactions that contain the information requested above in Section III. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

**IV.**     **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement, dated as of February 27, 2026 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Connecticut, with respect to my (our claim) as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by

5

and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of BioXcel securities during the Class Period and know of no other Person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Plaintiffs' Claims.

2.    "Released Plaintiffs' Claims" means all claims (including "Unknown Claims"), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that Plaintiffs or any other member of the Class: (i) (A) asserted in any of the complaints filed in the Litigation; or (B) could have asserted in the Litigation (or in any other action or in any other forum) that arise out of, are based upon, are related to any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Litigation, or that otherwise would have been barred by res judicata had the Litigation been fully litigated to a final judgment and (ii) that relate to the (A) the purchase or sale of  BioXcel securities between March 9, 2023 through June 28, 2023, both dates inclusive;

6

and (B) all claims alleged or that could have been alleged in the Litigation, including but not limited to any acts or omissions relating to disclosures, public filings, registration statements, press releases, presentations, or other statements made by the Settling Defendants. The foregoing release does not include claims relating to the enforcement of the Settlement ("Excluded Plaintiffs' Claims").

3.      "Unknown Claims" means any and all Released Claims which Settling Plaintiffs, Plaintiffs' Counsel,  any Settlement Class Members, Settling Defendants, or Settling Defendants' counsel do not know or suspect to exist in his, her, its, or their favor at the time of the release which, if known by him, her, it, or them might have affected his, her, its, or their settlement with and release of the Settling Parties, or might have affected his, her, its, or their decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Settling Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by or under California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settling Plaintiffs acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims.  Nevertheless, the Settling Plaintiffs shall expressly settle and release, and each Settlement Class Member upon the Effective Date, shall be deemed to have, and

7

by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4.      This release shall be of no force or effect unless and until the Court approves the Settlement set forth in the Stipulation and it becomes effective on the Effective Date.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in BioXcel securities that occurred prior to or during the Class Period, as necessary, and the number and type of BioXcel securities held by me (us) on March 9, 2023 through June 28, 2023.

7.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

*Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.*

8

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 202__ in _____.

                                        (Month/Year)                         (City/State/Country)

_____         _____
(Sign your name here)                             (Sign your name here)

_____         _____
(Type or print your name here)                (Type or print your name here)

_____         _____
(Capacity of person(s) signing e.g., Beneficial   (Capacity of person(s) signing e.g., Beneficial
Purchaser, Executor or Administrator)        Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation if available.
4. Do not send originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.
6. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM FORM MUST SENT NO LATER THAN _____.**

**By electronic version at www.BioXcelSecuritiesSettlement.com.**

**By Mail:**
*Hills et al. v. BioXcel Therapeutics, Inc., et al.*
**c/o INSERT**
**INSERT**
**INSERT**

9

**EXHIBIT A-3**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>Defendants. | Civil Action No.: 3:23-cv-915<br><br>The Honorable Sarala V. Nagala<br><br>**SUMMARY NOTICE** |

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED BIOXCEL THERAPEUTICS, INC. SECURITIES FROM MARCH 9, 2023 THROUGH JUNE 28, 2023, BOTH INCLUSIVE.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure that a hearing will be held on _____, 2026, at _____ _.m., before the Honorable Sarala V. Nagala, United States District Court Judge, in Courtroom 1 at the United States District Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut 06103, for the purpose of determining, among other things,: (1) whether the proposed Settlement of the claims in the Litigation for the sum of **$9,750,000.00** in cash should be approved by the Court as fair, reasonable and adequate to the Members of the Settlement Class; (2) whether, thereafter, the Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated February 27, 2026 ("Stipulation"); (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with the Litigation and awards to the Plaintiffs should be approved.

If you purchased BioXcel securities between March 9, 2023 through June 28, 2023, both dates inclusive, your rights may be affected by the settlement of this Litigation. If you have not received the detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and Release Form, you may obtain them free of charge by contacting the Claims Administrator, by mail at: *Hills et al. v. BioXcel Therapeutics, Inc., et al.*, c/o _____.

If you are a member of the Settlement Class and wish to share in the distribution of the Settlement Fund, you must submit a Proof of Claim no later than _____, 2026, establishing that you

are entitled to recovery. As further described in the Notice, you will be bound by any Judgment entered in the Litigation, regardless of whether you submit a Proof of Claim and Release, unless you exclude yourself from the Settlement Class, in accordance with the procedures set forth in the Notice, no later than _____, 2026. Any objections to the Settlement, Plan of Allocation or attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2026.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Settlement Class: Adam M. Apton, Esq., Levi & Korsinsky, LLP, 33 Whitehall Street, 27th Floor, New York, New York 10004, aapton@zlk.com or Abe Alexander, 485 Lexington Avenue, New York, NY 10017, aalexander@gelaw.com.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

**DATED:** _____ **, 2026**

                    **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

2

**EXHIBIT A-4**

| | |
|---|---|
| Hills et al. v. BioXcel Therapeutics, Inc., et al.<br>c/o INSERT<br>INSERT<br>INSERT | [Postage Prepaid] |
| ***COURT-ORDERED LEGAL NOTICE***<br><br>**Important Notice about a Securities Class Action Settlement.**<br><br>**You may be entitled to a CASH payment.  This Notice may affect your legal rights.  Please read it carefully.**<br><br>*Hills et al. v. BioXcel Therapeutics, Inc., et al.*<br>Case No. 3:23-CV-915 | Name<br>Address<br>City, State<br>Zip |

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***PLEASE VISIT WWW.BIOXCELSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.***

There has been a proposed Settlement of claims against BioXcel Therapeutics, Inc. ("BioXcel,"), Vimal Mehta, Richard Steinhart, and Robert Risinger (collectively, "Defendants,"). The Settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about BioXcel between March 9, 2023 through June 28, 2023, both dates inclusive (the "Class Period") in violation of the federal securities laws. Defendants deny any wrongdoing and maintain that their conduct was at all times proper. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired BioXcel securities during the Class Period.

Defendants have agreed to pay a Settlement Amount of **$9,750,000**. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Proof of Claim, in exchange for the settlement of this case and the Released Claims by Settlement Class Members. **For all details of the Settlement, read the Stipulation and full Notice, available at www.BioXcelSecuritiesSettlement.com**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in BioXcel securities. If every eligible Settlement Class Member submits a valid Proof of Claim and Release form, the average recovery will be $1.52 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Proof of Claim and Release Form**. The Proof of Claim and Release form can be found on the website www.BioXcelSecuritiesSettlement.com or will be mailed or emailed to you upon request to the *Hills et al. v. BioXcel Therapeutics, Inc., et al.*, c/o _____ .  **Proof of Claim and Release forms must be submitted online or postmarked by _____, 2026**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2026, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____, 2026.  The detailed Notice explains how to submit a Proof of Claim and Release form, exclude yourself or object.

The Court will hold a hearing in this case on _____, 2026 to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus actual expenses up to $225,000 for litigating the case and negotiating the Settlement, and awards to Plaintiffs and other plaintiff representatives be approved up to $30,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free _____ or visit the website www.BioXcelSecuritiesSettlement.com and read the detailed Notice.

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>               Defendants. | Civil Action No.: 3:23-cv-915<br><br>The Honorable Sarala V. Nagala<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

**WHEREAS**, a class action is pending before the Court entitled *Hills et al. v. BioXcel Therapeutics, Inc., et al.*, No. 3:23-CV-915 (D. Conn.);

**WHEREAS**, (a) Tonya Hills ("Hills") and the Oklahoma Law Enforcement Retirement System ("OLERS") (collectively, "Plaintiffs"), and (b) defendants BioXcel Therapeutics, Inc. ("BioXcel" or the "Company"), Vimal Mehta, Richard Steinhart, and Robert Risinger (collectively, "Defendants," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Litigation with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated February 27, 2026 (the "Stipulation") subject to the approval of this Court (the "Settlement");

**WHEREAS,** this matter came before the Court for hearing pursuant to an Order of this Court, dated _____, 2026, on the application of the Parties for approval of the Settlement set forth in the Stipulation;

(A)    Pursuant to the Preliminary Approval Order entered on _____, 2026, this Court scheduled a Settlement Hearing for _____, 2026, at _____ _.m., to determine, *inter alia*, whether the proposed Settlement, Plan of Allocation, and Plaintiffs' Award and Fee and Expense Award are fair, reasonable, and adequate, and should be approved by the Court (the "Settlement Hearing");

(B)    The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Summary Notice;

(C)    The Court has received _____ objection(s) and/or request(s) for exclusion to the proposed Settlement and Plan of Allocation; and

(D)    Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on _____, 2026, and the Court having considered all papers filed and proceedings in this Litigation and otherwise being fully informed of the matters herein, and for the reasons stated on the record on _____, 2026, and set forth in more detail in the Court's written opinion, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.    The provisions of the Stipulation, including definitions of the terms used therein, the Notice, the Summary Notice, and the Postcard Notice, are hereby incorporated by reference as though fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.    This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all Settlement Class Members.

3.      Plaintiffs and all Settlement Class Members (except those who requested exclusion, if any) are bound by this Order and Final Judgment (the "Judgment").

4.      The Court finds that the Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      This Court finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, all of which were implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a)      Constituted the best practicable notice to Settlement Class Members under the circumstances of this Litigation;

(b)      Were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Litigation; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Litigation, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)      Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)      Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution, the Securities

- 3 -

Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

6.    The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.*, to the extent applicable to the Litigation, have been satisfied.

7.    The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

8.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to all members of the Settlement Class, and in the best interests of the Settlement Class taking into account, *inter alia*, the benefits to the Settlement Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation.

9.    The Settlement set forth in the Stipulation is hereby finally approved as fair, reasonable and adequate in all respects, in accordance with the terms and provisions therein, and the Plaintiffs and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

10.    The Plan of Allocation, as described in the Notice, is hereby approved as fair, reasonable and adequate.  Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

11.    Upon the Effective Date, Plaintiffs and the Settlement Class Members, on behalf of themselves, and their heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have, and by operation of the Judgment entered in the Litigation shall

have, fully, finally, and forever released, relinquished and discharged any and all Released Plaintiffs' Claims against each and every one of the Released Persons, and shall forever be barred and enjoined, without the necessity of any of the Released Persons posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Plaintiffs' Claims.  This Release shall not apply to the Excluded Plaintiffs' Claims.

12.     Upon the Effective Date, Defendants, on behalf of themselves, and their heirs, executors, trustees, administrators, predecessors, successors, and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and all Released Defendants' Claims against each and every one of Plaintiffs, and shall forever be barred and enjoined, without the necessity of any of the Plaintiffs, posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Defendants' Claims against any of the Plaintiffs.  This Release shall not apply to any of the Excluded Settling Defendants' Claims.

13.     Plaintiffs and all Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Plaintiffs' Claims against the Released Persons.

14.     In accordance with 15 U.S.C. § 78u-4(f)(7), claims for contribution arising out of any Released Plaintiffs' Claim, including, but not limited to, any claims that arise out of the Litigation (i) by any Person against a Released Person, and (ii) by any Released Person against any Person other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

15.     Any Plan of Allocation submitted by Lead Counsel or any other order entered regarding Plaintiffs' Award or Fee and Expense Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar defense or counterclaim.

17.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

18.     Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19.     The Court finds that during the course of the Litigation, Plaintiffs and Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.     This Litigation is dismissed with prejudice.  The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

22.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment.  The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the District of Connecticut on _____, 2026.

_____
HON. SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE