**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>Defendants. | Civil Action No.: 3:23-CV-915 (SVN)<br><br>March 2, 2026 |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

**WHEREAS**, a class action is pending before the Court entitled *Hills v. BioXcel Therapeutics, Inc., et. al.,* No. 3:23-CV-915 (D. Conn.);

**WHEREAS**, (a) Lead Plaintiffs Tonya Hills ("Hills") and the Oklahoma Law Enforcement Retirement System ("OLERS") (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class (defined below); and (b) defendants BioXcel Therapeutics, Inc. ("BioXcel" or the "Company"), Vimal Mehta, Richard Steinhart, and Robert Risinger (collectively, "Defendants," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Litigation with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated February 27, 2026, (the "Stipulation") subject to the approval of this Court (the "Settlement");

**WHEREAS**, the Court having reviewed and considered Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), all papers submitted in support thereof, and the proposed Settlement as set forth in the Stipulation, which, together with the

exhibits annexed thereto, sets forth the terms and conditions of the proposed Settlement of the above-captioned Litigation, including dismissing of the Litigation with prejudice as to Defendants upon the terms and conditions set forth therein, a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Litigation; and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including Settlement Class Members.

3. The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate as to all Settlement Class Members, pending a final settlement and fairness hearing (the "Settlement Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to any of the Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

4. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Court hereby certifies a Settlement Class, defined as: All Persons that purchased or otherwise acquired BioXcel publicly traded securities during the Class Period, and were damaged thereby. Excluded from the Settlement Class are: (i) the Settling

Defendants and their Related Parties; (ii) the officers, directors, and affiliates of BioXcel, at all relevant times; (iii) any entity in which Settling Defendants have or had controlling interest; (iv) Immediate Family members of any excluded person; and (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity. Also excluded from the Settlement Class are those Persons who validly and timely request exclusion.

5. With respect to the Settlement Class, this Court finds solely for purposes of effectuating this settlement that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7. The Court approves the appointment of Strategic Claims Solutions as the Claims

Administrator to supervise and administer the notice procedure and the processing of claims.

8. The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that includes any Released Claims against the Settling Parties.

9. The Court hereby approves, as to form and content, the proposed Notice and Postcard Notice, substantially in the forms annexed hereto as Exhibits A-1 and A-4, and directs that as soon as practicable after entry of this Order, but no later than fourteen (14) days after entry of this Order granting preliminary approval, that the Settlement Administrator publish the Notice on a website to be maintained by the Claims Administrator and provide the Postcard Notice to each known Settlement Class Member via first class U.S. mail, postage pre-paid. BioXcel shall cooperate in the identification of Settlement Class Members by producing reasonably available information from its shareholder transfer records or transfer agent. The Claims Administrator shall file with the Court proof of mailing of the Notice seven (7) days prior to the Settlement Hearing.

10. Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired BioXcel securities for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Postcard Notice to all beneficial owners of BioXcel securities purchased or otherwise acquired during the Class Period; or (b) send a list of the name, addresses and email addresses of such beneficial owners to the Claims Administrator; or (c) request a link to the location of the Notice and Proof of Claim and Release Form and email the link to Settlement Class Members. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name, address and email address provided to the Claims Administrator; or up to $0.03 per Postcard Notice mailed, plus

postage at the rate used by the Claims Administrator; or up to $0.03 per email sent. The Claims Administrator or nominees shall provide notice to each Settlement Class Member no later than sixty (60) days prior to the Settlement Hearing.

11. As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

12. The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

13. The Court hereby approves, as to form and content, the proposed form Summary Notice, substantially in the form annexed hereto as Exhibit A-3, and directs that, within twenty-one (21) days after entry of this Order granting preliminary approval, the Claims Administrator shall cause such Summary Notice to be published on a national business newswire. The Claims Administrator shall file with the Court proof of publication of the Summary Notice seven (7) days prior to the Settlement Hearing.

14. The Court approves the proposed Proof of Claim and Release Form substantially in the form of Exhibit A-2 hereto.

15. The Court orders that the Notices, Proof of Claim and Release Form, Stipulation of Settlement and all papers submitted in support thereof be posted to a website to be maintained by the Claims Administrator.

16. This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

(a) Constitute the best practicable notice to Settlement Class Members under the circumstances of this Litigation;

(b) Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Litigation, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c) Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

17. Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release Form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proof of Claim and Release Forms must be

submitted no later than one hundred twenty (120) days after entry of this Order.

18. Any Settlement Class Member who does not submit a Proof of Claim and Release Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by the Court. Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

19. Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than twenty-eight (28) days prior to the Settlement Hearing. Any Request for Exclusion that does not supply the information required by this Paragraph 19 shall be rejected, and any such Settlement Class Member shall be bound by the Stipulation and any Final Judgment entered in connection therewith.

20. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until seven (7) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim and Release Form prior to the Settlement Hearing (the "Bar Date").

21. Unless otherwise ordered by the Court, the Court stays all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the

Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Related Parties.

22. The Settlement Hearing shall take place before the undersigned, United States District Judge Sarala V. Nagala, in Courtroom 1 at the United States District Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut 06103, on September 2, 2026, at 10:30 a.m., to determine:

(a) Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b) Whether the Litigation should be dismissed on the merits and with prejudice as to the Defendants;

(c) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Litigation;

(d) Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

(e) Whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class; and

(f) Such other matters as the Court may deem necessary or appropriate.

23. The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the Parties and without further notice to the Settlement Class Members.

24. Class Counsel and/or Defendants' counsel shall submit papers in support of the

Settlement, Plan of Allocation, Plaintiffs' Award and Fee and Expense Award no later than thirty-five (35) days prior to the Settlement Hearing.

25. Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing; provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty-eight (28) days before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention. Such Settlement Class Member shall also provide documentation sufficient to establish the BioXcel securities purchased, acquired and sold from March 9, 2023 through June 28, 2023, both dates inclusive (including the number of shares, dates, and prices). Failure to provide such information and documentation shall be grounds to void the objection.

26. All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed fourteen (14) days prior to the Settlement Hearing.

27. Defendants shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

28. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Class Counsel should be approved.

29. All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof. Upon payment of the Settlement Amount to the Escrow Account by Defendants or on their behalf, the contents of the Settlement Fund held by Esquire Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved.

30. If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Settlement Class Member submits a Proof of Claim and Release Form. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Litigation.

31. Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Class Members from BioXcel's shareholder transfer records, in no event shall Defendants have any responsibility for the administration of the

Settlement, and Defendants shall not have any obligation or liability to Plaintiffs in connection with such administration.

32. No Person shall have any claim against the Settling Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Settling Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

33. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and Defendants have represented that they entered into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

34. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

35. The Settling Parties, and each of their counsel may file the Stipulation and/or the Final Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction of any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

36. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and

in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

37. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth above, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.

**SO ORDERED** in the District of Connecticut on March 2, 2026.

Sarala V. Nagala

Digitally signed by Sarala V. Nagala
Date: 2026.03.02 12:01:49 -05'00'

HON. SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

**EXHIBIT A-1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>Defendants. | Civil Action No.: 3:23-cv-915<br><br>The Honorable Sarala V. Nagala<br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED BIOXCEL THERAPEUTICS, INC. SECURITIES FROM MARCH 9, 2023 THROUGH JUNE 28, 2023, INCLUSIVE.**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**Notice of Proposed Settlement:** This Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Connecticut ("Court").[1] Please be advised that the Court-appointed Class Representatives Tonya Hills ("Hills") and the Oklahoma Law Enforcement Retirement System ("OLERS" and together with Hills, "Class Representatives") have reached a proposed settlement of the above-captioned securities class action for **$9,750,000** in cash ("Settlement") with defendants BioXcel Therapeutics, Inc. ("BioXcel" or the "Company"), Vimal Mehta, Richard Steinhart, and Robert Risinger (collectively, "Defendants"). If approved by the Court, the Settlement will resolve all claims in the Litigation, including Class Representatives' claims that Defendants allegedly violated the federal securities laws by making materially false or misleading statements and omissions during the Class Period. The history of the Litigation and the claims being released by the Settlement are detailed below.

[1] All capitalized terms not define in this Notice have the meanings provided in the Stipulation of Settlement, filed with the Court on February 27, 2026 ("Stipulation"). The Stipulation can be viewed at www.BioXcelSecuritiesSettlement.com.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE PROCEEDS OF THE SETTLEMENTS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE ____________, 2026**.

**Shares and Time Period:** BioXcel Therapeutics, Inc. ("BioXcel" or the "Company") common stock (CUSIP: 09075P204) purchased between March 9, 2023 through June 28, 2023, both dates inclusive (the "Class Period").

**Settlement Fund:** $9,750,000.00 in cash. Your recovery will depend on the amount of shares purchased and the timing of your purchases and any sales. Depending on the number of eligible shares that participate in the Settlement and when those shares were purchased and sold, Class Representatives estimate the average cash recovery per share of common stock will be approximately $1.52 per share (assuming claims representing shares are filed) before deduction of court-approved fees and expenses.

**Reasons for Settlement:** Class Representatives' principal reason for entering into the Settlement is the substantial certain cash benefit for the Settlement Class and the avoidance of the costs and risks associated with continued litigation, including the danger of no recovery for Class Members. Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

**<u>If the Class Action Had Not Settled</u>:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides do not agree on the amount of money that could have been won if Class Representatives prevailed at trial. The parties also disagree about: (1) the method for determining whether the price of BioXcel common stock was artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various statements and/or omissions alleged by Class Representatives were materially false or misleading; (4) whether Defendants knew or were recklessly unaware of the alleged misconducts; and (5) whether the statements and/or omissions alleged were material, false, misleading, or otherwise actionable under the securities laws.

**<u>Attorneys' Fees and Expenses</u>:** Class Representatives are represented by Lead Counsel. Lead Counsel have not received any payment for their work investigating the facts, conducting this litigation or negotiating the settlement on behalf of Class Representatives and the Settlement Class. Court-appointed Lead Counsel will ask the Court for an award of attorneys' fees equal to or less than $2,437,500 which amounts to 25% of the Settlement Fund and reimbursement of out-of-pocket litigation expenses not to exceed $225,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.42.

**Deadlines:**

| | |
|---|---|
| Submit Claim: | _____________, 2026 |
| Request Exclusion: | _____________, 2026 |
| File Objection: | _____________, 2026 |

**Court Hearing on Fairness of Settlement:** _____________, 2026 at __:__ _.m.

**More Information:** www.BioXcelSecuritiesSettlement.com or

| | |
|---|---|
| **Claims Administrator:**<br>*Hills et al. v. BioXcel Therapeutics, Inc., et al.*<br>[INSERT]<br>[INSERT]<br>[INSERT]<br>Toll-free:<br>Fax:<br>Email: | **Lead Counsel:**<br>Adam M. Apton, Esq.<br>LEVI & KORSINSKY, LLP<br>33 Whitehall Street, 27th Floor<br>New York, New York 10004<br>aapton@zlk.com<br><br>Abe Alexander<br>GRANT & EISENHOFER P.A<br>485 Lexington Avenue<br>New York, NY 10017<br>aalexander@gelaw.com |

**<u>YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION SETTLEMENT</u>:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment |

These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

**1. Why Did I Get This Notice Package?**

You or someone in your family may have purchased BioXcel securities between March 9, 2023 through June 28, 2023, both dates inclusive.

The Court ordered that this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Connecticut, and the case is known as *Hills et al. v. BioXcel Therapeutics, Inc., et al.,* Case No. 3:23-CV-915. The person who sued is called the Plaintiff or Plaintiffs, and the company and individuals sued are called Defendants. Defendants have agreed to settle the claims made in this case.

**2. What is this Lawsuit About?**

Plaintiffs filed this lawsuit alleging that Defendants acted with scienter when making false and/or materially misleading statements concerning the TRANQUILITY II clinical trial and Defendants' compliance with applicable clinical trial protocols and FDA regulations. Plaintiffs allege that false and materially misleading statements induced shareholders to purchase BioXcel securities at artificially inflated prices. Plaintiffs further allege that when the truth concerning the development of the TRANQUILITY II clinical trial was revealed, the value of BioXcel's common

stock declined and, as a result, Plaintiffs and other members of the Settlement Class suffered substantial damages. Defendants have denied, and continue to deny, each and all of the claims and allegations of wrongdoing made by Plaintiffs in this lawsuit and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law.

**3. Why Is This a Class Action?**

In a class action, one or more people or entities called class representatives sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. One court resolves the issues for all the Class Members, except for those who exclude themselves from the Class.

**4. Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the costs of litigation and eligible Settlement Class Members who make valid claims will get compensation. Plaintiffs and their attorneys believe the settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

**5. How Do I Know if I Am a Part of the Settlement?**

The Settlement Class includes: All Persons that purchased or otherwise acquired BioXcel publicly traded securities during the Class Period, and were damaged thereby.

**6. What Are the Exceptions to Being Included?**

You are not a Settlement Class Member if you are:

- One of the Defendants or their Related Parties;

- An officer, director, or affiliate of BioXcel;
- Any entity in which Defendants have or had controlling interest;
- An Immediate Family member of any excluded person; or
- The legal representative, heir, successor, or assign of any excluded person or entity.

**7. I'm Still Not Sure If I Am Included in the Class Action**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at [INSERT], or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**8. What Does the Settlement Provide?**

Defendants have agreed to pay a total of **$9,750,000.00** in cash. The Settlement Fund will be divided among all eligible Settlement Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund").

**9. How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on several things, including, how many Settlement Class Members submit timely and valid Proof of Claim forms, the total recognized losses represented by the valid Proof of Claim forms that Settlement Class Members send in, the total number of shares of BioXcel common stock or securities you purchased, how much you paid, when you purchased, and if you sold your shares and for how much. By following the instructions

in the following Plan of Allocation, you can calculate what is called your Recognized Loss (defined below).

The Plan of Allocation for this Settlement is as follows:

1. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

2. A Recognized Loss will be calculated for each share of BioXcel common purchased or otherwise acquired during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the BioXcel common stock was purchased or otherwise acquired during the Class Period, and in what amounts, and whether such stock was sold (or otherwise disposed of), and if sold, when it was sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

3. The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of BioXcel common stock was artificially inflated throughout the Class Period. The computation of the estimated alleged artificial inflation in the price of BioXcel common stock during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

4. The U.S. federal securities laws allow investors to recover losses caused by disclosures which corrected the Defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of BioXcel common stock. In this Litigation, Plaintiffs allege that Defendants made false statements and/or omitted material facts during the Class Period, which had the purported effect of artificially inflating the price of BioXcel common stock. Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of BioXcel common stock on June 29, 2023 (the "Corrective Disclosure Date"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, BioXcel common stock must have been purchased or acquired during the Class Period and held during the Corrective Disclosure Date.

5. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in BioXcel common stock executed outside

of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

6. A Recognized Loss will be calculated as set forth below for each purchase of BioXcel common stock during the Class Period, that is listed in the Proof of Claim and Release Form and for which adequate documentation is provided.

**Recognized Loss Calculation – Common Stock**

7. For each share of BioXcel common stock purchased, the Recognized Loss per share shall be calculated as follows:

- For each BioXcel share purchased between March 9, 2023 through June 28, 2023, both dates inclusive, and held at the end of trading on June 28, 2023, the Recognized Loss is the number of shares you held multiplied by $11.28, which represents the decline in BioXcel's stock price that occurred following the TRANQUILITY II trial disclosure on June 29, 2023.

- For each BioXcel share purchased on or after March 9, 2023 but sold prior to June 29, 2023 (*i.e.*, the Corrective Disclosure Date), the Recognized Loss for that share is $0.00.

**INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS**

8. The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

9. A purchase or sale of BioXcel common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

10. Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired BioXcel common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

11. Notwithstanding any of the above, receipt of BioXcel common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of BioXcel common stock. Only purchases of common stock shall be eligible for distribution.

12. The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against like BioXcel securities held as of the close of trading on June 28, 2023 (*i.e.*, the last trading day before the Class Period begins) and then against the purchases of like BioXcel securities during the Class Period. If a Claimant has a net gain based on all purchases and sales, then the Claimant will not have a Recognized Loss.

13. The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in BioXcel common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

14. Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

15. Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form will not share in the Settlement proceeds. The Stipulation and the Judgment dismissing this Litigation will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim and Release Form.

16. Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Recognized Loss. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

17. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

18. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**10. How Will I Get a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member and you must send in a Proof of Claim and Release Form, a copy of which is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than ______________, 2026 to the Claims Administrator at the address listed above or submit the electronic version by 11:59 p.m. EDT on ______________, 2026 at www.BioXcelSecuritiesSettlement.com.

**11. When Will I Get My Payment?**

The Court will hold a hearing on ____________, 2026 at ____________ _.m., to decide whether to approve the settlement. If Judge Sarala V. Nagala approves the class action settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

**12. What Am I Giving Up to Get a Payment or Stay in the Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same legal issues in this case. It also means that all of the Court's Order will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue any of the Defendants on your own about the same legal issues in this case, then

you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**13. How Do I Get Out of the Settlement Class?**

To exclude yourself form the Settlement Class, you must send a letter by mail stating that you want to be excluded from the Settlement *Hills et. al v. BioXcel Therapeutics, Inc., et. al.,* No. 3:23-CV-915 (D. Conn.). You must include your name, address, telephone number, signature, and your transactions in BioXcel securities from March 9, 2023 through June 28, 2023, both dates inclusive. You must include the dates, quantities, and prices associated with your transactions. You must mail your exclusion request postmarked no later than ___________, 2026 to:

*Hills et al. v. BioXcel Therapeutics, Inc., et al.*
c/o [INSERT]
[INSERT]
[INSERT]

If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**14. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by the class action settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember the exclusion deadline is ______________, 2026.

**15. If I Exclude Myself, Can I Get Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit against any of the Defendants. You should consult with a lawyer concerning your rights prior to excluding yourself from the Settlement.

## THE LAWYERS REPRESENTING YOU

### 16. Do I Have a Lawyer in This Case?

The Court appointed the law firms of Levi & Korsinsky, LLP and Grant & Eisenhofer P.A to represent you and other Settlement Class Members. These lawyers are called Lead Counsel or Class Counsel. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How Will the Lawyers Be Paid?

Plaintiffs' Counsel will ask the Court for attorneys' fees of up to 25% of the Settlement Fund ($2,437,500) and for reimbursement of their out-of-pocket litigation expenses up to $225,000 that were advanced in connection with the Litigation, plus interest. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for the risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel has not been paid for their services for conducting this Litigation on behalf of the Plaintiffs and Settlement Class nor for their substantial out-of-pocket expenses. The fees requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

Lead Counsel will also request an award in an amount not to exceed a total of $15,000 for Co-Lead Plaintiff Hills and $15,000 for Co-Lead Plaintiff Oklahoma Law Enforcement Retirement System ("OLERS") and potentially other plaintiff representatives as reimbursement for their time and expenses serving as the representative plaintiffs during this Litigation. All amounts, including expenses incurred by the Claims Administrator for disseminating notice of this settlement, will be requested before distribution of the Net Settlement Fund to Settlement Class Members. Again, such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 18. How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Court saying that you object to the settlement in *Hills et al. v. BioXcel Therapeutics, Inc., et al.,* No. 3:23-CV-915 (D. Conn.). Be sure to include your name, address, telephone number, the reasons you object to the Settlement, and your transactions in BioXcel securities from March 9, 2023 through June 28, 2023, both dates inclusive. You must include the dates, quantities, and prices associated with your transactions. Any objection to the settlement must be filed with the Court no later than __________, 2026.

### 19. What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object ***only if*** you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

**20. When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at ____ _.m., on __________, 2026, in Courtroom 1 at the United States District Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut 06103. At this hearing the Court will consider whether the settlement of the Litigation is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Sarala V. Nagala will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel and whether an award to the Plaintiffs is appropriate. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21. Do I Have to Come to the Hearing?**

No. Lead Counsel will answer questions Judge Sarala V. Nagala may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22. May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your intention to appear in *Hills et al. v. BioXcel Therapeutics, Inc., et al.,* No. 3:23-CV-915 (D. Conn.). Be sure to include your name, address, telephone number, and your transactions in BioXcel securities from March 9, 2023 through June 28, 2023, both dates

inclusive. You must include the dates, quantities, and prices associated with your transactions. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

### 23. What Happens if I Do Nothing At All?

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same legal issues in this Litigation.

## GETTING MORE INFORMATION

### 24. Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement dated February 27, 2026. You can get a copy of the Stipulation or more information about the Settlement by visiting www.BioXcelSecuritiesSettlement.com.

You can also contact the Claims Administrator:

*Hills et al. v. BioXcel Therapeutics, Inc., et al.*
c/o [INSERT]
[INSERT]
[INSERT]
toll-free:
fax:
email:

Or Lead Counsel:

Levi & Korsinsky, LLP
Attn: Adam M. Apton
33 Whitehall Street, 27th Floor
New York, New York 10004
Telephone: (212) 363-7500
Email: aapton@zlk.com

Grant & Eisenhofer P.A
Attn: Abe Alexander
485 Lexington Avenue

New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: aalexander@gelaw.com

You can also obtain a copy from the Clerk's Office during regular business hours:

Clerk of Court
United States District Court for the District of Connecticut
450 Main Street
Suite A012
Hartford, CT 06103

**DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

**SPECIAL NOTICE TO NOMINEES**

If you hold shares of any BioXcel security, purchased from March 9, 2023 through June 28, 2023, both dates inclusive, then, within ten (10) days after you received this Notice, you must either: (1) send a copy of the Postcard Notice by first class mail to all such beneficial owners; or (2) provide a list of names, addresses and email addresses of such Persons to the Claims Administrator; or (3) send a link to the location of the Long Notice and Proof of Claim and email the link to Settlement Class Members:

*Hills et al. v. BioXcel Therapeutics, Inc., et al.*
c/o [INSERT]
[INSERT]
[INSERT]

If you choose to mail the Postcard Notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing or emailing yourself or elect to have the mailing performed for you, you may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name, address and email address provided to the Claims Administrator; or up to $0.03 per Postcard Notice mailed, plus postage at the rate used by the Claims Administrator; or up to $0.03 per email sent.

**DATED: _______________, 2026**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

**EXHIBIT A-2**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,**<br><br>**Defendants.** | **Civil Action No.: 3:23-cv-915**<br><br>**The Honorable Sarala V. Nagala**<br><br>**PROOF OF CLAIM AND RELEASE FORM** |

## I. GENERAL INSTRUCTIONS

1. To recover as a member of the Settlement Class based on your claims in the action entitled *Hills et al. v. BioXcel Therapeutics, Inc., et al.,* No. 3:23-CV-915 (D. Conn.) (the "Litigation"), you must complete and, on pages _____ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.[1]

2. Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3. YOU MUST SUBMIT AN ELECTRONIC VERSION OR MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE ON OR BEFORE

[1] Unless otherwise stated, all terms used in this Proof of Claim and Release shall have the same meanings as set forth in the Stipulation of Settlement, filed with the Court on February 27, 2026. The Stipulation can be viewed at www.BioXcelSecuritiesSettlement.com.

_____________, ADDRESSED AS FOLLOWS:

*Hills et al. v. BioXcel Therapeutics, Inc., et al.*
c/o INSERT
INSERT
INSERT

4. If you are a Class Member, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM unless you timely and validly request exclusion from the Settlement Class pursuant to the Notice.

## II. CLAIMANT IDENTIFICATION

1. If you purchased or acquired BioXcel Therapeutics, Inc. ("BioXcel") securities and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is a record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of BioXcel securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE BIOXCEL SECURITIES UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them; their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay

verification of your claim or result in rejection of the claim.

## III. CLAIM FORM

1. Use Part II of this form entitled "Schedule of Transactions in BioXcel Securities" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to ***all*** of your purchases or acquisitions and ***all*** of your sales of BioXcel securities which took place at any time between March 9, 2023 through June 28, 2023, both dates inclusive, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction in the Class Period separately and in chronological order by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4. Broker confirmations or other documentation of your transactions in BioXcel securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5. The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.

6. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a

Representative Filer, you must contact the Claims Administrator at ____@_______.net or visit their website at www.BioXcelSecuritiesSettlement.com to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Proof of Claim and Release, as well as proof of authority to file (see Item 3 of the Claimant Identification), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

7. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release hosted at www.BioXcelSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at ____@____________.net or (866) __________. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

*Hills et al. v. BioXcel Therapeutics, Inc., et al.*

Case No. 3:23-CV-915

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than

_____________, 2026

Please Type or Print

**PART I: CLAIMANT IDENTIFICATION**

| | | | |
|---|---|---|---|
| Beneficial Owner Name | | | |
| Record Owner Name | | | |
| Address | | | |
| | | | |
| City | | State | Zip Code |
| Foreign Province | | Foreign Country | |
| Telephone Number (Work) | | Telephone Number (Home) | |
| Email | | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): | |

Claimant Account Type (check appropriate box):

- ☐ Individual (includes joint owner accounts)
- ☐ Corporation
- ☐ IRA/401K
- ☐ Pension Plan
- ☐ Estate
- ☐ Other ______ (please specify)
- ☐ Trust

**PART II: SCHEDULE OF TRANSACTIONS IN COMMON STOCK**

A. Number of shares of BioXcel common stock held at the close of trading on March 8, 2023: _______. The Cost Basis of these shares is: ___________.

B. Purchases of common stock prior to the close of trading on June 28, 2023:

| | **Trade Date Mo. Day Year** | **Number of Shares Purchased** | **Price per Share** | **Total Purchase Price** |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

C. Sales of common stock prior to the close of trading on June 28, 2023, inclusive:

| | **Trade Date Mo. Day Year** | **Number of Shares Sold** | **Price per Share** | **Total Sale Price** |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

D. Number of shares of BioXcel common stock held at the close of trading on June 28, 2023: ____________

If you require additional space, attach extra schedules in the same format as above. Please attach extra schedules for option transactions that contain the information requested above in Section III. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE ____. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

**IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement, dated as of February 27, 2026 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Connecticut, with respect to my (our claim) as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by

and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of BioXcel securities during the Class Period and know of no other Person having done so on my (our) behalf.

**V. RELEASE**

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Plaintiffs' Claims.

2. "Released Plaintiffs' Claims" means all claims (including "Unknown Claims"), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that Plaintiffs or any other member of the Class: (i) (A) asserted in any of the complaints filed in the Litigation; or (B) could have asserted in the Litigation (or in any other action or in any other forum) that arise out of, are based upon, are related to any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Litigation, or that otherwise would have been barred by res judicata had the Litigation been fully litigated to a final judgment and (ii) that relate to the (A) the purchase or sale of BioXcel securities between March 9, 2023 through June 28, 2023, both dates inclusive;

and (B) all claims alleged or that could have been alleged in the Litigation, including but not limited to any acts or omissions relating to disclosures, public filings, registration statements, press releases, presentations, or other statements made by the Settling Defendants. The foregoing release does not include claims relating to the enforcement of the Settlement ("Excluded Plaintiffs' Claims").

3. "Unknown Claims" means any and all Released Claims which Settling Plaintiffs, Plaintiffs' Counsel, any Settlement Class Members, Settling Defendants, or Settling Defendants' counsel do not know or suspect to exist in his, her, its, or their favor at the time of the release which, if known by him, her, it, or them might have affected his, her, its, or their settlement with and release of the Settling Parties, or might have affected his, her, its, or their decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Settling Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by or under California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settling Plaintiffs acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims. Nevertheless, the Settling Plaintiffs shall expressly settle and release, and each Settlement Class Member upon the Effective Date, shall be deemed to have, and

by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4. This release shall be of no force or effect unless and until the Court approves the Settlement set forth in the Stipulation and it becomes effective on the Effective Date.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in BioXcel securities that occurred prior to or during the Class Period, as necessary, and the number and type of BioXcel securities held by me (us) on March 9, 2023 through June 28, 2023.

7. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

*Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this __________ day of _____________________, 202__ in ____________________________.
(Month/Year) (City/State/Country)

______________________________
(Sign your name here)

______________________________
(Type or print your name here)

______________________________
(Capacity of person(s) signing e.g., Beneficial Purchaser, Executor or Administrator)

______________________________
(Sign your name here)

______________________________
(Type or print your name here)

______________________________
(Capacity of person(s) signing e.g., Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation if available.
4. Do not send originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.
6. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM FORM MUST SENT NO LATER THAN ________.**

**By electronic version at www.BioXcelSecuritiesSettlement.com.**

**By Mail:**
***Hills et al. v. BioXcel Therapeutics, Inc., et al.***
**c/o INSERT**
**INSERT**
**INSERT**

**EXHIBIT A-3**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA HILLS and OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIOXCEL THERAPEUTICS, INC., VIMAL MEHTA, RICHARD STEINHART, and ROBERT RISINGER,<br><br>Defendants. | Civil Action No.: 3:23-cv-915<br><br>The Honorable Sarala V. Nagala<br><br>**SUMMARY NOTICE** |

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED BIOXCEL THERAPEUTICS, INC. SECURITIES FROM MARCH 9, 2023 THROUGH JUNE 28, 2023, BOTH INCLUSIVE.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure that a hearing will be held on __________, 2026, at _____ _.m., before the Honorable Sarala V. Nagala, United States District Court Judge, in Courtroom 1 at the United States District Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut 06103, for the purpose of determining, among other things,: (1) whether the proposed Settlement of the claims in the Litigation for the sum of **$9,750,000.00** in cash should be approved by the Court as fair, reasonable and adequate to the Members of the Settlement Class; (2) whether, thereafter, the Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated February 27, 2026 ("Stipulation"); (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with the Litigation and awards to the Plaintiffs should be approved.

If you purchased BioXcel securities between March 9, 2023 through June 28, 2023, both dates inclusive, your rights may be affected by the settlement of this Litigation. If you have not received the detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and Release Form, you may obtain them free of charge by contacting the Claims Administrator, by mail at: *Hills et al. v. BioXcel Therapeutics, Inc., et al.*, c/o __________.

If you are a member of the Settlement Class and wish to share in the distribution of the Settlement Fund, you must submit a Proof of Claim no later than __________, 2026, establishing that you

are entitled to recovery. As further described in the Notice, you will be bound by any Judgment entered in the Litigation, regardless of whether you submit a Proof of Claim and Release, unless you exclude yourself from the Settlement Class, in accordance with the procedures set forth in the Notice, no later than __________, 2026. Any objections to the Settlement, Plan of Allocation or attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than __________, 2026.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Settlement Class: Adam M. Apton, Esq., Levi & Korsinsky, LLP, 33 Whitehall Street, 27th Floor, New York, New York 10004, aapton@zlk.com or Abe Alexander, 485 Lexington Avenue, New York, NY 10017, aalexander@gelaw.com.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

**DATED: ______________, 2026**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

**EXHIBIT A-4**

Hills et al. v. BioXcel Therapeutics, Inc., et al.
c/o INSERT
INSERT
INSERT

[Postage Prepaid]

***COURT-ORDERED LEGAL NOTICE***

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Hills et al. v. BioXcel Therapeutics, Inc., et al.*
Case No. 3:23-CV-915

Name
Address
City, State
Zip

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW.BIOXCELSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.***

There has been a proposed Settlement of claims against BioXcel Therapeutics, Inc. ("BioXcel,"), Vimal Mehta, Richard Steinhart, and Robert Risinger (collectively, "Defendants,"). The Settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about BioXcel between March 9, 2023 through June 28, 2023, both dates inclusive (the "Class Period") in violation of the federal securities laws. Defendants deny any wrongdoing and maintain that their conduct was at all times proper. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired BioXcel securities during the Class Period.

Defendants have agreed to pay a Settlement Amount of **$9,750,000**. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Proof of Claim, in exchange for the settlement of this case and the Released Claims by Settlement Class Members. **For all details of the Settlement, read the Stipulation and full Notice, available at www.BioXcelSecuritiesSettlement.com**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in BioXcel securities. If every eligible Settlement Class Member submits a valid Proof of Claim and Release form, the average recovery will be $1.52 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Proof of Claim and Release Form**. The Proof of Claim and Release form can be found on the website www.BioXcelSecuritiesSettlement.com or will be mailed or emailed to you upon request to the *Hills et al. v. BioXcel Therapeutics, Inc., et al.*, c/o _______________. **Proof of Claim and Release forms must be submitted online or postmarked by __________, 2026**. If you do not want to be legally bound by the Settlement, you must exclude yourself by **__________, 2026,** or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by **__________, 2026**. The detailed Notice explains how to submit a Proof of Claim and Release form, exclude yourself or object.

The Court will hold a hearing in this case on **__________, 2026** to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus actual expenses up to $225,000 for litigating the case and negotiating the Settlement, and awards to Plaintiffs and other plaintiff representatives be approved up to $30,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free _______________or visit the website www.BioXcelSecuritiesSettlement.com and read the detailed Notice.